IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IOVATE HEALTH SCIENCES U.S.A., INC., IOVATE HEALTH SCIENCES INTERNATIONAL, INC., IOVATE T & P, INC., FLAMMA SpA, and USE TECHNO CORPORATION,<br><br>             Plaintiffs,<br><br>      v.<br><br>WELLNX LIFE SCIENCES INC. (d/b/a NV INC.), NXCARE INC., NXLABS INC., SLIMQUICK LABORATORIES, BIOGENETIX, DEREK WOODGATE, and BRADLEY WOODGATE,<br><br>             Defendants. | C.A. No. 07-286-JJF |

**INDIVIDUAL DEFENDANTS' OPENING BRIEF IN SUPPORT OF
<u>INDIVIDUAL DEFENDANTS' MOTION TO DISMISS</u>**

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Mary B. Graham (#2256)<br>Rodger D. Smith II (#3778)<br>James W. Parrett, Jr. (#4292)<br>1201 N. Market Street |
| OF COUNSEL: | P.O. Box 1347<br>Wilmington, DE  19899 |
| Roger Colaizzi | (302) 658-9200 |
| Jeffrey A. Dunn | rsmith@mnat.com |
| Tamany Vinson Bentz | Attorneys for Defendants |
| VENABLE, LLP | |
| 575 7th Street, NW | |
| Washington, DC  20004-1601 | |
| (202) 344-4000 | |

July 16, 2007

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 2 |
| | A. ALLEGATIONS IN THE COMPLAINT | 2 |
| | B. FACTS RELATING TO PERSONAL JURISDICTION | 2 |
| III. | ARGUMENT | 3 |
| | A. This Court Lacks Specific Jurisdiction Over The Individual Defendants | 4 |
| |    1. The Claims Do Not Relate To Or Arise From The Individual Defendants' Contacts With Delaware | 5 |
| |    2. The Individual Defendants Have Not Purposefully Availed Themselves Of The Privilege Of Conducting Activities In Delaware | 6 |
| | B. This Court Lacks General Jurisdiction Over The Individual Defendants | 7 |
| | C. Amendment Of The Complaint Would Be Futile | 8 |
| CONCLUSION | | 9 |

ii.

## TABLE OF AUTHORITIES

<u>Case(s)</u>                                                                                                                          <u>Page(s)</u>

*Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.*,
    480 U.S. 102 (1987)..................................................................................................5

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985).............................................................................................. 4-7

*Calder v. Jones*,
    465 U.S. 783 (1984)...............................................................................................1, 7

*Dollar Sav. Bank v. First Sec. Bank of Utah, N.A.*,
    746 F.2d 208 (3d Cir. 1984)......................................................................................5

*eSpeed, Inc. v. Brokertec USA, L.L.C.*,
    C.A. No. 03-612-KAJ, 2004 WL 2346137 (D. Del. Sept. 13, 2004) ...........................8

*Gehling v. St. George's Sch. of Med.*,
    773 F.2d 539 (3d Cir. 1985).......................................................................................8

*Grumbkow v. Walt Disney Co.*,
    C.A. No. 06-489-JJF, 2007 WL 570196 (D. Del. Feb. 20, 2007)................................9

*Hanson v. Denckla*,
    357 U.S. 235 (1958).................................................................................................5

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984)..............................................................................................4, 7

*ICT Pharms., Inc. v. Boehringer Ingelheim Pharms., Inc.*,
    147 F. Supp. 2d 268 (D. Del. 2001)...........................................................................3

*Imo Indus., Inc. v. Kiekert AG*,
    155 F.3d 254 (3d Cir. 1998)................................................................................... 4-5

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945)..................................................................................................4

*Kransco Mfg., Inc. v. Markwitz*,
    656 F.2d 1376 (9th Cir. 1981) ...................................................................................7

*M & M Techs., Inc. v. Gurtler Chems., Inc.*,
    C.A. No. 03-994 GMS, 2005 WL 293509 (D. Del. Feb. 8, 2005)...............................5

*Merck & Co. v. Barr Labs., Inc.*,
    179 F. Supp. 2d 368 (D. Del. 2002)...........................................................................4

iii.

