IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IOVATE HEALTH SCIENCES U.S.A., INC.,<br>IOVATE HEALTH SCIENCES INTERNATIONAL, INC.,<br>IOVATE T & P, INC.,<br>FLAMMA SpA,<br>and USE TECHNO CORPORATION,<br><br>                     Plaintiffs,<br><br>           v.<br><br>WELLNX LIFE SCIENCES INC (d/b/a NV Inc.),<br>NXCARE INC.,<br>NXLABS INC.,<br>SLIMQUICK LABORATORIES,<br>BIOGENETIX,<br>DEREK WOODGATE, and<br>BRADLEY WOODGATE,<br><br>                     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 07-286-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION FOR ENLARGEMENT OF BRIEFING
SCHEDULE IN ORDER TO PERMIT JURISDICTIONAL DISCOVERY NECESSARY
TO RESPOND TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs Iovate Health Sciences U.S.A., Inc. ("Iovate U.S.A."), Iovate Health Sciences International, Inc. ("Iovate International"), Iovate T & P, Inc. ("Iovate T & P") (collectively "Iovate"), Flamma SpA ("Flamma") and Use Techno Corporation ("UTC") (collectively "Plaintiffs"), hereby seek an order from the Court that would allow Plaintiffs to take limited discovery concerning Defendants Derek Woodgate and Bradley Woodgate's (collectively "Defendants") Motion to Dismiss (D.I. 13) pursuant to Rule 12(b)(2). As set forth herein, limited discovery is proper because the allegations set forth below establish that there is a reasonable basis to believe that Defendants are subject to personal jurisdiction in Delaware.

## I.    INTRODUCTION

Courts in Delaware routinely grant jurisdictional discovery to a plaintiff responding to a motion to dismiss for lack of personal jurisdiction. See *McNeil Nutritionals, LLC v. The Sugar Association, et al.*, C.A. No. 05-69-GMS, 2005 U.S. Dist. LEXIS 7628 (D. Del. Apr. 29, 2005) (allowing jurisdictional discovery); *State of Delaware v. Preferred Florist Network, Inc.*, 791 A.2d 8, 13-14 (Del. Ch. 2001) (same); *Plummer & Co. Realtors v. Crisafi*, 533 A.2d 1242 (Del. Super. 1987) (parties engaging in pre-trial discovery concerning jurisdiction). "A court may look beyond the bare pleadings to affidavits and other discovery of record when deciding a motion to dismiss for lack of personal jurisdiction." *Amaysing Technologies Corp. v. Cyberair Communications, Inc.*, C.A. No. 19890-NC, 2005 WL 578972, at *3 (Del. Ch. Mar. 3, 2005) (*citing Chandler v. Ciccoricco*, C.A. No. 19842-NC, 2003 WL 21040185, at *8 (Del. Ch. May 5, 2003)). In fact, because the "'plaintiff bears the burden of demonstrating facts that support jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.''" *McNeil Nutritionals*, 2005 U.S. Dist. LEXIS, at *4 (internal citations omitted).

In Delaware, the fiduciary shield is <u>not</u> an absolute bar to finding corporate officers subject to personal jurisdiction. See *Reach & Associates, P.C. v. Dencer et al.*, 269 F. Supp. 2d 497, 503 (D. Del. 2003) (*citing Mobil Oil Corporation v. Advanced Environmental Recycling Technologies, Inc.*, 833 F. Supp. 437, 443 (D. Del. 1993)) (emphasis added). Indeed, "a corporate officer is individually liable for torts he personally commits and cannot shield himself behind a corporation when he is an actual participation in the tort." *Donsco, Inc. v. Casper Corp.*, 587 F.2d 602, 606 (3d Cir. 1978); *Mobil Oil Corporation*, 833 F. Supp. at 442 (stating that federal due process does not "preclude Delaware from exercising personal jurisdiction over

nonresident defendants that allegedly cause tortious injury in Delaware by an act in Delaware merely because the defendant was acting in a corporate capacity"); *Preferred Florist Network, Inc.*, 791 A.2d at 14 (finding personal jurisdiction of the president of defendant company when he was "deeply involved" in all aspects of its operations).

In this case, jurisdiction is proper under Section 3104(c) of Delaware's long arm statute which provides in part that:

> As to a cause of action brought by any person arising from any of the acts enumerated in the section, a court may exercise personal jurisdiction over any nonresident, or his personal representative, *who in person or though an agent*: (1) Transacts any business or perform any character of work or service in the State; (2) Contracts to supply services or things in this state; (3) Causes tortious injury in the State by an act or omission in this State; (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the state...

