IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IOVATE HEALTH SCIENCES U.S.A., INC.,<br>IOVATE HEALTH SCIENCES INTERNATIONAL, INC.,<br>IOVATE T & P, INC.,<br>FLAMMA SpA,<br>and USE TECHNO CORPORATION,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>WELLNX LIFE SCIENCES INC (d/b/a NV Inc.),<br>NXCARE INC.,<br>NXLABS INC.,<br>SLIMQUICK LABORATORIES,<br>BIOGENETIX,<br>DEREK WOODGATE, and<br>BRADLEY WOODGATE,<br><br>　　　　　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 07-286-JJF<br><br>JURY TRIAL DEMANDED |

## **PLAINTIFFS' REPLY TO THE COUNTERCLAIMS OF DEFENDANTS**

Plaintiffs Iovate Health Sciences U.S.A., Inc. ("Iovate U.S.A."), Iovate Health Sciences International, Inc. ("Iovate International"), Iovate T & P, Inc. ("Iovate T & P") (collectively "Iovate"), Flamma SpA ("Flamma") and Use Techno Corporation ("UTC") (collectively "Plaintiffs"), hereby reply to the counterclaims of the defendants. This reply is based on Plaintiffs' personal knowledge as to their own activities and on information and belief as to the activities of others. The numbered paragraphs below correspond to the numbered paragraphs in Defendants' Counterclaims.

### **Jurisdiction**

87.　　This paragraph states legal conclusions to which no response is required.

88.　　This paragraph states legal conclusions to which no response is required.

### Count I: Declaration of Non-Infringement – '199 Patent

89.  Plaintiffs repeat and reaffirm the above responses.

90.  Denied.

91.  Denied.

92.  Admitted that defendants purport to request a Declaratory Judgment declaring that defendants have not directly infringed, contributorily infringed, or induced infringement of the '199 patent, but denied that defendants are entitled to such a declaration.

### Count II: Declaration of Invalidity – '199 Patent

93.  Plaintiffs repeat and reaffirm the above responses.

94.  Denied.

95.  Denied.

96.  Admitted that defendants purport to request a Declaratory Judgment declaring the '199 patent invalid, but denied that defendants are entitled to such a declaration.

### Count III: Declaration of Patent Misuse – '199 Patent

97.  Plaintiffs repeat and reaffirm the above responses.

98.  Denied.

99.  Denied.

### Count IV: Declaration of Non-Infringement – '459 Patent

100. Plaintiffs repeat and reaffirm the above responses.

101. Denied.

102. Denied.

103. Admitted that defendants purport to request a Declaratory Judgment declaring that defendants have not directly infringed, contributorily infringed, or induced infringement of the '459 patent, but denied that defendants are entitled to such a declaration.

### Count V: Declaration of Invalidity – '459 Patent

104. Plaintiffs repeat and reaffirm the above responses.

105. Denied.

106. Denied.

107. Admitted that defendants purport to request a Declaratory Judgment declaring the '459 patent invalid, but denied that defendants are entitled to such a declaration.

### Count VI: Declaration of Patent Misuse – '459 Patent

108. Plaintiffs repeat and reaffirm the above responses.

109. Denied.

110. Denied.

### Count VII: Declaration of Non-Infringement – '900 Patent

111. Plaintiffs repeat and reaffirm the above responses.

112. Denied.

113. Denied.

114. Admitted that defendants purport to request a Declaratory Judgment declaring that defendants have not directly infringed, contributorily infringed, or induced infringement of the '900 patent, but denied that defendants are entitled to such a declaration.

### Count VIII: Declaration of Invalidity – '900 Patent

115. Plaintiffs repeat and reaffirm the above responses.

116. Denied.

117. Denied.

118. Admitted that defendants purport to request a Declaratory Judgment declaring the '900 patent invalid, but denied that defendants are entitled to such a declaration.

### Count IX: Declaration of Patent Misuse – '900 Patent

119.  Plaintiffs repeat and reaffirm the above responses.

120.  Denied.

121.  Denied.

### Count X:  Damages and Marking

122.  Plaintiffs repeat and reaffirm the above responses.

123.  Denied.

124.  Admitted that Plaintiffs' Complaint in this case did not include an allegation that Plaintiffs marked their patented products.  Otherwise denied.

125.  Denied.

126.  Denied.

### Count XI:  Declaration of Exceptional Case

127.  Plaintiffs repeat and reaffirm the above responses.

128.  Admitted that defendants purport to request a declaration of the exceptional case status and a declaration that defendants are entitled to an award of attorney's fees, costs and expenses, but denied that defendants are entitled to such a declaration.

### RESPONSE TO DEFENDANT'S PRAYER FOR RELIEF

Plaintiffs deny that Defendants are entitled to the relief sought in its counterclaims.

### AFFIRMATIVE DEFENSE

Defendants have failed to state a claim upon which relief may be granted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court enter judgment in its favor and against Defendants to include:

A.  Dismissal of Defendants' counterclaims with prejudice;

B.  Judgment and relief as prayed for in Plaintiffs' Complaint;

C.  A declaration under 35 U.S.C. § 285 in favor of Plaintiffs that this case is exceptional, and that Plaintiffs be awarded their reasonable attorneys' fees and other expenses incurred in connection with this action; and

D.  An award of such other and further relief as the Court may deem fair and appropriate.

Dated: August 13, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen E. Keller*

Josy Ingersoll (#1088)
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
302-571-6554
kkeller@ycst.com

Attorneys for Plaintiffs

Of Counsel:
Richard L. DeLucia
Howard J. Shire
Jerry Canada
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esq., hereby certify that on August 13, 2007, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Mary B. Graham, Esq. *[mgraham@mnat.com]*
>Rodger D. Smith, II, Esq. *[rsmith@mnat.com]*
>James W. Parrett, Jr., Esq. *[jparrett@mnat.com]*
>MORRIS NICHOLS ARSHT & TUNNELL LLP
>1201 N. Market Street
>Wilmington, DE 19899

Additionally, I hereby certify that the foregoing document was served by hand-delivery and e-mail upon the above-listed counsel and on the following counsel as indicated.

### BY E-MAIL

>Roger Colaizzi, Esq. *[racolaizzi@venable.com]*
>Jeffrey A. Dunn, Esq. *[jadunn@venable.com]*
>Tamany Vinson Bentz, Esq. *[tjbentz@venable.com]*
>VENABLE, LLP
>575 7th Street, NW
>Washington, DC 2004-1601

>YOUNG CONAWAY STARGATT & TAYLOR, LLP

>/s/ *Karen E. Keller*
>Josy W. Ingersoll (No. 1088)
>Karen E. Keller (No. 4489)
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE 19899-0391
>(302)-571-6600
>*kkeller@ycst.com*
>Attorneys for Plaintiffs