IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IOVATE HEALTH SCIENCES U.S.A., INC., IOVATE HEALTH SCIENCES INTERNATIONAL, INC., IOVATE T & P, INC., FLAMMA SpA, and USE TECHNO CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>WELLNX LIFE SCIENCES INC. (d/b/a NV INC.), NXCARE INC., NXLABS INC., SLIMQUICK LABORATORIES, BIOGENETIX, DEREK WOODGATE, and BRADLEY WOODGATE,<br><br>Defendants. | C.A. No. 07-286-JJF |

**REPLY BRIEF IN SUPPORT OF DEREK WOODGATE'S**
**AND BRADLEY WOODGATE'S MOTION TO DISMISS**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Mary B. Graham (#2256)
Rodger D. Smith II (#3778)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jparrett@mnat.com
*Attorneys for Defendants*

OF COUNSEL:

Roger Colaizzi
Jeffrey A. Dunn
Tamany Vinson Bentz
VENABLE, LLP
575 7th Street, NW
Washington, DC  20004-1601
(202) 344-4000

Dated:  August 13, 2007
1210276

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ......................................................................................................... 1

ARGUMENT................................................................................................................. 1

    I.  THERE IS NO BASIS FOR PERSONAL JURISDICTION ............................. 1

    II  THERE IS NO BASIS FOR JURISDICTIONAL DISCOVERY ..................... 3

CONCLUSION............................................................................................................. 6

# TABLE OF AUTHORITIES

**CASE(S)**

*Al-Site Corp. v. VSI Intl., Inc.*,
    174 F.3d 1308 (Fed. Cir. 1999)..................................................................................3

*Brown v. AST Sports Science, Inc.*,
    No. 02-1682, 2002 WL 32345935 (E.D. Pa. June 28, 2002)....................................4

*Delaware v. Preferred Florist Network, Inc.*,
    791 A.2d 8 (Del. Ch. 2001)......................................................................................2

*Grumbkow v. Walt Disney Co.*,
    No. 06-489, 2007 WL 570196 (D. Del. Feb. 20, 2007)...........................................1

*Hoover Group, Inc. v. Custom Metalcraft, Inc.*,
    84 F.3d 1408 (Fed. Cir. 1996)..................................................................................3

*Manville Sales Corp. v. Paramount Sys., Inc.*,
    917 F.2d 544 (Fed. Cir. 1990)..................................................................................3

*Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*,
    107 F.3d 1026 (3d Cir. 1997)................................................................................4-5

*McNeil Nutritionals, LLC v. The Sugar Assoc.*,
    No. 05-69 (GMS), 2005 U.S. Dist. LEXIS 7628 (D. Del. April 29, 2005) ..........2, 4

*Mobil Oil Corp. v. Advanced Envtl. Recycling Tech., Inc.*,
    833 F. Supp. 437 (D. Del. 1993)..............................................................................5

*Physician Endorsed LLC v. Clark*,
    374 F. Supp. 2d 395 (D. Del. 2005).........................................................................1

*Rates Tech. Inc. v. Nortel Networks Corp.*,
    399 F.3d 1302 (Fed. Cir. 2005)................................................................................5

*Reach & Assoc., P.C. v. Dencer*,
    269 F. Supp. 2d 497 (D. Del. 2003).........................................................................2

*Sanitec Indus., Inc. v. Sanitec Worldwide, Ltd.*,
    376 F. Supp. 2d 571 (D. Del. 2005).....................................................................1, 3

*Telcordia Tech., Inc. v. Alcatel S.A.*,
    No. 04-874, 2005 U.S. Dist. LEXIS 10194 (D. Del. May 27, 2005).......................4

**RULE(S)**

Federal Rule of Civil Procedure 11 .................................................................................1

## INTRODUCTION

The Individual Defendants' motion to dismiss should be granted, and the Court should not entertain Plaintiffs' request for jurisdictional discovery. Plaintiffs do not provide any basis for suing the Individual Defendants in Delaware. Indeed, they admit they have no "competent" basis to claim this Court has jurisdiction. *See* D.I. 21 at 2 ("Plaintiffs are unable to competently respond to Defendants' motion to dismiss….").

## ARGUMENT

## I.    THERE IS NO BASIS FOR PERSONAL JURISDICTION

Plaintiffs must establish by a preponderance of the evidence that the Court has personal jurisdiction over the Individual Defendants. *See Physician Endorsed LLC v. Clark*, 374 F. Supp. 2d 395 (D. Del. 2005) (refusing to exercise jurisdiction because plaintiff failed to provide facts sufficient to support personal jurisdiction); *Sanitec Indus., Inc. v. Sanitec Worldwide, Ltd.*, 376 F. Supp. 2d 571, 573 (D. Del. 2005). By failing to respond to any of the Individual Defendants' arguments, Plaintiffs have not carried their burden and the Individual Defendants' motion should be granted. *Grumbkow v. Walt Disney Co.*, No. 06-489, 2007 WL 570196, at *2 (D. Del. Feb. 20, 2007).

