IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IOVATE HEALTH SCIENCES U.S.A., INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | C.A. No. 07-286 (JJF) |
| WELLNX LIFE SCIENCES INC. (d.b.a. NV INC.), et al., | ) ) ) | |
| Defendants. | ) ) | |

**OPENING BRIEF IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION
FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Mary B. Graham (#2256)
Rodger D. Smith II (#3778)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200

*Attorneys for WellNx Life Sciences Inc.
(d/b/a NV Inc.), NxCare Inc., NxLabs Inc.,
Slimquick Laboratories, and Biogenetix*

OF COUNSEL:

Roger Colaizzi
Jeffrey A. Dunn
Tamany Vinson Bentz
VENABLE, LLP
575 7th Street, NW
Washington, DC  20004-1601
(202) 344-4000

Dated:  January 25, 2008

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................ ii

INTRODUCTION .....................................................................................................1

STATEMENT OF FACTS ..........................................................................................1

        A.    Procedural History ..................................................................................1

        B.    The Proposed Amendments and Counterclaims .........................................2

ARGUMENT ...........................................................................................................2

    I.     APPLICABLE LAW ...................................................................................2

    II.    THERE HAS BEEN NO UNDUE DELAY ...................................................2

    III.   IOVATE WILL NOT BE PREJUDICED .....................................................3

    IV.   WELLNX DOES NOT SEEK LEAVE TO AMEND AND SUPPLEMENT IN BAD FAITH OR WITH A DILATORY MOTIVE ................................................................................................4

CONCLUSION .........................................................................................................4

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**CASES**

*Adams v. Gould Inc.*,
    739 F.2d 858 (3d Cir. 1984)...................................................................................2

*Bechtel v. Robinson*,
    886 F.2d 644 (3d Cir. 1989)...................................................................................3

*Centerforce Tech., Inc. v. Austin Logistics Inc.*,
    No. 99-243, 2000 WL 652943 (D. Del. Mar. 10, 2000) ......................................2-3

*Foman v. Davis*,
    371 U.S. 182 (1962)................................................................................................2

*Pegasus Dev. Corp. v. DirecTV, Inc.*,
    No. 00-1020, 2002 WL 598457 (D. Del. Apr. 18, 2002)........................................3

**RULES**

Delaware Local Rule 15.1.............................................................................................1

Federal Rule of Civil Procedure 12(b)(2) .....................................................................1

Federal Rule of Civil Procedure 15(a) .......................................................................1-2

## INTRODUCTION

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, defendants WellNx Life Sciences Inc. (d/b/a NV Inc.), NxCare Inc., NxLabs Inc., Slimquick Laboratories, and Biogenetix (collectively "WellNx"),[1] are requesting leave to amend their Answer to add defenses and counterclaims. Pursuant to Delaware Local Rule 15.1, attached as Exhibit 1 to the motion are two copies of WellNx's proposed amended pleading, and attached as Exhibit 2 to the motion is a copy indicating the respects in which the amended pleading differs from the original pleading. The bases for the motion are as follows:

## STATEMENT OF FACTS

### A.    Procedural History

On May 24, 2007, Plaintiffs Iovate Health Sciences U.S.A., Inc., Iovate Health Sciences International, Inc., Iovate T&P, Inc., Flamma SpA, and USE Techno Corp. (collectively "Iovate") filed this action for patent infringement. WellNx answered Iovate's complaint and asserted counterclaims on July 16, 2007.[2] On August 13, 2007, Iovate answered WellNx's counterclaims.

On October 2, 2007, the Court entered a Scheduling Order, which included deadlines for amended pleadings (January 11, 2008), discovery (July 25, 2008), and a *Markman* hearing (September 30, 2008).

---

[1] Derek Woodgate and Bradley Woodgate do not join in this motion, as the Court lacks personal jurisdiction over them. Accordingly, on July 16, 2007, they filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2).

[2] All of the Defendants were granted one month to respond to Iovate's Complaint.

### B.    The Proposed Amendments and Counterclaims

WellNx seeks to amend its Answer to add a defense that Iovate is estopped from asserting patent infringement because Plaintiffs' silence and lack of action led Defendants to believe that they would not be sued by Plaintiffs for patent infringement, and Defendants reasonably relied on this silence and lack of action.  WellNx also seeks to add a defense and declaratory judgment counterclaim of patent unenforceability with respect to U.S. Patent No. 5,973,199.  This defense and counterclaim is based on parallel litigation in the Eastern District of Texas between Iovate and Bio-Engineering Supplements & Nutrition, Inc.

