IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IOVATE HEALTH SCIENCES U.S.A., INC.,<br>IOVATE HEALTH SCIENCES INTERNATIONAL, INC.,<br>IOVATE T & P, INC.,<br>FLAMMA SpA, and<br>USE TECHNO CORPORATION,<br><br>             Plaintiffs,<br><br>      v.<br><br>WELLNX LIFE SCIENCES INC. (d/b/a NV INC.),<br>NXCARE INC.,<br>NXLABS INC.,<br>SLIMQUICK LABORATORIES,<br>BIOGENETIX,<br>DEREK WOODGATE, and<br>BRADLEY WOODGATE,<br><br>             Defendants. | C.A. No. 07-286-JJF<br><br><br>**DEMAND FOR<br>JURY TRIAL** |

## FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES and COUNTERCLAIMS

WELLNX LIFE SCIENCES INC. (d/b/a NV INC.), NXCARE INC., NXLABS INC., SLIMQUICK LABORATORIES, and BIOGENETIX (collectively "Defendants"),[1] by and through their attorneys, file this Answer to Plaintiffs' IOVATE HEALTH SCIENCES U.S.A., INC., IOVATE HEALTH SCIENCES INTERNATIONAL, INC., IOVATE T & P, INC., FLAMMA SpA, and USE TECHNO CORPORATION (collectively "Plaintiffs") Original Complaint for Patent Infringement ("the Complaint") as follows:

---

[1]     Derek Woodgate and Bradley Woodgate do not join in this First Amended Answer, as the Court does not have personal jurisdiction over them. Accordingly, on July 16, 2007, they filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2).

NxLabs, Inc., Slimquick Laboratories and Biogenetix are not separate legal entities from Wellnx, but rather registered trade names under which Wellnx does, or in the past has done, business.

## ANSWER TO PLAINTIFF'S COMPLAINT

## PARTIES

1.      Defendants deny each and every allegation contained within Paragraph One (1) of the Complaint on the basis that Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation contained therein.

2.      Defendants deny each and every allegation contained within Paragraph Two (2) of the Complaint on the basis that Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation contained therein.

3.      Defendants deny each and every allegation contained within Paragraph Three (3) of the Complaint on the basis that Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation contained therein.

4.      Defendants deny each and every allegation contained within Paragraph Four (4) of the Complaint on the basis that Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation contained therein.

5.      Defendants deny each and every allegation contained within Paragraph Five (5) of the Complaint on the basis that Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation contained therein.

6.      Defendants admit the allegation contained within Paragraph Six (6) that WellNx is a corporation organized and existing under the laws of Ontario, Canada, with a place of business at 1680 Tech Avenue, Unit 1, Mississauga, ON, Canada, L4W 5S9.  Defendants aver that 218 Silvercreek Parkway, Guelph, ON, Canada, is a post office box with mail forwarding. Defendants deny any other allegation set forth in Paragraph Six (6) of the Complaint.

7.      Defendants admit that NxCare was a corporation organized and existing under the laws of Ontario, Canada, with a place of business at 1680 Tech Avenue, Unit 1, Mississauga, ON, Canada, L4W 5S9, but affirmatively aver that NxCare changed its name to Wellnx Life

Sciences Inc. and is not a company independent from Wellnx Life Sciences Inc. Defendants deny any other allegations set forth in Paragraph Seven (7) of the Complaint.

8. Defendants deny the allegations contained within Paragraph Eight (8) because NxLabs is not an independent entity.

9. Defendants deny the allegations contained within Paragraph Nine (9) because Slimquick is not an independent entity.

10. Defendants deny the allegations contained within Paragraph Ten (10) because Biogenetix is not an independent entity.

11. Defendants admit the allegation contained within Paragraph Eleven (11) that Derek Woodgate and Bradley Woodgate are individuals and the founders of WellNx Life Sciences, Inc. and are officers, shareholders and/or directors of that entity, but deny any other allegation set forth therein.