*Monsanto Co. v. Syngenta Seeds, Inc.*,
    443 F. Supp. 2d 636 (D. Del. 2006)..................................................................................4

*Physician Endorsed LLC v. Clark*,
    374 F. Supp. 2d 395 (D. Del. 2005)..................................................................................4

*Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*,
    675 F.2d 587 (3d Cir. 1982)..............................................................................................8

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*,
    735 F.2d 61 (3d Cir. 1984)............................................................................................ 5-6

*Vetrotex CertainTeed Corp. v. Consol. Fiber Glass Prods. Co.*,
    75 F.3d 147 (3d Cir. 1996).......................................................................................... 6-7

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980)..........................................................................................................5

Rule(s)

Rule 12(b)(2) of the Federal Rules of Civil Procedure.....................................................1, 6

Statute(s)

10 Del. C. § 3104© ................................................................................................................8

1.

Defendants DEREK WOODGATE and BRADLEY WOODGATE (together, the "Individual Defendants") respectfully submit this opening brief in support of their motion to dismiss the claims against them in the Complaint filed by plaintiffs Iovate Health Sciences U.S.A., Inc., Iovate Health Sciences International, Inc., Iovate T & P, Inc., Flamma SpA and Use Techno Corporation (collectively, "Plaintiffs") for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.[1]

## I.   INTRODUCTION

The two Individual Defendants are Canadian residents who have never been to Delaware and have no connection to the state. They have never worked or lived in Delaware. They do not own any assets in Delaware and are not required to pay taxes in Delaware. They do not work for Delaware corporations. Rather, they are officers of Defendant Wellnx, an Ontario, Canada corporation, which conducts all business from its corporate office in Canada.

Plaintiffs have no basis to sue the Individual Defendants in Delaware. Plaintiffs' claims in this action are based on the alleged infringement of three patents. The Complaint purports to base personal jurisdiction over the Individual Defendants entirely on conclusory – and incorrect – allegations that they made or sold nutritional supplements throughout the United States, and that Wellnx and NxCare Inc. maintain offices in Delaware. *See Calder v. Jones*, 465 U.S. 783, 790 (1984) (holding that court

---

[1]   Defendant Wellnx Life Sciences Inc. ("Wellnx") was formerly known as NxCare Inc. NxLabs, Slimquick Laboratories and Biogenetix are not separate legal entities from Wellnx, but rather registered trade names under which Wellnx does, or in the past has done, business. Defendants NxLabs Inc., Slimquick Laboratories and Biogenetix are hereinafter collectively referred to as the "d/b/a Defendants."

2.

cannot exercise personal jurisdiction over a foreign defendant solely on the basis of his employer's contacts with the forum state). The Complaint alleges no other contact by the Individual Defendants with Delaware.

The Individual Defendants have submitted declarations in support of this motion, which demonstrate that they have never personally manufactured, used, offered for sale, sold or imported nutritional supplements in Delaware, or had any other contact with the State. Accordingly, the claims against the Individual Defendants should be dismissed with prejudice.

## II.   STATEMENT OF FACTS

### A.   ALLEGATIONS IN THE COMPLAINT

The Complaint asserts causes of action against the Individual Defendants for infringement of three patents. D.I. 1, ¶¶ 33-43.

The Complaint does not allege any facts that would subject either of the Individual Defendants to personal jurisdiction in Delaware. For instance, the Complaint does not identify any alleged patent infringement by either Individual Defendant and the Complaint acknowledges that both Individual Defendants are residents of Canada. *Id.,* ¶¶ 12-13.