10 *Del. C.* § 3104(c) (emphasis added).[1]

As set forth herein, Plaintiffs' request for jurisdictional discovery is supported by the facts and law because the Defendants, by or through their agents, have transacted business in Delaware by selling infringing products within the state, causing tortious injury in the state and/or receiving substantial revenue from selling infringing products within the state.

## II.     FACTS ESTABLISHING PERSONAL JURISDICTION IN DELAWARE

Defendants are co-founders and co-CEOs of a privately held Canadian corporation, Wellnx Corporation ("Wellnx"), that is also a defendant in the current action.    Exh. A.

---

[1]   In a patent case, injury is deemed to occur where the infringing product is made, used or sold. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1571 (Fed. Cir. 1994).

Defendants are also officers and directors of Wellnx. Exh. A. Defendant Derek Woodgate is a former employee of plaintiff Iovate Health Sciences. During his employment at Iovate, he worked on the purchase of the '900 patent, one of the patents-in-suit. Currently, Defendant Derek Woodgate is responsible for product development at Wellnx. Exh. A. He also states that he is "familiar with many aspects of Wellnx's business, including sales, financial activities, distribution, employment, third-party contracts, and management." (*See* Declaration of Derek Woodgate in Support of Individual Defendants' Motion to Dismiss (D.I. 16) at ¶ 2.)

Defendant Bradley Woodgate, Derek's brother, is also co-CEO of Wellnx and is primarily responsible for the sales of Wellnx's products. Exh. A. As founders, officers and directors of Wellnx, it is reasonable to assume that the Defendants are entitled to share in the profits from the activities of Wellnx, including the sale of the infringing products, and have control over the day-to-day activities of Wellnx.

Although Defendants state that Wellnx is not registered to conduct business in Delaware (Def. Op. Br. (D.I. 14) at 7), the facts suggest that they do indeed conduct business in Delaware. Defendants admit that Wellnx maintains a "mail forwarding service" which shows an address located at 1201 N. Orange Street, Suite 741, Wilmington, DE 19801. (Def. Op. Br. (D.I. 14) at 7 n. 2.) Further, on the product label of infringing product, Slimquick Night, the label states: "*Manufactured in the United States from Foreign and domestic ingredients. Distributed by Slimquick Laboratories, 1201 N. Orange Street, Suite 741, Wilmington, Delaware 19801*". Exh. B (emphasis added). Another of the infringing products, VASO, states on the product label that it is "*Distributed by: NxCare, 874 Walker Rd, Dover, DE 19904*". Exh. B (emphasis added). In fact, the *Muscle Expansion Pack, Pump System, Aminovol,* and *Creatine-Dt2* products, all of which are accused of infringement in this action, each list that they are distributed from

Delaware. Exh. B. Also, each of these products is currently being offered for sale at stores within the state of Delaware. Exh. C (Declaration of Karen E. Keller).

Wellnx has conducted business under the trade names Slimquick and NxCare, which are also listed on the product labels of the infringing products. (Answer, Affirmative Defenses and Counterclaims of Wellnx (D.I. 17) at 1 n.1.); Exh. B and C. Therefore, despite Defendants' assertions to the contrary, these facts establish that the Defendants do conduct business within the state of Delaware.

## III.    ARGUMENT

Based upon the above-referenced facts, Plaintiffs have set forth a legitimate basis that warrants further discovery in response to Defendants' motion to dismiss. Clearly, as co-founders, co-CEOs and directors of Wellnx, it is reasonable to assert that Defendants, in their capacities as officers and directors of Wellnx, either themselves or through their employees/agents directed the infringing products to be sold in Delaware and "distributed" throughout the United States from Delaware. It is undisputed that the product labels of the infringing products state that the products are distributed from Delaware. Exh. B. Defendants also admit that Wellnx maintains a forwarding address in Wilmington, Delaware, which is the same address located on some of the infringing products. *Compare* Exh. B *with* Def. Op. Br. (D.I. 14) at 7 n. 2. These facts alone provide a sufficient basis to allow for jurisdictional discovery. *See McNeil Nutritionals*, 2005 U.S. Dist. LEXIS at **8-9 (allowing jurisdictional discovery when the only evidence supporting jurisdiction was a reference on defendant's website that related to the claims at issue in the case).

Further, it can be inferred that Defendant Derek Woodgate, the former Iovate employee, knowingly authorized the sale of an infringing product with full awareness of the '900 patent, one of the patents-in-suit.

Finally, the Defendants, through their company Wellnx, filed a declaratory judgment action against Plaintiffs. (*See* Answer, Affirmative Defenses and Counterclaims of Wellnx (D.I. 17).) This filing, likely made at the direction of the Defendants is another reason that warrants jurisdictional discovery. *See Mobile Oil*, 833 F. Supp. at 444 (finding personal jurisdiction over corporate executive, in part, based upon his authorization to file a declaratory judgment action in Delaware). Clearly, as co-CEOs of Wellnx, Defendants intend to pursue their declaratory judgment action in this Court.