First, Plaintiffs admit they do not have any evidence upon which to base personal jurisdiction. *See* D.I. 21 at 2 ("Plaintiffs are unable to competently respond to Defendants' motion to dismiss…."). Presumably, Plaintiffs undertook a reasonable investigation before filing their Complaint, as required by Federal Rule of Civil Procedure 11. Yet, according to Plaintiffs, that investigation left them with no competent basis to argue for personal jurisdiction.

Second, Plaintiffs ignore Due Process considerations. Plaintiffs make no argument that the exercise of jurisdiction over the Individual Defendants would comport with the Due Process Clause. Rather, Plaintiffs seem to admit, as the Individual Defendants argued, that the Court has neither specific nor general jurisdiction.

Third, Plaintiffs' have failed to provide a basis for personal jurisdiction under Delaware's long-arm statute. Rather, Plaintiffs simply imply in their motion for jurisdictional discovery that personal jurisdiction over the Individual Defendants is proper under Delaware's long-arm statute because the Corporate Defendants are allegedly selling infringing products in Delaware.[1]  *See* Plt. Motion for Jurisdictional Discovery at 3, attached to D.I. 21. It is well settled, however, that the acts of a corporation cannot be attributed to its individual officers or owners without a basis for piercing the corporate veil.

Under Delaware law the Individual Defendants' mere status as officers of a company is an insufficient basis for the Court to exercise jurisdiction over them.  *See McNeil Nutritionals, LLC v. The Sugar Assoc.*, No. 05-69 (GMS), 2005 U.S. Dist. LEXIS 7628, at *5 (D. Del. April 29, 2005) (citations omitted); *Reach & Assoc., P.C. v. Dencer*, 269 F. Supp. 2d 497, 504 (D. Del. 2003); *Delaware v. Preferred Florist Network, Inc.*, 791 A.2d 8, 14 (Del. Ch. 2001) (noting the "unremarkable proposition that a nonresident

---

[1]    Plaintiffs' motion for jurisdictional discovery was struck by the Court on August 2, 2007, for failure to comply with the Court's Standing Order. The motion was subsequently attached to Plaintiffs' Response to the Individual Defendants' Motion to Dismiss. It is unclear whether Plaintiffs intend for the Court to incorporate the arguments from their motion into their Response. Nonetheless, the Individual Defendants reply to the statements concerning Delaware's long arm statute that are contained in Plaintiff's motion for discovery, as Plaintiffs' motion mischaracterizes the status of the law.

corporate officer cannot be hailed before a Delaware court for a wrong of the corporation merely because he or she has that status").

Rather, Delaware recognizes the fiduciary shield doctrine.  Although the doctrine is not an absolute bar to personal jurisdiction, it does require that Plaintiff come forward with forum-related contacts *by the Individual Defendants* that are sufficient to establish jurisdiction under Delaware's long arm statute and the Due Process Clause. *Sanitec Indus., Inc. v. Sanitec Worldwide, Ltd.*, 376 F. Supp. 2d 571, 573-74 (D. Del. 2005).  Plaintiffs rely on forum related contacts by *the Corporate Defendants* as a basis for jurisdiction and are trying to attribute those actions to the Individual Defendants. This is precisely the type of misplaced allegation against which the fiduciary shield protects.[2]

## II.     THERE IS NO BASIS FOR JURISDICTIONAL DISCOVERY[3]

Plaintiffs should not be permitted to take jurisdictional discovery because they cannot establish a prima facie case for personal jurisdiction.  Indeed, they admit they have no competent evidence to demonstrate personal jurisdiction.  D.I. 21 at 2.

---

[2]     Plaintiffs' allegations relate solely to patent infringement by the Corporate Defendants.  But the Individual Defendants cannot be held liable for such infringement without piercing the corporate veil.  *See Al-Site Corp. v. VSI Intl., Inc.*, 174 F.3d 1308, 1332-32 (Fed. Cir. 1999) (holding that "personal liability under [patent law] requires sufficient evidence to justify piercing the corporate veil"); *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1411 (Fed. Cir. 1996); *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990)

[3]     Although Plaintiffs' request for jurisdictional discovery is not properly before the Court, the Individual Defendants provide the following response because it is not clear whether Plaintiffs intend for the Court to incorporate the arguments from their motion for jurisdictional discovery into their Response to the Individual Defendants' Motion to Dismiss.