### ARGUMENT

### I.    APPLICABLE LAW

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires" and, as the Supreme Court has declared, "this mandate is to be heeded."  Fed. R. Civ. P. 15(a); *Foman v. Davis*, 37 1 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Id*.  As such, Rule 15(a) embodies the liberal pleading philosophy of the federal rules.  *Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984).  This liberal amendment philosophy limits the district court's discretion to deny leave to amend.  *Id*.  A court may only deny a motion for leave to amend if it finds undue delay in bringing the amendment, undue prejudice to the non-moving party, bad faith or a dilatory motive on the part of the movant, or a failure to state a cause of action.  *See id*.

### II.    THERE HAS BEEN NO UNDUE DELAY

Delay in and of itself will not serve as a sufficient basis for denying a motion to amend a pleading.  *See Adams*, 739 F.2d at 868; *Centerforce Tech., Inc. v. Austin Logistics Inc.*, No. 99-243, 2000 WL 652943, at *4 (D. Del. Mar. 10, 2000).  To justify a denial of a motion to

amend or supplement the delay must be "undue." *See id*. Here there has been no undue delay. WellNx has timely brought its motion to amend before the scheduled deadline and when it became aware of the factual basis for the additional defenses and counterclaim. As such, WellNx's amendment will cause no delay in the litigation schedule.

### III.     IOVATE WILL NOT BE PREJUDICED

Prejudice may arise when a proposed amendment results in the nonmoving party being unfairly disadvantaged or deprived of the opportunity to present facts or evidence that could have been presented had the amendments been made earlier. *See Pegasus Dev. Corp. v. DirecTV, Inc.*, No. 00-1020, 2002 WL 598457, at *2 (D. Del. Apr. 18, 2002); *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). Here, Iovate has agreed not to oppose the motion for leave to amend and the proposed amendment will not cause prejudice, undue or otherwise.

Currently the parties are still in the initial stages of discovery and at least several months of discovery remain. Although the parties have met and conferred as to the scope of electronic discovery, neither party has taken action to instigate discovery in this matter. No written discovery requests have been served and no depositions have been taken. Hence, the amendments present no need for duplicative discovery or chance that Iovate will have missed the opportunity to take discovery concerning the added defenses or counterclaim.

Further, the amendments will not cause a delay in the litigation schedule. The defenses and counterclaim are related to the same basic set of circumstances and facts as the claims that are already in the case (patent infringement, patent prosecution, and patent invalidity).

IV.  **WELLNX DOES NOT SEEK LEAVE TO AMEND AND SUPPLEMENT IN BAD FAITH OR WITH A DILATORY MOTIVE**

WellNx does not bring this motion in bad faith or with a dilatory motive.  This motion is within the deadline for amended pleadings agreed to by the parties and affirmed in the Court's Scheduling Order.

## CONCLUSION

For all of the foregoing reasons, WellNx requests that its Unopposed Motion for Leave to File Defendants' Amended Answer and Counterclaims be granted.  A proposed form of order is attached to the motion filed contemporaneously herewith.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*
_____
Mary B. Graham (#2256)
Rodger D. Smith II (#3778)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200

*Attorneys for WellNx Life Sciences Inc.*
*(d/b/a NV Inc.), NxCare Inc., NxLabs Inc.,*
*Slimquick Laboratories, and Biogenetix*

OF COUNSEL:

Roger Colaizzi
Jeffrey A. Dunn
Tamany Vinson Bentz
VENABLE, LLP
575 7th Street, NW
Washington, DC  20004-1601
(202) 344-4000

Dated:  January 25, 2008
1425554

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Karen E. Keller, Esquire
> YOUNG CONAWAY STARGATT & TAYLOR LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on January 25, 2008 upon the following individuals in the manner indicated:

**BY EMAIL AND HAND DELIVERY**

Josy W. Ingersoll, Esquire
Karen E. Keller, Esquire
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
100 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

**jingersoll@ycst.com**
**kkeller@ycst.com**

**BY EMAIL**

Richard L. DeLucia, Esquire
KENYON & KENYON LLP
**rdelucia@kenyon.com**

Howard J. Shire, Esquire
KENYON & KENYON LLP
**hshire@kenyon.com**

Jerry Canada, Esquire
KENYON & KENYON LLP
**jcanada@kenyon.com**

*/s/ James W. Parrett, Jr.*
_____
James W. Parrett, III (#4292)

969792