12. Defendants admit the allegation contained in Paragraph Twelve (12) that Derek Woodgate resides at 1594 Waldie Avenue, Milton, ON, Canada, L9T, 5K8, but affirmatively aver that this Court has no jurisdiction over Mr. Woodgate. Defendants deny any other allegations set forth in Paragraph Twelve (12) of the Complaint.

13. Defendants admit the allegation contained in Paragraph Thirteen (13) that Bradley Woodgate resides at 803-373 Front Street West, Toronto, ON, Canada, M5V-3R7, but affirmatively aver that this Court has no jurisdiction over Mr. Woodgate. Defendants deny any other allegations set forth in Paragraph Thirteen (13) of the Complaint.

## JURISDICTION AND VENUE

14. Defendants admit the allegations contained within Paragraph Fourteen (14) of the Complaint with respect to subject matter jurisdiction. Defendants deny any other allegations set forth in Paragraph Fourteen (14) of the Complaint.

15.    Defendants deny each and every allegation of Paragraph Fifteen (15) of the Complaint.

16.    Defendants aver that Wellnx utilizes a mail forwarding service at 1201 N. Orange Street, Suite 741, Wilmington, DE, 19801, but deny that it maintains an office at that address and any other allegations set forth in Paragraph Sixteen (16) of the Complaint.

17.    Defendants deny each and every allegation of Paragraph Seventeen (17) of the Complaint.

## GENERAL ALLEGATIONS

18.    Defendants admit the allegations contained within Paragraph Eighteen (18) of the Complaint that a copy of the document purporting to be U.S. Patent No. 5,973,199 was attached to the Complaint, the Patent is titled "Hydrosoluble Organic Salts of Creatine," and the document indicates that it was issued October 26, 1999, but deny every other allegation set forth therein on the basis that Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

19.    Defendants deny each and every allegation contained within Paragraph Nineteen (19) of the Complaint on the basis that Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

20.    Defendants deny each and every allegation contained within Paragraph Twenty (20) of the Complaint on the basis that Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

21.    Defendants admit the allegations contained within Paragraph Twenty-one (21) of the Complaint that a copy of the document purporting to be U.S. Patent No. 6,716,459 was attached to the Complaint, the Patent is titled "Composition for Inhibiting Increase of Blood Sugar Level or Lowering Blood Sugar Level," and the document indicates that it was issued April 6, 2004, but deny every other allegation set forth therein on the basis that Defendants are

without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

22.    Defendants deny each and every allegation contained within Paragraph Twenty-two (22) of the Complaint on the basis that Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

23.    Defendants admit the allegations contained within Paragraph Twenty-three (23) of the Complaint that a copy of the document purporting to be U.S. Patent No. 5,968,900 was attached to the Complaint, the Patent is titled "Increasing Creatine and Glycogen Concentration in Muscle," and the document indicates that it was issued October 19, 1999, but deny every other allegation set forth therein on the basis that Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

24.    Defendants deny each and every allegation contained within Paragraph Twenty-four (24) of the Complaint on the basis that Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

25.    Defendants admit that at least some of the named products have been offered for sale and sold in the United States, including de minimus sales of at least one product in the District of Delaware. Defendants deny all other allegations in Paragraph Twenty-five (25).

26.    Defendants admit the allegation contained within Paragraph Twenty-six (26) of the Complaint.

27.    Defendants admit that the product label for Slimquick Night lists "Banaba extract Lagerstroemia Speciosa) (leaf) Standardized for 5% Corosolic Acid," but deny the allegation contained within Paragraph Twenty-seven (27) of the Complaint.

28.    Defendants admit the allegation contained within Paragraph Twenty-eight (28) of the Complaint.

29.     Defendants admit the allegation contained within Paragraph Twenty-nine (29) of the Complaint.

30.     Defendants admit that the product label for Creatine-D$^2$T lists 4000 mg per serving of "Deca-Creatine™ (Advanced Creatine Delivery Complex):  Creatine Ethyl Ester, Creatine AKG, Creatine Decanoate" and 475 mg per serving of "Insulin Signaling Complex: Cinammonum cassia bark extract (4:1), Grape seed extract (Vitis Vinifera (4:1), Prickly pear (Opuntia streptacantha)," but deny every other allegation contained in Paragraph Thirty (30) of the Complaint.