### B.   FACTS RELATING TO PERSONAL JURISDICTION

Neither of the Individual Defendants has ever had contact with Delaware. As alleged in the Complaint, each of the Individual Defendants is a resident of Canada. *See* Declaration of Derek Woodgate sworn July 16, 2007 ("D. Woodgate Decl.") ¶ 6; Declaration of Bradley Woodgate sworn July 16, 2007 ("B. Woodgate Decl.") ¶ 3. Neither of the Individual Defendants have ever: (1) resided in Delaware; (2) maintained any property or assets in Delaware; (3) had a Delaware telephone listing; or (3) been

3.

required to pay taxes in Delaware. D. Woodgate Decl. ¶ 6; B. Woodgate Decl. ¶ 3. Indeed, neither of the Individual Defendants has ever even been to Delaware. D. Woodgate Decl. ¶ 8; B. Woodgate Decl. ¶ 5.

The Individual Defendants are officers of Wellnx, a Canadian corporation. D. Woodgate Decl. ¶ 2; B. Woodgate Decl. ¶ 2. The Individual Defendants' involvement as officers of Wellnx does not require them to conduct business in Delaware. D. Woodgate Decl. ¶ 7; B. Woodgate Decl. ¶ 4. Wellnx's sole office is located in Mississauga, Ontario, where it maintains all its books and records.[2] D. Woodgate Decl. ¶ 3. Wellnx is not registered to do business in Delaware. *Id.* ¶ 4. Wellnx does not own real estate, pay taxes, or have a local telephone listing in Delaware. *Id.* ¶¶ 3-5.

### III. ARGUMENT

There is no factual or legal basis to find that the Individual Defendants have subjected themselves to jurisdiction in Delaware for claims based on Wellnx's alleged manufacture or sale of nutritional supplements.

Plaintiffs bear the burden of establishing a *prima facie* case of personal jurisdiction over each defendant. *See, e.g., ICT Pharms., Inc. v. Boehringer Ingelheim Pharms., Inc.*, 147 F. Supp. 2d 268, 270-71 (D. Del. 2001). To meet this burden, Plaintiffs must make one of two showings: (1) that the litigation results from alleged injuries arising from or relating to purposeful conduct by the defendant directed at residents of the forum, thereby giving rise to **specific jurisdiction**; or (2) that defendant had "continuous and systematic" contact with the forum state, giving rise to **general**

---

[2] The address alleged in Paragraphs 16 of the Complaint is merely for a mail forwarding service utilized by Wellnx.

4.

**jurisdiction**. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 416 (1984); *Merck & Co. v. Barr Labs., Inc.*, 179 F. Supp. 2d 368, 371 (D. Del. 2002). Conclusory allegations are insufficient to establish a *prima facie* case that personal jurisdiction exists. *See Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 636, 642 (D. Del. 2006) ("Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with reasonable particularity that sufficient minimum contacts have occurred between the defendant and the forum state to support jurisdiction."); *Physician Endorsed LLC v. Clark*, 374 F. Supp. 2d 395, 397 (D. Del. 2005) (same).

      A.    This Court Lacks Specific Jurisdiction Over The Individual Defendants

A nonresident defendant may be subject to specific jurisdiction if: (1) he has purposefully established minimum contacts with the forum state; *and* (2) the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985); *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945); *see also Imo Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259, 265 (3d Cir. 1998) ("[E]ven in intentional tort cases the jurisdictional inquiry 'focuses on the relations among the defendant, the forum, and the litigation.'") (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984)).

The Supreme Court has consistently held that the minimum contacts element of specific jurisdiction must be evaluated under certain discrete factors. First, the contacts must be related to plaintiff's cause of action or have given rise to it. *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Burger King*, 471 U.S. at 479. Second, the contacts must involve some act by which defendant purposefully avails himself of the privilege of conducting activities within the forum, thus invoking the benefits and

5.

protections of its laws. *See Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.*, 480 U.S. 102, 109 (1987); *Imo Indus.*, 155 F.3d at 259. Third, the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *M & M Techs., Inc. v. Gurtler Chems., Inc.*, C.A. No. 03-994 GMS, 2005 WL 293509 (D. Del. Feb. 8, 2005) (granting motion to dismiss for lack of personal jurisdiction where third-party defendant's contacts with Delaware were insufficient for it to foresee being haled before Delaware court).