Defendants argue that they are not subject to personal jurisdiction in Delaware because they have never personally been to Delaware. However, the inquiry does not end there. The U.S. Supreme Court has held that due process permits the exercise of personal jurisdiction over a defendant who purposefully directs his activities at residents of a forum, even if there was an absence of physical contacts with the forum. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

As set forth above, the facts and law clearly demonstrate that Plaintiffs should be entitled to conduct limited discovery in order to more fully respond to the allegations set forth in Defendants' motion to dismiss and the declarations filed by the Defendants with this Court.

## IV.    CONCLUSION

As set forth herein, Plaintiffs hereby request that the Court grant an enlargement of the briefing schedule and permission to seek discovery relating to the jurisdictional issues concerning Defendants' Motion to Dismiss (D.I. 13).

Dated:  July 30, 2007

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Josy W. Ingersoll (#1088)
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
(302) 571-6554
kkeller@ycst.com

*Attorneys for Plaintiffs*

Of Counsel:

Richard L. DeLucia
Howard J. Shire
Jerry Canada
KENYON & KENYON LLP
One Broadway
New York, NY  10004
(212) 425-7200

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esq., hereby certify that on July 30, 2007, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Mary B. Graham, Esq. *[mgraham@mnat.com]*
> Rodger D. Smith, II, Esq. *[rsmith@mnat.com]*
> James W. Parrett, Jr., Esq. *[jparrett@mnat.com]*
> MORRIS NICHOLS ARSHT & TUNNELL LLP
> 1201 N. Market Street
> Wilmington, DE 19899

Additionally, I hereby certify that the foregoing document was served by hand-delivery and e-mail upon the above-listed counsel and on the following counsel as indicated.

### BY E-MAIL

> Roger Colaizzi, Esq. *[racolaizzi@venable.com]*
> Jeffrey A. Dunn, Esq. *[jadunn@venable.com]*
> Tamany Vinson Bentz, Esq. *[tjbentz@venable.com]*
> VENABLE, LLP
> 575 7th Street, NW
> Washington, DC 2004-1601

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> _____
> Josy W. Ingersoll (No. 1088)
> Karen E. Keller (No. 4489)
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE  19899-0391
> (302)-571-6600
> *kkeller@ycst.com*
> Attorneys for Plaintiffs

# EXHIBIT A

**News**Room

2/12/07 MMRTJ 44                                                                                    Page 1


2/12/07 MMR (Tr. J.) 44
2007 WLNR 3499647

                              MMR
     Copyright © 2003 The Gale Group. All rights reserved.Copyright 2007 Racher Press
                              Inc.

                        **February 12, 2007**

                        Volume 24; Issue 3


                 **Wellnx  Life Sciences Inc**.
                 2007 H&BA VENDOR OUTLOOK

MISSISSAUGA, Ontario -- **Wellnx** Life Sciences Inc. was founded in 2000 and has
posted dynamic growth ever since, with sales rising from about $18 million in 2004
to well over $100 million today.

Company officials say that success has been the result of developing every product
on the basis of two guiding principles: innovation and science. Founded by two
brothers, Brad and Derek  **Woodgate** , the company is dedicated to using research to
find new solutions to such health challenges as the need to lose weight or to
maximize athletic performance.

The goal at **Wellnx** is to go beyond sports nutrition and weight loss to develop
products that are focused on the whole individual and that  help bring out one's
full potential. The **Woodgate** brothers cite several factors that have contributed to
their company's rapid growth. Among them:

* Innovative product concepts that go beyond just diet supplements to address
overall health concerns.

* Scientifically proven, leading-edge formulations.

* Solid industry knowledge, and senior management with collective major industry
experience and knowledge.

* Competitive pricing.

* Strong retail support programs.

* Creative consumer-pull programs to support individual brands.

The cofounders (also co-chief executive officers) serve different roles at the
company. Brad **Woodgate** is focused mainly on sales, while Derek **Woodgate**
concentrates on product development. Both are passionate about sports, and they are
motivated in part by the desire to create the kind of products  they would want to
use themselves. They say they are dedicated to producing the highest-quality and
most effective sports nutrition and weight-management products on the market.

Today **Wellnx** is an international organization with more than 100 employees.


© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Rounding out the management team is Frank Galati, who came to the company after spending 20 years with such major corporations as Maple Leaf Foods and Cott Corp., and then serving in a more entrepreneurial environment by becoming chief operating officer at Destination Products. Now Galati is applying his extensive experience to the young, dynamic **Wellnx**. His priorities include strengthening the entrepreneurial spirit that is the company's growth engine, while ensuring that **Wellnx** has the infrastructure needed to support its continued rapid growth.