Before jurisdictional discovery is permitted, the Court should be "satisfied that there is some indication" that the individual defendants here are "amenable to suit in this forum." *McNeil Nutritionals, LLC v. The Sugar Assoc.*, No. 05-69 (GMS), 2005 U.S. Dist. LEXIS 7628, at *5 (D. Del. April 29, 2005); *Telcordia Tech., Inc. v. Alcatel S.A.*, No. 04-874, 2005 U.S. Dist. LEXIS 10194, at *28-29 (D. Del. May 27, 2005).   Mere speculation is not enough to grant jurisdictional discovery.  *See Brown v. AST Sports Science, Inc.*, No. 02-1682, 2002 WL 32345935, at *10 (E.D. Pa. June 28, 2002).  Rather, Plaintiffs must come forward with competent evidence and not just the "bare allegations" from their Complaint.  *McNeil Nutritionals, LLC*, 2005 U.S. Dist. LEXIS 7628, at *5.

These standards are especially important where, as here, defendants are foreign, non-corporate litigants.   Jurisdictional discovery typically concerns corporate defendants.  *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997).  Jurisdictional discovery of individual litigants carries with it a higher burden on Plaintiffs to establish a competent basis for jurisdiction.  *Id.*  Likewise, the Court should be more vigilant about the standards when jurisdictional discovery would unnecessarily involve foreign litigants in an inappropriate forum.  *See Telcordia Tech., Inc. v. Alcatel S.A.*, 2005 U.S. Dist. LEXIS 10194, at *28-29, *quoting Societe Nationale Industrielle Aerospatiale v. U.S. District Court for the Southern District of Iowa*, 482 U.S. 522, 546 (1987).

Here, Plaintiffs inappropriately rely on actions of the Corporate Defendants as a basis for jurisdictional discovery from the Individual Defendants.  As stated above, the actions of the corporation cannot be attributed to the Individual Defendants.

Even assuming *arguendo* that such actions could be attributed to the Individual Defendants, Plaintiffs still cannot provide a basis for jurisdictional discovery. Plaintiffs rely on the allegation that the Corporate Defendants have transacted business in Delaware. However, the mere assertion that a defendant transacts business in Delaware is insufficient to warrant jurisdictional discovery. *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997).

Likewise, Plaintiffs other bases for jurisdictional discovery are incompetent and speculative. Plaintiffs argue that the Court can assert personal jurisdiction over the Individual Defendants because the Corporate Defendants filed Counterclaims. Yet, the case Plaintiffs cite to support this assertion makes clear that jurisdiction is warranted only when the filing of the lawsuit is the tortious act at issue. *See Mobil Oil Corp. v. Advanced Envtl. Recycling Tech., Inc.*, 833 F. Supp. 437, 447 (D. Del. 1993). Here, patent infringement is the alleged tortious act. Moreover, the filing of a counterclaim cannot be the basis for personal jurisdiction because it is filed after the Complaint. *See Rates Tech. Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1308 (Fed. Cir. 2005) (holding "that filing a counterclaim, compulsory or permissive, cannot waive a party's objections to personal jurisdiction").

## CONCLUSION

For the foregoing reasons, the Individual Defendants respectfully request that the Court grant their motion to dismiss for lack of personal jurisdiction, as Plaintiffs have failed to provide any basis for jurisdiction.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr. (#4292)*
Mary B. Graham (#2256)
Rodger D. Smith II (#3778)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
OF COUNSEL:                           P.O. Box 1347
                                      Wilmington, DE  19899-1347
Roger Colaizzi                        (302) 658-9200
Jeffrey A. Dunn                       jparrett@mnat.com
Tamany Vinson Bentz                       *Attorneys for Defendants*
VENABLE, LLP
575 7th Street, NW
Washington, DC  20004-1601
(202) 344-4000

Dated:  August 13, 2007
1210276

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2007, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Karen E. Keller, Esquire
> YOUNG CONAWAY STARGATT & TAYLOR LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on August 13, 2007 upon the following individuals in the manner indicated:

| BY EMAIL AND HAND DELIVERY | BY EMAIL |
|---|---|
| Josy W. Ingersoll, Esquire | Richard L. DeLucia, Esquire |
| Karen E. Keller, Esquire | KENYON & KENYON LLP |
| YOUNG CONAWAY STARGATT & TAYLOR LLP | **rdelucia@kenyon.com** |
| The Brandywine Building | |
| 100 West Street, 17th Floor | Howard J. Shire, Esquire |
| P.O. Box 391 | KENYON & KENYON LLP |
| Wilmington, DE  19899-0391 | **hshire@kenyon.com** |
| | |
| **jingersoll@ycst.com** | Jerry Canada, Esquire |
| **kkeller@ycst.com** | KENYON & KENYON LLP |
| | **jcanada@kenyon.com** |

*/s/ James W. Parrett, Jr. (#4292)*
James W. Parrett, Jr. (#4292)

1210276