31.     Defendants admit that the product label for Hypergrowth lists 10 grams of "CreaPlex3 (Proprietary Blend):  Micronized Creatine Monohydrate, Tri-creatine Malate, Buffered Creatine" and 2.5 grams "Insutech: Micronized Taurine, 4-Hydroxyisoleucine, D-Pinitol, Corosolic Acid," but deny every other allegation contained in Paragraph Thirty-on (31) of the Complaint.

## FIRST CAUSE OF ACTION
(Infringement of the '199 Patent)

32.     Defendants incorporate by reference their Answers set forth above in Paragraphs One (1) through Thirty-one (31) as though set forth in full herein.

33.     Defendants deny each and every allegation contained within Paragraph Thirty-three (33) of the Complaint.

34.     Defendants deny each and every allegation contained within Paragraph Thirty-four (34) of the Complaint.

35.     Defendants deny each and every allegation contained within Paragraph Thirty-five (35) of the Complaint.

## SECOND CAUSE OF ACTION
(Infringement of the '459 Patent)

36.    Defendants incorporate by reference their Answers set forth above in Paragraphs One (1) through Thirty-five (35) as though set forth in full herein.

37.    Defendants deny each and every allegation contained within Paragraph Thirty-seven (37) of the Complaint.

38.    Defendants deny each and every allegation contained within Paragraph Thirty-eight (38) of the Complaint.

39.    Defendants deny each and every allegation contained within Paragraph Thirty-nine (39) of the Complaint.

### THIRD CAUSE OF ACTION
(Infringement of the '900 Patent)

40.    Defendants incorporate by reference their Answers set forth above in Paragraphs One (1) through Thirty-nine (39) as though set forth in full herein.

41.    Defendants deny each and every allegation contained within Paragraph Forty-one (41) of the Complaint.

42.    Defendants deny each and every allegation contained within Paragraph Forty-two (42) of the Complaint.

43.    Defendants deny each and every allegation contained within Paragraph Forty-three (43) of the Complaint.

### AFFIRMATIVE DEFENSES

Pleading further and without waiving the above Answer, Defendants assert that Plaintiffs' claims are barred in whole or in part, based on one or more of the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Non-infringement)

44.    Defendants have not infringed, either literally or under the doctrine of equivalents, nor contributed to infringement by others, nor actively induced others to infringe,

any claim of U.S. Patent Nos. 6,716,459 B2 ('459 patent), 5,973,199 ('199 patent), or 5,968,900 ('900 patent).

## SECOND AFFIRMATIVE DEFENSE
(Invalidity – '199 Patent)

45.     Defendants incorporate by reference the averments and allegations set forth above in Paragraph Forty-four (44) as though set forth in full herein.

46.     Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the '199 patent is invalid and/or unenforceable for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

47.     Upon information and belief, as will be likely supported by evidence after a reasonable opportunity for further investigation and discovery of information presently exclusively within Plaintiffs' control, the '199 patent is invalid because it fails to meet the requirement for a patentable invention (Section 101), is anticipated by prior art or actions in the public domain (Section 102), is obvious in view of prior art or actions in the public domain (Section 103), and/or fails to meet the disclosure and other requirements of the Patent Act (Section 112).

48.     Upon information and belief, Plaintiffs knew or should have known that if the '199 patent is construed to cover Defendants' products then the '199 patent is invalid in view of prior art.

## THIRD AFFIRMATIVE DEFENSE
(Patent Misuse – '199 Patent)

49.     Defendants incorporate by reference the averments and allegations set forth above in Paragraphs Forty-four (44) through Forty-eight (48) as though set forth in full herein.

50.    Plaintiffs have engaged and are engaging in patent misuse because Plaintiffs knew or should have known that the '199 patent is invalid and/or unenforceable for the reasons set forth above and Plaintiffs brought this enforcement action for improper purpose.

51.    Upon information and belief, Plaintiffs knew or should have known that the '199 patent is invalid and/or unenforceable for the reasons set forth above, yet Plaintiffs nevertheless brought the present action against Defendants for the purpose of wrongfully excluding Defendants from the market.