      1.      The Claims Do Not Relate To Or Arise From The Individual Defendants' Contacts With Delaware

Plaintiffs cannot satisfy the first prong of the personal jurisdiction test, and on that basis alone, the claims against the Individual Defendants should be dismissed. *See Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984) (dismissing action for lack of personal jurisdiction).

Plaintiffs must assert specific personal jurisdiction, founded on defendants' alleged contacts with the forum state which are related to the cause of action. *See, e.g., Dollar Sav. Bank v. First Sec. Bank of Utah, N.A.*, 746 F.2d 208, 211 (3d Cir. 1984) (collecting cases). Plaintiffs have not alleged any facts that would show that their purported injuries arose out of or relate in any way to the personal activities of the Individual Defendants. Neither of the Individual Defendants personally manufactured, offered for sale, or sold nutritional supplements in Delaware. D. Woodgate Decl. ¶ 8; B. Woodgate Decl. ¶ 5. In fact, neither of the Individual Defendants has ever been to the State of Delaware. D. Woodgate Decl. ¶ 8; B. Woodgate Decl. ¶ 5.

6.

  2.  The Individual Defendants Have Not Purposefully Availed Themselves Of The Privilege Of Conducting Activities In Delaware

  An independent basis to dismiss the claims against the Individual Defendants is that they did not purposefully avail themselves of the privilege of conducting activities within Delaware. *See Vetrotex CertainTeed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 152 (3d Cir. 1996). The purposeful availment element "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Burger King*, 471 U.S. at 475 (quotations and citations omitted).

  Here, the Individual Defendants have never had purposeful contact with Delaware (they have not even had "random, fortuitous, or attenuated contacts" with Delaware). *See id.* The Complaint does not allege facts that would indicate that the Individual Defendants had any contacts with Delaware relating to Plaintiffs' claims, and instead relies solely on conclusory allegations, which have no weight on the issue of personal jurisdiction. *See Time Share Vacation Club*, 735 F.2d at 65, 66 n.9 ("[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction."). *See also* D.I. 1, ¶¶ 11, 25, 33-43. As demonstrated in the Individual Defendants' declarations, these conclusory allegations are factually insupportable, as the Individual Defendants have had *no* contacts with Delaware.

  Not only are the Complaint's allegations that the Individual Defendants manufactured or sold nutritional supplements in Delaware demonstrably untrue, they are also legally insufficient to establish personal jurisdiction over employees of Wellnx. It is

7.

well-settled that an officer or employee may not be subjected to jurisdiction in a forum based solely on actions taken for the benefit of the employer. *See, e.g., Kransco Mfg., Inc. v. Markwitz*, 656 F.2d 1376, 1379 (9th Cir. 1981) ("A corporate officer who has contact with a forum only with regard to the performance of his official duties is not subject to personal jurisdiction in that forum."); *see also Calder v. Jones*, 465 U.S. 783, 790 (1984) ("Each defendant's contacts with the forum State must be assessed individually.") (citing *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)). Indeed, the Individual Defendants can have no reasonable expectation of being haled into court in the District of Delaware in view of the fact that they have had *no* contact with the District. *See Burger King*, 471 U.S. at 474-75.

      B.    This Court Lacks General Jurisdiction Over The Individual Defendants

The Complaint does not even attempt to allege that general jurisdiction exists over the Individual Defendants in Delaware, and the accompanying declarations from the Individual Defendants demonstrate that there is no basis to assert general jurisdiction.