Last year the company's products were sold in more than 30,000 retail locations, an increase of over 300% over the preceding year. The company expects this growth trend to continue well into the future as a result of its unrelenting focus on scientific innovation, strong retail partnerships and  expansion into new markets.

**Wellnx** now has more than 25 brands, including NV (weight loss, wellness and beauty) and Slimquick (weight loss). NV, one of the company's newest and most successful products, is being supported with a print and television advertising campaign that features Carmen Electra.

**Wellnx** Life Sciences Inc.

2425 Matheson Blvd. East, Mississauga, Ontario L4W 5K4

Phone: (905) 366-8690 Fax: (905) 366-8695

Key contact: Eric Nussbaum, director of sales

---- INDEX REFERENCES ----

COMPANY: COTT CORP

NEWS SUBJECT:  (Corporate Financial Data (1XO59))

INDUSTRY:  (Science & Engineering (1SC33); Science (1SC89))

REGION:  (Europe (1EU83); Americas (1AM92); Eastern Europe (1EA48); North America (1NO39); Romania (1RO92); Canada (1CA33))

Language:  EN

OTHER INDEXING:  (COTT CORP; MATHESON BLVD; MISSISSAUGA; ONTARIO; SCIENTIFICALLY; **WELLNX**; **WELLNX** LIFE SCIENCES INC)  (Brad Woodgate; Carmen Electra; Competitive; Derek Woodgate; East; Eric Nussbaum; Frank Galati; Galati; Innovative; Key; Leaf Foods; Rounding; Solid; VENDOR OUTLOOK)  (All company; All market information; Company forecasts; Corporate strategy)  (North America (NOAX); United States (USA))

PRODUCT: Vitamin and mineral preparations; Nutritional supplements283482; 283483

Word Count: 614
2/12/07 MMRTJ 44
END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B

# SLIMQUICK™

## THE NIGHTTIME FEMALE FAT BURNER™

### ☽ NIGHT

RAPID FAT LOSS*



## SLIMQUICK™
### LABORATORIES

with Hoodia
Dietary Supplement

56 Caplets

DIRECTIONS: Please refer to the dosing chart below. Take 2 SLIMQUICK Night™ caplets before dinner, on an empty stomach with 8 oz. of water. Read the entire label before use and follow directions. USE CONTINUOUSLY FOR A MINIMUM OF ONE MONTH. Use in combination with the SLIMQUICK Night™ Diet & Exercise Program.

**SLIMQUICK Night™**

| Dosing Schedule: | Serving: |
|---|---|
| Week 1 Through Week 4 | 2 Caplets Before Dinner |

For maximum results use in conjunction with the original SLIMQUICK™ formula:

| | Original SLIMQUICK™ | SLIMQUICK Night™ | |
|---|---|---|---|
| Dosing Schedule: | First Serving: | Second Serving: | Third Serving: |
| Week 1 | 1 Capsule | 1 Capsule | 2 Caplets |
| Week 2 | 2 Capsules | 2 Capsules | 2 Caplets |
| Week 3 | 2 Capsules | 2 Capsules | 2 Caplets |
| Week 4 | 2 Capsules | 2 Capsules | 2 Caplets |

WARNING: KEEP OUT OF THE REACH OF CHILDREN. Do not use if pregnant or nursing. Not intended for use in persons under 18. Consult a physician before use if you have any medical conditions, or if you are taking any prescription or over-the-counter medications, and before starting any diet or exercise program. Use only as directed. Do not exceed recommended serving. As improper use, dose or consumption results. Do not use if the inner safety seal has been broken.

NOTICE: This product should be taken with at least a full glass (8 oz.) of water. Consuming this product without enough liquid may cause choking. Do not use this product if you have difficulty in swallowing. If you experience chest pain, vomiting, or difficulty in swallowing or breathing after taking this product, seek immediate medical attention.

## Supplement Facts

Serving Size: 2 caplets
Servings Per Container: 28

| Amount Per Serving | % Daily Value |
|---|---|
| Pure South African Hoodia gordonii (aerial stem) 200 mg | † |
| NUTRATHERM-PM™ (Nighttime Thermogenic Complex) 1025 mg | |
| Caffeine-Free Green Tea Extract (leaf) | |
| Standardized for 98% total polyphenols (588 mg) | |
| 75% total catechins (450 mg) | |
| 45% Epigallocatechin Gallate (EGCG) (270 mg) | |
| Glucomannan | † |
| Banaba Extract (Lagerstroemia speciosa) (leaf) | † |
| Standardized for 5% Corosolic Acid | |
| Oolong Tea (leaf) | † |
| White Tea (leaf) | † |

† Daily Value not established.