**FOURTH AFFIRMATIVE DEFENSE**
(Non-infringement – '199 Patent)

52.    Defendants incorporate by reference the averments and allegations set forth above in Paragraphs Forty-four (44) through Fifty-one (51) as set forth in full herein.

53.    Defendants' products do not infringe any properly construed claim in the '199 patent due to prosecution history estoppel based on the state of the prior art at the time of prosecution and the positions taken by the inventors and his attorneys during the prosecution of the '199 patent.

54.    The claims of the '199 patent cannot be interpreted to cover Defendants' products either literally or under the doctrine of equivalents, since Plaintiffs made statements and admissions to the United States Patent and Trademark Office (USPTO) to induce the USPTO to grant the '199 patent, and are thereby estopped from obtaining an interpretation of its claims that would cover Defendants' products.

**FIFTH AFFIRMATIVE DEFENSE**
(Invalidity – '900 Patent)

55.    Defendants incorporate by reference the averments and allegations set forth above in Paragraph Forty-four (44) through Paragraph Fifty-four (54) as set forth in full herein.

56.    Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the '900 patent is invalid and/or

unenforceable for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

57.      Upon information and belief, as will be likely supported by evidence after a reasonable opportunity for further investigation and discovery of information presently exclusively within Plaintiffs' control, the '900 patent is invalid because it fails to meet the requirement for a patentable invention (Section 101), is anticipated by prior art or actions in the public domain (Section 102), is obvious in view of prior art or actions in the public domain (Section 103), and/or fails to meet the disclosure and other requirements of the Patent Act (Section 112).

58.      Upon information and belief, Plaintiffs knew or should have known that if the '900 patent is construed to cover Defendants' products then the '900 patent is invalid in view of prior art.

## SIXTH AFFIRMATIVE DEFENSE
(Patent Misuse – '900 Patent)

59.      Defendants incorporate by reference the averments and allegations set forth above in Paragraphs Forty-four (44) through Fifty-eight (58) as though set forth in full herein.

60.      Plaintiffs have engaged and are engaging in patent misuse because Plaintiffs knew or should have known that the '900 patent is invalid and/or unenforceable for the reasons set forth above and Plaintiffs brought this enforcement action for improper purpose.

61.      Upon information and belief, Plaintiffs knew or should have known that the '900 patent is invalid and/or unenforceable for the reasons set forth above, yet Plaintiffs nevertheless brought the present action against Defendants for the purpose of wrongfully excluding Defendants from the market.

## SEVENTH AFFIRMATIVE DEFENSE
(Non-infringement – '900 Patent)

62.    Defendants incorporate by reference the averments and allegations set forth above in Paragraphs Forty-four (44) through Sixty-one (61) as set forth in full herein.

63.    Defendants' products do not infringe any properly construed claim in the '900 patent due to prosecution history estoppel based on the state of the prior art at the time of prosecution and the positions taken by the inventors and his attorneys during the prosecution of the '900 patent.

64.    The claims of the '900 patent cannot be interpreted to cover Defendants' products either literally or under the doctrine of equivalents, since Plaintiffs made statements and admissions to the United States Patent and Trademark Office (USPTO) to induce the USPTO to grant the '900 patent, and are thereby estopped from obtaining an interpretation of its claims that would cover Defendants' products.

## EIGHTH AFFIRMATIVE DEFENSE
(Invalidity – '459 Patent)

65.    Defendants incorporate by reference the averments and allegations set forth above in Paragraph Forty-four (44) through Paragraph Sixty-four (64) as set forth in full herein.

66.    Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the '459 patent is invalid and/or unenforceable for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

67.    Upon information and belief, as will be likely supported by evidence after a reasonable opportunity for further investigation and discovery of information presently exclusively within Plaintiffs' control, the '459 patent is invalid because it fails to meet the requirement for a patentable invention (Section 101), is anticipated by prior art or actions in the public domain (Section 102), is obvious in view of prior art or actions in the public domain

(Section 103), and/or fails to meet the disclosure and other requirements of the Patent Act (Section 112).