"To establish general jurisdiction, the plaintiff must show that the defendant has maintained 'continuous and systematic' contacts with the forum." *Vetrotex*, 75 F.3d at 151 n.3 (quoting *Helicopteros Nacionales*, 466 U.S. at 414 n.9, 416 (exercise of general jurisdiction requires "continuous and systematic general business contacts")); *see also eSpeed, Inc. v. Brokertec USA, L.L.C.*, C.A. No. 03-612-KAJ, 2004 WL 2346137 (D. Del. Sept. 13, 2004) (granting motion to dismiss for lack of personal jurisdiction where plaintiffs failed to demonstrate with reasonable particularity that defendant had sufficient contacts with Delaware). General jurisdiction requires a very

8.

high threshold of business activity. *See Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982) (facts required to assert general jurisdiction must be "extensive and persuasive"). Thus, the Third Circuit has made clear that limited and sporadic connections with the forum are not the sort of general systematic business contacts required to sustain the assertion of general personal jurisdiction. *See, e.g., Gehling v. St. George's Sch. of Med.*, 773 F.2d 539, 543 (3d Cir. 1985) (dismissing certain claims for lack of personal jurisdiction).

Here, the Individual Defendants had nothing close to the "continuous and systematic" contacts required to justify the exercise of general jurisdiction over them in the State of Delaware, and the Complaint does not allege otherwise. Each of the Individual Defendants is a resident of Canada with no personal or individual connections to Delaware. D.I. 1, ¶¶ 12-13. Neither of the Individual Defendants has ever maintained any property, local telephone listing or bank account in Delaware, or paid taxes in Delaware. D. Woodgate Decl. ¶ 6; B. Woodgate Decl. ¶ 3.[3]

C. Amendment Of The Complaint Would Be Futile

The accompanying declarations demonstrate that amendment of the Complaint would be futile, as no facts could be alleged to give rise to personal jurisdiction over the Individual Defendants. Accordingly, the claims against the Individual Defendants should be dismissed without leave to amend. *See Grumbkow v. Walt Disney Co.*, C.A. No. 06-489-JJF, 2007 WL 570196, at *4 (D. Del. Feb. 20, 2007)

---

[3] For the same reasons they do not meet the constitutional requirements discussed above, the allegations contained in the Complaint also fail to satisfy the statutory bases for jurisdiction under Delaware's long-arm statute. 10 Del. C. § 3104(c).

Case 1:07-cv-00286-JJF   Document 14   Filed 07/16/2007   Page 13 of 14

9.

("Inasmuch as the Court has no personal jurisdiction over Defendants … amendment will not be allowed.").

## CONCLUSION

Because the exercise of personal jurisdiction over the Individual Defendants would violate due process, the claims against the Individual Defendants should be dismissed with prejudice for lack of personal jurisdiction.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II (#3778)*
Mary B. Graham (#2256)
Rodger D. Smith II (#3778)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com
  Attorneys for Defendants

OF COUNSEL:

Roger Colaizzi
Jeffrey A. Dunn
Tamany Vinson Bentz
VENABLE, LLP
575 7th Street, NW
Washington, DC  20004-1601
(202) 344-4000

July 16, 2007
969866

CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2007, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to the following:

>Karen E. Keller, Esquire
>YOUNG CONAWAY STARGATT & TAYLOR LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on July 16, 2007, upon the following individuals in the manner indicated:

**BY EMAIL AND HAND DELIVERY**

Josy W. Ingersoll, Esquire
Karen E. Keller, Esquire
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
100 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

**jingersoll@ycst.com**
**kkeller@ycst.com**

**BY EMAIL**

Richard L. DeLucia, Esquire
KENYON & KENYON LLP
**rdelucia@kenyon.com**

Howard J. Shire, Esquire
KENYON & KENYON LLP
**hshire@kenyon.com**

Jerry Canada, Esquire
KENYON & KENYON LLP
**jcanada@kenyon.com**

>*/s/ Rodger D. Smith II (#3778)*
>Rodger D. Smith II (#3778)