*These statements have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure or prevent any disease.

 With END-PM™ Time-Release Technology

When used in conjunction with the SLIMQUICK Night™ Diet & Exercise Program.

Manufactured only in the United States from select and domestic ingredients.

Distributed by:
Slimquick Laboratories
2961 N. Orange Street, Suite 451
Wilmington, Delaware 19801

1-877-251-SLIM (6546)
slimquicklabs.com

USD0806

8 11568 00035 3

SQ-0U09-A



## Supplement Facts

Serving Size: 4 Capsules/6 Capsules
Servings Per Container: 60/40

| Amount Per Serving | 4 Capsules %DV | 6 Capsules %DV |
|---|---|---|
| Tri-Pump™ (NO Stimulating Complex) 3000 mg | | 4500 mg |
| Tricaprilyn alpha-ketoglutarate | † | † |
| Tri-creatine malate | † | † |
| Tri-creatine malate | † | † |
| Citrulline-malate | † | † |
| Nitrass™ (NOS Upregulating Complex) 300 mg | | 450 mg |
| Ashwagandha (root) | † | † |
| Licorice (Glycyrrhiza glabra) (root) | † | † |
| Explode™ (Arginase Inhibiting Complex) 100 mg | | 150 mg |
| L-Valine | † | † |
| L-Norvaline | † | † |
| Ornithine alpha-ketoglutarate | † | † |

† Daily Value (DV) not established.

OTHER INGREDIENTS: CALCIUM PHOSPHATE, CELLULOSE ETHERS, GELATIN AND MAGNESIUM STEARATE.

With **XZEND™** Time-Release Technology!

**NxLABS**
THE FUTURE OF BODYBUILDING

Manufactured in Canada from foreign and domestic ingredients.
Distributed by:
NxLabs, 1201 N. Orange Street, Suite 741
Wilmington, Delaware 19801
NxLabs.com 1-866-692-2731

---

NEW

VASO

BODYBUILDING STRENGTH

NITRIC OXIDE

MASSIVE PUMPS & STRENGTH GAINS

---

## VASO - FEEL THE PUMP!™

The world's first and only 4th generation nitric oxide (NO) stimulator. VASO™ has one objective – pushing your NO levels higher than ever before. Fast! By adding this awesome vasodilator to your hardcore training and diet, you'll take muscle pumps to the next level. VASO unleashes the fury of Tri-Pump™, Nitrass™ and Explode™ – three exclusive and highly potent complexes that help max out NO production, recovery and strength*. With VASO's advanced time-release technology, you'll elevate NO production all day long for insane and prolonged pumps! And you never have to work hard to get VASO down because it comes in easy-to-swallow capsules. Stacks well with AMINOVOL™.

DIRECTIONS FOR HARDCORE RESULTS: Take 4 capsules twice daily – once in the morning on an empty stomach and again 30 minutes before lunch or your workout. Individuals over 200 lbs can take up to 6 capsules twice daily. Consume at least 8 cups of water daily while using VASO.

| Dosing Schedule: | Under 200 lbs | 200 lbs and over: |
|---|---|---|
| Morning | 4 Capsules | 6 Capsules |
| Lunch/Pre-Workout | 4 Capsules | 6 Capsules |

WARNING: KEEP OUT OF REACH OF CHILDREN. Do not use if pregnant or nursing. Not intended for use by persons under 18. Do not use if you have had a myocardial infarction (heart attack). Consult a physician if you have been treated for or diagnosed with, or have a family history of any medical condition including, but not limited to, heart disease, thyroid disease or any medication or are taking a monoamine (MAO) inhibitor. Use only as directed. Do not exceed recommended serving as improper use of this product does not enhance results. Do not use if inner safety seal has been broken. Store in a cool dry place.

* These statements have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure, or prevent any disease.

CDN0806

8 111568 00174 9

LOT75550 EXP08/09

VAS-U02-C



THE WORLD'S FIRST PROTEIN SYNTHESIS STIMULATOR™

AMINOVOL's™ revolutionary formula contains 10 complexes designed to increase protein synthesis, nitric oxide, lean muscle mass and strength when combined with intense training and proper nutrition. AMINOVOL's time-release formula delivers a sustained release of key amino acids to keep your muscles anabolic and anti-catabolic all day long! It is the most powerful amino acid supplement on the market.

**DIRECTIONS FOR HARDCORE RESULTS:**
Take 6 caplets twice daily - once in the morning on an empty stomach and again 30 minutes before bedtime. Consume at least 8 cups of water daily while using AMINOVOL. For best results, stack AMINOVOL and NITRO T3™.