68.     Upon information and belief, Plaintiffs knew or should have known that if the '459 patent is construed to cover Defendants' products then the '459 patent is invalid in view of prior art.

## NINTH AFFIRMATIVE DEFENSE
(Patent Misuse – '459 Patent)

69.     Defendants incorporate by reference the averments and allegations set forth above in Paragraphs Forty-four (44) through Sixty-eight (68) as though set forth in full herein.

70.     Plaintiffs have engaged and are engaging in patent misuse because Plaintiffs knew or should have known that the '459 patent is invalid and/or unenforceable for the reasons set forth above and Plaintiffs brought this enforcement action for improper purpose.

71.     Upon information and belief, Plaintiffs knew or should have known that the '459 patent is invalid and/or unenforceable for the reasons set forth above, yet Plaintiffs nevertheless brought the present action against Defendants for the purpose of wrongfully excluding Defendants from the market.

## TENTH AFFIRMATIVE DEFENSE
(Non-infringement '459 Patent)

72.     Defendants incorporate by reference the averments and allegations set forth above in Paragraphs Forty-four (44) through Seventy-one (71) as set forth in full herein.

73.     Defendants' products do not infringe any properly construed claim in the '459 patent due to prosecution history estoppel based on the state of the prior art at the time of prosecution and the positions taken by the inventors and his attorneys during the prosecution of the '459 patent.

74.     The claims of the '459 patent cannot be interpreted to cover Defendants' products either literally or under the doctrine of equivalents, since Plaintiffs made statements and

admissions to the United States Patent and Trademark Office (USPTO) to induce the USPTO to grant the '459 patent, and are thereby estopped from obtaining an interpretation of its claims that would cover Defendants' products.

## ELEVENTH AFFIRMATIVE DEFENSE
(Laches)

75.     Defendants incorporate by reference the averments and allegations set forth above in Paragraphs Forty-four (44) through Seventy-four (74) as set forth in full herein.

76.     Plaintiffs are barred from asserting their claims due to the doctrine of latches.

## TWELFTH AFFIRMATIVE DEFENSE
(Unclean Hands)

77.     Defendants incorporate by reference the averments and allegations set forth above in Paragraphs Forty-four (44) through Seventy-six (76) as set forth in full herein.

78.     Plaintiffs are barred from asserting their claims due to the doctrine of unclean hands, estoppel and/or waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE
(Marking)

79.     Defendants incorporate by reference the averments and allegations set forth above in Paragraphs Forty-four (44) through Seventy-Eighth (78) as though set forth in full herein.

80.     On information and belief, Plaintiffs failed to mark their patented products in compliance with 35 U.S.C. § 287.

81.     Plaintiffs have failed to plead that they marked their patented products.

82.     Plaintiffs are not entitled to damages for any claimed infringement prior to a date certain specified by actual notice of the patent to Defendants because Plaintiffs failed properly to mark their patented products in compliance with the requirements set forth in the Patent Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

83.     Defendants incorporate by reference the averments and allegations set forth above in Paragraphs Forty-four (44) through Eighty-two (82) as though set forth in full herein.

84.     The Complaint fails to state a claim upon which relief can be granted.

### FIFTEENTH AFFIRMATIVE DEFENSE

85.     Defendants incorporate by reference the averments and allegations set forth above in Paragraphs Forty-four (44) through Eighty-four (84) as though set forth in full herein.

86.     This Court lacks jurisdiction over Defendants and this is the improper venue for Plaintiffs' claims.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Estoppel)

87.     Defendants incorporate by reference the averments and allegations set forth above in Paragraphs Forty-four (44) through Eighty-six (86) as though set forth in full herein.

88.     Upon information and belief, Plaintiffs are estopped from enforcing the '199 patent and '900 patent because Plaintiffs' silence and lack of action led Defendants to believe that they would not be sued by Plaintiffs for patent infringement, and Defendants reasonably relied on this silence and lack of action.  For instance, Plaintiffs waited for several years after the issuance of the '199 and '900 patents and after Defendants began distributing certain products to bring this infringement action.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Unenforceability)

89.     Wellnx incorporates by reference the averments and allegations set forth above in Paragraphs Forty-four (44) through Eighty-eight (88) as though set forth in full herein.