**WARNING:** KEEP OUT OF REACH OF CHILDREN. Do not use if pregnant or nursing. Not intended for use by persons under 18. Do not use if you have had a myocardial infarction (heart attack).Consult a physician before using this product if you have been treated or diagnosed with, or have a family history of any medical condition. If you are taking any prescription drug or over-the-counter medication. Do not use if inner safety seal has been broken. Store in a cool dry place.

USN90806

*These statements have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure or prevent any disease.

AMN-U02-B

8 11568 00310 1

ANABOLIC / ANTI-CATABOLIC FORMULA*

PROTEIN SYNTHESIS
STIMULATOR

RAPID SIZE & STRENGTH!*
INCREDIBLE MUSCLE PUMPS*
PREVENT MUSCLE BREAKDOWN*

NXLABS
THE FUTURE OF BODYBUILDING™

240 CAPLETS
DIETARY SUPPLEMENT

## Supplement Facts
Serving Size: 6 Caplets
Servings Per Container: 40

| Amount Per Serving | | % Daily Value |
|---|---|---|
| **BCAA-VOL™ (BCAA Complex)** | 2000 mg | † |
| L-Leucine, L-Isoleucine, L-valine | | |
| **EAA-VOL™ (Essential Amino Acid Complex)** | 1000 mg | † |
| L-Lysine, L-threonine, L-methionine, L-phenylalanine | | |
| **NEAA-VOL™ (Non-Essential Amino Acid Complex)** | 1000 mg | † |
| L-Alanine, L-glycine, L-arginine, L-aspartic acid, L-cysteine, L-glutamic acid, L-histidine, L-proline, L-serine, L-tyrosine | | |
| **NOS-VOL™ (NO Stimulating Complex)** | 1000 mg | † |
| Arginine alpha-ketoglutarate, tri-arginine malate, citrulline-malate, arginine ketoisocaproate, arginine pyroglutamate | | |
| **AG-VOL™ (Anti-Catabolic Complex)** | 1000 mg | † |
| N-Acetyl-glutamine, tri-glutamine malate | | |
| **AP-VOL™ (Anabolic Peptide Complex)** | 100 mg | † |
| Beta-alanine, L-alanyl-L-glutamine, L-glycyl-L-glutamine, ornithine alpha-ketoglutarate, calcium alpha-ketoglutarate | | |
| **PS-VOL™ (Protein Synthesis Complex)** | 50 mg | † |
| Tri-arginine orotate, tri-glutamine orotate, orotic acid | | |
| **IP-VOL™ (Insulin Potentiating Complex)** | 50 mg | † |
| Micronized taurine, 4-hydroxyisoleucine (fenugreek (seed)), cnidium | | |
| **CC-VOL™ (Cortisol Control Complex)** | 50 mg | † |
| Ashwagandha (root), phosphatidylserine, beta-sitosterol, theanine | | |

† Daily Value not established.

OTHER INGREDIENTS: CELLULOSE ETHERS, CALCIUM PHOSPHATE, ABSORBIMAX™ (UPPER MEDIUM, SILICA, MAGNESIUM STEARATE AND STEARIC ACID with X-TREME™ TIME-RELEASE TECHNOLOGY

Manufactured in Canada from domestic and imported ingredients.
Distributed by:
NX Labs, 1111 N. Orange Street, Suite 741
Wilmington, Delaware 19801
NxLabs.com  1-866-600-2731

NXLABS™
THE FUTURE OF BODYBUILDING™







Manufactured in the United States
from foreign and domestic ingredients.
Distributed by:
NxLabs. 1201 N. Orange Street, Suite 741
Wilmington, Delaware  19801
NxLabs.com   1-877-NXLABS1

# NXLABS™

## THE FUTURE OF BODYBUILDING™

US1106

PS-U01-A

8  11568 00039  1



# BIOGENETIX™

PHYSIQUE-ENHANCING SOLUTIONS THROUGH SCIENCE™

D²T — DECA-DELIVERY TECHNOLOGY™

168 CAPLETS
DIETARY SUPPLEMENT

SUPERIOR SCIENCE FOR ENHANCED TIME RELEASE & BIOAVAILABILITY*

CREATINE-D²T™
AMERICA'S STRONGEST CREATINE™*

# CREATINE-D²T™

ONLY CREATINE-D²T™, AMERICA'S STRONGEST CREATINE™, UTILIZES A TRIPLE-RELEASE TECHNOLOGY CONSISTING OF AN IMMEDIATE, INTERMEDIATE AND SUSTAINED RELEASE COMPONENT TO FACILITATE RAPID MUSCLE GROWTH. THIS PROCESS IS ACHIEVED BY BONDING A DECANATE ESTER TO CREATINE. WITH CREATINE-D²T™, YOU'LL BUILD MORE MUSCLE AND GAIN MORE STRENGTH IN LESS TIME.*

## WWW.BIO-SUPPLEMENTS.COM

*These statements have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure, or prevent any disease.