90.     Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the '199 Patent is unenforceable for failure to comply with the conditions and requirements for patentability and prosecution

standards specified in Title 35 U.S.C., the Code of Federal Regulation 37 C.F.R., and the Manual

of Patent Examining Procedure M.P.E.P.

91.     Upon information and belief, as will be likely supported by evidence after a

reasonable opportunity for further investigation and discovery of information presently

exclusively within Plaintiffs' control, the '199 patent is unenforceable due to failure of the

inventor, the assignee, and/or their attorneys to comply with the duty of candor owed to the

United States Patent and Trademark Office ("USPTO") during the prosecution of the patent

applications leading to the '199 patent.

92.     Upon information and belief, a declaration was filed with the USPTO which was

signed by the named inventors that was false because it contained an averment by the inventors

that they believed they were the original first inventors of a hydrosoluable sale of creatine

containing the anion citric, maleic, fumaric, or malic acid when in fact the inventors, the assignee

and/or the attorneys that filed the declaration, knew the inventors did not invent a hydrosoluble

salt of creatine containing the anion citric, maleic, fumaric, or malic acid.

## COUNTERCLAIMS

WELLNX LIFE SCIENCES INC. (d/b/a NV INC., d/b/a NXCARE INC., d/b/a

NXLABS INC., d/b/a SLIMQUICK LABORATORIES, and d/b/A BIOGENETIX) ("Wellnx"),[2]

by and through its attorneys, files these Counterclaims and alleges as follows:

## JURISDICTION

93.     Jurisdiction of this Court over Wellnx's Counterclaim is based upon 28 U.S.C.

§§ 1331, 1337, 1338(a), 2201, and 2202; 15 U.S.C. §§ 4, 15, 26; and upon Rule 13 of the Federal

Rules of Civil Procedure.

---

[2]     Derek Woodgate and Bradley Woodgate do not join in these Counterclaims, as the Court
        lacks personal jurisdiction over them.  Accordingly they have filed a motion to dismiss
        under Federal Rule of Civil Procedure 12(b)(2).

94.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391 and 5 U.S.C. §§ 15, 22, and 26.

## Count I: Declaration of Non-Infringement - '199 Patent

95.    Wellnx incorporates by reference Paragraphs Forty-four (44) through Ninety-four (94) of this Answer as though set forth in full herein.

96.    Wellnx products do not infringe any properly construed claim in U.S. Patent No. 5,973,199 (hereinafter referred to as "the '199 patent").

97.    The claims of the '199 patent cannot be interpreted to cover Wellnx's products either literally or under the doctrine of equivalents.

98.    Wellnx requests a Declaratory Judgment declaring that it has not directly infringed, contributorily infringed, or induced infringement of the '199 patent.

## Count II: Declaration of Invalidity - '199 Patent

99.    Wellnx incorporates by reference Paragraph Forty-four (44) through Ninety-eight (98) of this Answer as though set forth in full herein.

100.    Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the '199 patent is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

101.    Upon information and belief, the '199 patent is invalid in view of prior art.

102.    Wellnx requests a Declaratory Judgment declaring the '199 patent invalid arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., and the Federal Declaratory Judgment Act, 28, U.S.C. § 2201, *et seq*.

## Count III:  Declaration of Patent Misuse – '199 Patent

103.    Wellnx incorporates by reference Paragraph Forty-four (44) through One Hundred Two (102) of this Answer as though set forth in full herein.

104.    Upon information and belief, Plaintiffs have engaged and are engaging in patent misuse because Plaintiffs knew or should have known that the '199 patent is invalid and/or unenforceable for the reasons set forth above and Plaintiffs brought this enforcement action for improper purpose.

105.    Upon information and belief, Plaintiffs knew or should have known that the '199 patent is invalid and/or unenforceable for the reasons set forth above, yet Plaintiffs nevertheless brought the present action against Defendants for the purpose of wrongfully excluding Defendants from the market.