MANUFACTURED IN THE UNITED STATES
FROM FOREIGN AND DOMESTIC INGREDIENTS
DISTRIBUTED BY BIOGENETIX
1201 N. ORANGE STREET
SUITE 7A1
WILMINGTON, DELAWARE 19801
1-877-246-4689

**WARNING:** Keep out of reach of children. Do not use if pregnant or nursing. Not intended for use by persons under 18. Consult a physician if you have been treated for or diagnosed with, or have a family history of any medical condition. Use only as directed. Do not exceed recommended serving as improper use of this product does not enhance results. Do not use if safety seal on this package has been broken. Store in a cool, dry place.

**Other Ingredients:** Dicalcium phosphate, sorbitol, xanthan gum, polyvinyl propylene, stearic acid, magnesium stearate, hypromellose, polydextrose, titanium dioxide, talc, maltodextrin, medium chain triglycerides, sodium alginate, purified water, ethylcellulose, ammonium hydroxide, oleic acid, linoleic acid, triacetin, FD & C Blue No. 2.

## Supplement Facts

Serving Size 6 Caplets
Servings Per Container: 28

| | Amount Per Serving | % Daily Value |
|---|---|---|
| Deca-Creatine™ (Advanced Creatine Delivery Complex): 4000 mg † Creatine Ethyl Ester, Creatine AKG, Creatine Decanoate | | |
| Insulin Signaling Complex: Cinnamonium cassia bark extract (4:1), Grape seed extract (as Vitis Vinifera) (4:1), Prickly pear (as Opuntia streptacantha) | 475 mg † | |

†Daily Value not established.

**DIRECTIONS:** Take 6 caplets once daily, immediately post-workout. Read the entire label before use and follow directions. Drink at least 2 liters of water daily while using CREATINE-D²T™. Stacks well with BIOBURN™ D²T™ and NO-D²T™.



8 11568 00017 9
EXP 9/09.83560

BIO-U02-A  US0706

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IOVATE HEALTH SCIENCES U.S.A., INC.,<br>IOVATE HEALTH SCIENCES INTERNATIONAL, INC.,<br>IOVATE T & P, INC.,<br>FLAMMA SpA,<br>and USE TECHNO CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>WELLNX LIFE SCIENCES INC (d/b/a NV Inc.),<br>NXCARE INC.,<br>NXLABS INC.,<br>SLIMQUICK LABORATORIES,<br>BIOGENETIX,<br>DEREK WOODGATE, and<br>BRADLEY WOODGATE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 07-286-JJF |

## DECLARATION OF KAREN E. KELLER, ESQ.

I, Karen E. Keller, Esq., declare as follows:

      1.     I am an attorney with the law firm of Young Conaway Stargatt & Taylor, LLP, and I am admitted to practice before the Supreme Court of Delaware, United States District Court for the District of Delaware, the Supreme Court of Pennsylvania, the United States Court of Appeals for the Federal Circuit and the United States Patent and Trademark Office.

      2.     I submit this declaration in support of Plaintiffs' Motion for Enlargement of Briefing Schedule in Order to Permit Jurisdictional Discovery Necessary to Respond to Defendants' Motion to Dismiss (D.I. 13).

3.    On July 22, 2007, I personally visited the GNC Store located in the Concord Mall at the address 4737 Concord Pike, Wilmington, Delaware, 19803.

4.    During my visit to the GNC Store I purchased the following Wellnx products: Slimquick Night, VASO, the Muscle Expansion Pack, Pump System, Aminovol, and Creatine-Dt2.

5.    The labels on each of these bottles provide that it was distributed at a Delaware address.  The addresses are as follows:

> Pump System: Limited Edition
> Distributed by:
> NxLabs
> 1201 N. Orange Street, Suite 741
> Wilmington, DE  19801
>
> Vaso: Bodybuilding Strength Nitric Oxide
> Distributed by:
> NxLabs
> 1201 N. Orange Street, Suite 741
> Wilmington, DE  19801
>
> Aminovol: Protein Syntheses Stimulator
> Distributed by:
> NxLabs
> 1201 N. Orange Street, Suite 741
> Wilmington, DE  19801
>
> Slimquick: Nighttime Female Fat Burner
> Distributed by:
> Slimquick Laboratories
> 1201 N. Orange Street, Suite 741
> Wilmington, DE  19801
>
> The Ultimate Muscle Expansion Pack: Anavol Volumizer and Vaso Nitric Oxide
> Distributed by:
> NxCare Inc.
> 874 Walker Road
> Dover, DE  19904
>
> Biogenetix: Creatine-D2T
> Distributed by:

Biogenetix
1201 N. Orange Street, Suite 741
Wilmington, DE  19801

\*        \*        \*

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge, information, and belief.