### Count IV: Declaration of Non-Infringement - '459 Patent

106.    Wellnx incorporates by reference Paragraphs Forty-four (44) through One Hundred Five (105) of this Answer as though set forth in full herein.

107.    Wellnx products do not infringe any properly construed claim in U.S. Patent No. 6,716,459 B2 ("the '459 patent").

108.    The claims of the '459 patent cannot be interpreted to cover Wellnx's products either literally or under the doctrine of equivalents.

109.    Wellnx requests a Declaratory Judgment declaring that it has not directly infringed, contributorily infringed, or induced infringement of the '459 patent.

### Count V: Declaration of Invalidity - '459 Patent

110.    Wellnx incorporates by reference Paragraph Forty-four (44) through One Hundred Nine (109) of this Answer as though set forth in full herein.

111.    Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the '459 patent is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

112.    Upon information and belief, the '459 patent is invalid in view of prior art.

113.    Wellnx requests a Declaratory Judgment declaring the '459 patent invalid arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., and the Federal Declaratory Judgment Act, 28, U.S.C. § 2201, *et seq*.

## Count VI:  Declaration of Patent Misuse – '459 Patent

114.    Wellnx incorporates by reference Paragraph Forty-four (44) through One Hundred Thirteen (113) of this Answer as though set forth in full herein.

115.    Upon information and belief, Plaintiffs have engaged and are engaging in patent misuse because Plaintiffs knew or should have known that the '459 patent is invalid and/or unenforceable for the reasons set forth above and Plaintiffs brought this enforcement action for improper purpose.

116.    Upon information and belief, Plaintiffs knew or should have known that the '459 patent is invalid and/or unenforceable for the reasons set forth above, yet Plaintiffs nevertheless brought the present action against Defendants for the purpose of wrongfully excluding Defendants from the market.

## Count VII: Declaration of Non-Infringement - '900 Patent

117.    Wellnx incorporates by reference Paragraphs Forty-four (44) through One Hundred Sixteen (116) of this Answer as though set forth in full herein.

118.    Wellnx products do not infringe any properly construed claim in U.S. Patent No. 5,968,900 ('900 patent).

119.    The claims of the '900 patent cannot be interpreted to cover Wellnx's products either literally or under the doctrine of equivalents.

120.    Wellnx  requests a Declaratory Judgment declaring that it has not directly infringed, contributorily infringed, or induced infringement of the '900 patent.

## Count VIII: Declaration of Invalidity - '900 Patent

121.    Wellnx incorporates by reference Paragraph Forty-four (44) through One Hundred Twenty (120) of this Answer as though set forth in full herein.

122.    Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the '900 patent is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

123.    Upon information and belief, the '900 patent is invalid in view of prior art.

124.    Wellnx requests a Declaratory Judgment declaring the '900 patent invalid arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., and the Federal Declaratory Judgment Act, 28, U.S.C. § 2201, *et seq*.

## Count IX:  Declaration of Patent Misuse – '900 Patent

125.    Wellnx incorporates by reference Paragraph Forty-four (44) through One Hundred Twenty-four (124) of this Answer as though set forth in full herein.

126.    Upon information and belief, Plaintiffs have engaged and are engaging in patent misuse because Plaintiffs knew or should have known that the '900 patent is invalid and/or unenforceable for the reasons set forth above and Plaintiffs brought this enforcement action for improper purpose.

127.    Upon information and belief, Plaintiffs knew or should have known that the '900 patent is invalid and/or unenforceable for the reasons set forth above, yet Plaintiffs nevertheless brought the present action against Defendants for the purpose of wrongfully excluding Defendants from the market.

## Count X: Damages and Marking

128.    Wellnx incorporates by reference Paragraphs Forty-four (44) through One Hundred Twenty-seven (127) of this Answer as though set forth in full herein.

129.    Upon information and belief, the Counter-Defendants failed to mark their patented products in compliance with 35 U.S.C. § 287.

130.    The Counter-Defendants have failed to plead that they marked their patented products.

131.    Prior to filing this lawsuit, the Counter-Defendants had not notified Wellnx of any claim of infringement of the '199 patent, the '459 patent, or the '900 patent.