DATED: July 30, 2007

Karen E. Keller, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IOVATE HEALTH SCIENCES U.S.A., INC.,<br>IOVATE HEALTH SCIENCES INTERNATIONAL, INC.,<br>IOVATE T & P, INC.,<br>FLAMMA SpA,<br>and USE TECHNO CORPORATION,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>WELLNX LIFE SCIENCES INC (d/b/a NV Inc.),<br>NXCARE INC.,<br>NXLABS INC.,<br>SLIMQUICK LABORATORIES,<br>BIOGENETIX,<br>DEREK WOODGATE, and<br>BRADLEY WOODGATE,<br><br>　　　　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 07-286-JJF |

## LOCAL RULE 7.1.1 STATEMENT

I, Karen E. Keller, Esquire, hereby certify pursuant to Local Rule 7.1.1, that counsel for

Plaintiffs have attempted to contact counsel for the Defendants on the matter set forth in the

present motion, but were unable to obtain a response at the time of filing this motion.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

OF COUNSEL:

Richard L. DeLucia
Howard J. Shire
Jerry Canada
KENYON & KENYON LLP
One Broadway
New York, NY  10004
(212) 425-7200

Dated:  July 30, 2007

Josy W. Ingersoll (No. 1088)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
(302)-571-6600
*kkeller@ycst.com*

Attorneys for Plaintiffs

066372.1001

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IOVATE HEALTH SCIENCES U.S.A., INC.,<br>IOVATE HEALTH SCIENCES INTERNATIONAL, INC.,<br>IOVATE T & P, INC.,<br>FLAMMA SpA,<br>and USE TECHNO CORPORATION,<br><br>                 Plaintiffs,<br><br>          v.<br><br>WELLNX LIFE SCIENCES INC (d/b/a NV Inc.),<br>NXCARE INC.,<br>NXLABS INC.,<br>SLIMQUICK LABORATORIES,<br>BIOGENETIX,<br>DEREK WOODGATE, and<br>BRADLEY WOODGATE,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 07-286-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>ORDER</u>

THIS COURT, having heard Plaintiffs' Motion for Enlargement of Briefing Schedule in

Order to Permit Jurisdictional Discovery Necessary to Respond to Defendants' Motion to

Dismiss, and Defendants' response thereto,

IT IS HEREBY ORDERED, this __ day of _____, 2007, that Plaintiffs' Motion for

Enlargement of Briefing Schedule in Order to Permit Jurisdictional Discovery Necessary to

Respond to Defendants' Motion to Dismiss is GRANTED.


                              _____

                              Judge Joseph J. Farnan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IOVATE HEALTH SCIENCES U.S.A., INC.,<br>IOVATE HEALTH SCIENCES INTERNATIONAL, INC.,<br>IOVATE T & P, INC.,<br>FLAMMA SpA,<br>and USE TECHNO CORPORATION,<br><br>                       Plaintiffs,<br><br>            v.<br><br>WELLNX LIFE SCIENCES INC (d/b/a NV Inc.),<br>NXCARE INC.,<br>NXLABS INC.,<br>SLIMQUICK LABORATORIES,<br>BIOGENETIX,<br>DEREK WOODGATE, and<br>BRADLEY WOODGATE,<br><br>                      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 07-286-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF MOTION**

TO:   Mary B. Graham, Esq.                Roger Colaizzi, Esq.
        Rodger D. Smith, II, Esq.            Jeffrey A. Dunn, Esq.
        James W. Parrett, Jr., Esq.          Tamany Vinson Bentz, Esq.
        MORRIS NICHOLS ARSHT & TUNNELL LLP   VENABLE, LLP
        1201 N. Market Street               575 7th Street, NW
        Wilmington, DE 19899            Washington, DC 2004-1601

      PLEASE TAKE NOTICE that the attached Plaintiffs' Motion for Enlargement of

Briefing Schedule in Order to Permit Jurisdictional Discovery Necessary to Respond to

Defendants' Motion to Dismiss will be presented to the Court on Friday, September 21, 2007 at

10:00 a.m.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

OF COUNSEL:

Richard L. DeLucia
Howard J. Shire
Jerry Canada
KENYON & KENYON LLP
One Broadway
New York, NY  10004
(212) 425-7200

Dated:  July 30, 2007

Josy W. Ingersoll (No. 1088)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
(302)-571-6600
*kkeller@ycst.com*

Attorneys for Plaintiffs