132.    Upon information and belief, the Counter-Defendants are not entitled to damages for any claimed infringement prior to a date certain specified by actual notice of the patent to Wellnx because the Counter-Defendants failed properly to mark their patented products in compliance with the requirements set forth in the Patent Act.

## Count XI: Declaration of Exceptional Case

133.    Wellnx incorporates by reference Paragraphs Forty-four (44) through One Hundred Thirty-two (132) of this Answer as though set forth in full herein.

134.    This case is exceptional under 35 U.S.C. § 285, and Wellnx requests a declaration of the exceptional case status and a declaration that Wellnx is entitled to an award of its attorneys' fees, costs, and expenses related to the adjudication of this case.

## Count XII:  Declaration of Unenforceability – '199 Patent

135.    Wellnx incorporates by reference Paragraphs Forty-four (44) through One Hundred Thirty-four (134) of this Answer as though set forth in full herein.

136.    Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the '199 Patent is unenforceable for failure to comply with the conditions and requirements for patentability and prosecution

standards specified in Title 35 U.S.C., the Code of Federal Regulation 37 C.F.R., and the Manual of Patent Examining Procedure M.P.E.P.

137.    Upon information and belief, as will be likely supported by evidence after a reasonable opportunity for further investigation and discovery of information presently exclusively within Plaintiffs' control, the '199 patent is unenforceable due to failure of the inventor, the assignee, and/or their attorneys to comply with the duty of candor owed to the United States Patent and Trademark Office ("USPTO") during the prosecution of the patent applications leading to the '199 patent.

138.    Upon information and belief, a declaration was filed with the USPTO which was signed by the named inventors that was false because it contained an averment by the inventors that they believed they were the original first inventors of a hydrosoluable sale of creatine containing the anion citric, maleic, fumaric, or malic acid when in fact the inventors, the assignee and/or the attorneys that filed the declaration, knew the inventors did not invent a hydrosoluble salt of creatine containing the anion citric, maleic, fumaric, or malic acid.

139.    Wellnx requests a Declaratory Judgment declaring the '199 patent unenforceable arising under the patent laws of the United States, 35 U.S.C. § 1, et. seq., and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

**WHEREFORE,** Defendants respectfully requests that:

A.    Plaintiffs' Complaint be dismissed with prejudice and that judgment be entered in factor of Defendants.

B.    Defendants be adjudged and decreed not to have directly infringed, contributorily infringed or induced infringement of the U.S. Patent Nos. 6,716,459 B2 ('459 patent), 5,973,199 ('199 patent), or 5,968,900 ('900 patent).

C.    Plaintiffs be denied the relief they seek.

D.      U.S. patent nos. 6,716,459 B2 ('459 patent), 5,973,199 ('199 patent), or 5,968,900 ('900 patent) be adjudged and decreed invalid.

E.      U.S. patent nos. 6,716,459 B2 ('459 patent), 5,973,199 ('199 patent), or 5,968,900 ('900 patent) be adjudged and decreed unenforceable.

F.      The case be adjudged and decreed exceptional pursuant to 35 U.S.C. § 285 and Defendants be awarded their costs and attorneys' fees incurred in defending this action.

G.      The award to Defendants of their costs and prejudgment interest on all damages.

H.      The award to Defendants of their attorneys' fees.

I.      The award to Defendants of such other and further relief as this Court may deem just and proper.


                                         MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                         */s/ Rodger D. Smith II*
                                         _____
                                         Mary B. Graham (#2256)
                                         Rodger D. Smith II (#3778)
                                         James W. Parrett, Jr. (#4292)
                                         1201 N. Market Street
                                         P.O. Box 1347
                                         Wilmington, DE  19899
                                         (302) 658-9200
                                         rsmith@mnat.com
                                           *Attorneys for Defendants*

OF COUNSEL:

Roger Colaizzi
Jeffrey A. Dunn
Tamany Vinson Bentz
VENABLE, LLP
575 7th Street, NW
Washington, DC  20004-1601
(202) 344-4000

January 11, 2008
1379840