# YOUNG CONAWAY STARGATT & TAYLOR, LLP

KAREN L. PASCALE
DIRECT DIAL: (302) 571-5001
DIRECT FAX: (302) 576-3516
kpascale@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

February 11, 2008

**BY E-FILING AND HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

Re:  *Iovate Health Sciences USA, Inc., et al. v. WellNx Life Sciences Inc., et al.*,
C.A. No. 07-286-JJF

Dear Judge Farnan:

I write on behalf of Plaintiffs Iovate Health Sciences U.S.A., Inc., Iovate Health Sciences International, Inc. and Iovate T & P, Inc. (collectively "Iovate"). The Court's February 1, 2008 Order (D.I. 44),[1] set a deadline of Saturday, February 16, 2008 for the completion of jurisdictional discovery.

The Order also stated that if necessary the parties should "inform the Court . . . why additional time is required" to complete jurisdictional discovery. Iovate does need additional time to complete jurisdictional discovery, and we are filing this letter as instructed by D.I. 44.

**Procedural Background**

The individual defendants in this action, Bradley and Derek Woodgate, filed a motion to dismiss for lack of personal jurisdiction on July 16, 2007 (D.I. 13). In response to the defendants' motion, Iovate filed a motion for enlargement of the briefing schedule in order to permit jurisdictional discovery (D.I. 20). Because this motion was filed outside of the 30-day window required by the Court's standing order on non-case dispositive motions, the motion was stricken from the case docket on August 2, 2007. Iovate, on the same day, filed its limited response to defendants' motion to dismiss (D.I. 21) and a letter to the Court again requesting limited jurisdictional discovery of the individual defendants (D.I. 22). Bradley and Derek Woodgate filed their reply brief on the motion to dismiss on August 13, 2007 (D.I. 25).

On August 16, 2007, the Court entered an Order (D.I. 27), extending the time for Iovate to file its answering brief in response to the defendants' motion to dismiss "until a date after Plaintiffs' Motion for Jurisdictional Discovery has been resolved."

---

[1] Although the Order is dated February 1, 2008, the parties did not receive electronic notice of the Order from CM/ECF until Monday, February 4, 2008.

DB02:6560900.1                                                                                                        066372.1001

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Joseph J. Farnan, Jr.
February 11, 2008
Page 2

Shortly thereafter, the parties engaged in various negotiations regarding the possibility of both sides filing amended pleadings. During this period, no discovery was initiated by either party on any subject. The parties eventually requested two extensions of the original deadline for amendment of pleadings. (*See* D.I. 33, 34.) By January 25, 2008, however, the parties had reached agreement and were able to submit their respective unopposed motions to file amended pleadings. (*See* D.I. 35, 37.) The parties' amended pleadings were docketed on January 30, 2008. (*See* D.I. 40, 42.)

These recent amendments are significant for purposes of the scope of discovery: Iovate removed Slimquick Laboratories as a defendant, removed Flamma SpA and Use Techno Corporation as plaintiffs, removed its allegation of infringement under U.S. Patent No. 6,716,459, and added a count of infringement under U.S. Patent No. 6,277,396. Defendants added an estoppel defense, as well as a defense and declaratory judgment counterclaim of patent unenforceability with respect to U.S. Patent No. 5,973,199.

Thus, it was only after January 30, 2008 that the parties began to re-focus on planning fact discovery and Iovate in particular to address the pending motion to dismiss and how it might attempt to obtain whatever jurisdictional discovery it might be permitted to take to respond effectively. Then, three business days later, Iovate received notice of the Order setting a deadline of for the <u>completion</u> of jurisdictional discovery which was less than two weeks hence.

**<u>Defendants Will Neither Cooperate in Completing Jurisdictional Discovery Under the Court's Expedited Schedule, Nor Agree to a Reasonable Extension of That Schedule</u>**

In any event, its electronic receipt of the Court's Order on Monday, February 4, 2008 was the first notice to Iovate that it could rightfully begin taking jurisdictional discovery of the individual defendants.[2] Prior to this time, defendants had opposed any jurisdictional discovery. See D.I. 25 at 1 ("the Court should not entertain Plaintiffs' request for jurisdictional discovery"). Iovate moved promptly, and on Thursday, February 7, 2008, served interrogatories, requests for production, and notices of deposition on both individual defendants. The current deadline of February 16, 2008, however, will make it virtually impossible for Iovate to complete the necessary discovery, including depositions of the two individual defendants who are both residents of Canada, without the full cooperation of the defendants in meeting the expedited schedule.

On Thursday afternoon, February 7, 2008, Iovate proposed the following schedule to the defendants:

- Discovery requests to be served by Friday, February 8, 2008.
- 30 days for defendants to respond to the discovery requests (March 10, 2008).
- Depositions to take place the week of March 10, 2008.

---

[2] The February 1, 2008 Order (D.I. 44) incorrectly states that "the Court granted the parties leave to conduct Jurisdictional Discovery on August 16, 2007." In fact, the Court's August 16, 2007 Order (D.I. 27) clearly acknowledged that the jurisdictional discovery issue had yet to be resolved, and deferred any ruling on the issue.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Joseph J. Farnan, Jr.
February 11, 2008
Page 3

- Jurisdictional discovery to be completed by March 21, 2008.

(*See* Exhibit A at Page 1.)

Because defendants had refused previously to participate in jurisdictional discovery, Iovate was not optimistic about obtaining defendants' cooperation in this regard. And indeed, at 1:17 p.m. on February 8, defendants tersely responded as follows: "We cannot agree to your proposal for an extension because Judge Farnan's clear preference is for all jurisdictional discovery to conclude by February 16." (Ex. A, p. 2.)

In response, at 3:13 p.m. on February 8, Iovate sent an e-mail to defendants' counsel asking if the individual defendants would appear for their depositions on the dates notices (February 13 and 14 in Toronto). (Ex. A, p. 3.) Iovate received no response and sent a follow-up e-mail at 8:50 a.m. this morning. (Ex. A, p. 4.) This afternoon, defendants' counsel finally indicated that due to purported "defects" in the February 7 discovery papers, Iovate "should assume that the depositions will not go forward," and that the interrogatories and document requests "are untimely and cannot be answered before February 16." (Ex. A, p. 5.) Iovate responded promptly that the February 7 discovery papers were neither defective nor untimely, but nonetheless offered to take the Woodgates' depositions a full 7 business days after the notices were served, on the last business day of the expedited discovery period. (Ex. A, p. 6.) As of the close of business today, nothing further has been heard from defendants' counsel.

In short, defendants appear to be intent on depriving Iovate of any jurisdictional discovery prior to the current February 16 deadline. Due to defendants' flat refusal to cooperate, and the expedited nature of the Court's February 1, 2008 Order, Iovate is approaching the Court promptly and respectfully requests an extension until March 21, 2008 to complete all jurisdictional discovery. A proposed form of Order is attached hereto.

Respectfully submitted,

*/s/ Karen L. Pascale*

Karen L. Pascale (No. 2903)

cc:  Clerk of the Court (by CM/ECF and hand delivery)
Rodger D. Smith, II, Esq. (by CM/ECF and electronic mail)
Mary B. Graham, Esq. (by CM/ECF and electronic mail)
Roger A. Colaizzi, Esq. (by electronic mail)
Jeffrey A. Dunn, Esq. (by electronic mail)
Tamany Vinson Bentz, Esq. (by electronic mail)
Jerry Canada, Esq. (by electronic mail)
Howard J. Shire, Esq. (by electronic mail)
Christopher W. Glynn, Esq. (by electronic mail)
John W. Shaw, Esq. (by electronic mail)
Karen E. Keller, Esq. (by electronic mail)

# EXHIBIT A

From: Glynn, Christopher [mailto:CGlynn@kenyon.com]
Sent: Thursday, February 07, 2008 12:34 PM
To: Bentz, Tamany V.; Colaizzi, Roger A.
Cc: Shire, Howard; Canada, Jerry; Keller, Karen
Subject: Jurisdictional Discovery (Iovate v. WellNx)


Tamany,
In view of the Judge Farnan's Order dated February 1, please let us know if we can agree to a schedule for taking jurisdictional discovery.

We propose the following schedule for jurisdictional discovery:
    Discovery requests to be served by Friday, February 8, 2008.
    30 days for Defendants to respond to the discovery requests (March 10, 2008).
    Depositions to take place the week of March 10.
    Jurisdictional discovery to be completed by March 21.


We would appreciate if you could respond ASAP, and by tomorrow at the latest.
Thanks,
Chris


Christopher Glynn, Ph.D.
Kenyon & Kenyon LLP
One Broadway | New York, NY 10004-1007
212.908.6261 Phone | 212.425.5288 Fax
cglynn@kenyon.com | www.kenyon.com <http://www.kenyon.com/>

_____

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.


*********************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as to
form and substance.
*********************************************************************
*********************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
*********************************************************************

From: Bentz, Tamany V. <TJBentz@Venable.com>
To: Glynn, Christopher <CGlynn@kenyon.com>; Colaizzi, Roger A. <RColaizzi@Venable.com>
Cc: Shire, Howard <HShire@kenyon.com>; Canada, Jerry <JCanada@KENYON.com>; Keller, Karen; Dunn, Jeffrey A. <JADunn@Venable.com>; Kattan, Lisa M. <LMKattan@Venable.com>
Sent: Fri Feb 08 13:17:20 2008
Subject: RE: Jurisdictional Discovery (Iovate v. WellNx)

Chris,

We cannot agree to your proposal for an extension because Judge Farnan's clear preference is for all jurisdictional discovery to conclude by February 16.

Best regards,

Tamany

**From:** Glynn, Christopher
**Sent:** Friday, February 08, 2008 3:13 PM
**To:** 'Bentz, Tamany V.'; Colaizzi, Roger A.
**Cc:** Shire, Howard; Canada, Jerry; Keller, Karen; Dunn, Jeffrey A.; Kattan, Lisa M.; Pfeffer, Antony
**Subject:** Depositions of Bradley Woodgate and Derek Woodgate (Iovate v. WellNx)

Tamany,
Please let us know if you will be producing Bradley Woodgate and Derek Woodgate for deposition on February 13th and 14th according to the notices served on February 7, 2008.

We would appreciate your response by the end of the day.

Thanks,
Chris

**Christopher Glynn, Ph.D.**
**Kenyon & Kenyon LLP**
One Broadway | New York, NY 10004-1007
212.908.6261 Phone | 212.425.5288 Fax
cglynn@kenyon.com | www.kenyon.com

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

****************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of professional practice, pursuant to which certain tax advice must satisfy requirements as to
form and substance.
****************************************************************
****************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
****************************************************************

**From:** Glynn, Christopher [mailto:CGlynn@kenyon.com]
**Sent:** Monday, February 11, 2008 8:50 AM
**To:** Bentz, Tamany V.; Colaizzi, Roger A.
**Cc:** Shire, Howard; Canada, Jerry; Keller, Karen; Dunn, Jeffrey A.; Kattan, Lisa M.; Pfeffer, Antony
**Subject:** RE: Depositions of Bradley Woodgate and Derek Woodgate (Iovate v. WellNx)

Tamany,
We await your response concerning the depositions of Bradley Woodgate and Derek Woodgate.
If we do not hear from you by the close of business (EST) today, we will have to assume that you are not producing them as noticed.

Best regards,
Chris

-4-

**From:** Bentz, Tamany V. [mailto:TJBentz@Venable.com]
**Sent:** Monday, February 11, 2008 2:30 PM
**To:** Glynn, Christopher; Colaizzi, Roger A.
**Cc:** Shire, Howard; Canada, Jerry; Keller, Karen; Dunn, Jeffrey A.; Kattan, Lisa M.; Pfeffer, Antony; Graham, Mary
**Subject:** RE: Depositions of Bradley Woodgate and Derek Woodgate (Iovate v. WellNx)

Chris,

The deposition notices for Brad and Derek that were served on February 7 are defective because they violate Local Rule 30.1, which requires at least 7 full business days notice. Due to the extremely short notice you have provided, I have been unable to confirm whether or not Brad or Derek would be available for depositions on February 13 or 14 as noticed. Accordingly, you should assume that the depositions will not go forward.

Also, your written discovery requests that were served on February 7 are equally defective because they are untimely and cannot be answered before February 16 as the requests demand.

Best regards,
Tamany

| | |
|---|---|
| From: | Pascale, Karen |
| Sent: | Monday, February 11, 2008 4:03 PM |
| To: | Tamany Vinson Bentz (TJBentz@venable.com) |
| Cc: | Roger A. Colaizzi; Jeffrey A. Dunn; Howard J. Shire; Jerry Canada; Glynn, Christopher; Mary B. Graham; Rodger D. Smith; James Walter Parrett Jr. (jparrett@mnat.com); Shaw, John; Keller, Karen |
| Subject: | Depositions of Bradley Woodgate and Derek Woodgate (Iovate v. WellNx) |
| Importance: | High |

Dear Tamany: I write in response to your latest e-mail to Christopher Glynn (sent Monday, February 11, 2008 2:30 PM). Neither the deposition notices for the Woodgates nor the written discovery requests served February 7 are defective. As I'm sure you are aware, D. Del. Local Rule 30.1 states:

"Unless otherwise ordered by the Court, 'reasonable notice' for the taking of depositions . . . shall not be less than 7 days."

By granting jurisdictional discovery on February 1, giving notice of same to the parties on February 4, and setting a February 16 deadline for its completion, Judge Farnan has clearly ordered an expedited discovery schedule that quite obviously requires compression of the standard 30-day response times for written discovery requests and the 7-day advance notice rule for depositions. Thus, the "otherwise ordered" exception applies.

Furthermore, because the Court's deadline for completion of jurisdictional discovery falls on a Saturday, the Federal Rules provide that the deadline is automatically extended to the following business day (i.e., Tuesday, February 19). If you so desire, we are willing to reschedule the depositions to occur on Tuesday, February 19 (7 business days after the deposition notices were filed and served.)

We urge defendants to reconsider by the close of business today their complete refusal to cooperate in complying with the Court's expedited schedule for jurisdictional discovery.

Sincerely,

Karen L. Pascale, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Phone: 302-571-5001
Facsimile: 302-576-3516
kpascale@ycst.com

This message may contain confidential attorney-client communications or other protected information. If you believe you are not an intended recipient (even if this message was sent to your e-mail address), you may not use, copy, or retransmit it. If you believe you received this message by mistake, please notify us by return e-mail, and then delete this message. Thank you for your cooperation.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IOVATE HEALTH SCIENCES U.S.A., INC., <br> IOVATE HEALTH SCIENCES INTERNATIONAL, INC., and <br> IOVATE T & P, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WELLNX LIFE SCIENCES INC (d/b/a NV Inc.), <br> NXCARE INC., <br> NXLABS INC., <br> BIOGENETIX, <br> DEREK WOODGATE, and <br> BRADLEY WOODGATE, <br><br> Defendants. | Civil Action No. 07-286-JJF |

## ORDER

WHEREAS, on August 16, 2007, the Court entered an Order (D.I. 27), extending the time for Iovate to file its answering brief in response to the defendants' motion to dismiss "until a date after Plaintiffs' Motion for Jurisdictional Discovery has been resolved," and

WHEREAS, on February 1, 2008, the Court entered an Order (D.I. 44), setting a deadline of February 16, 2008 for the completion of jurisdictional discovery, and states that if necessary the parties should "inform the Court . . . why additional time is required" to complete jurisdictional discovery; and

WHEREAS, on February 11, 2008, Iovate filed a letter (D.I. ____), setting forth its reasons why it additional time beyond February 16, 2008 is required to complete jurisdictional discovery;

IT IS HEREBY ORDERED, this ____ day of February, 2008, that Plaintiffs' letter request for an extension of time beyond February 16, 2008 to conduct jurisdictional discovery is

GRANTED. The parties shall conduct jurisdictional discovery according to the following schedule:

1. Defendants shall respond by March 10, 2008 to the written discovery requests served by Iovate on February 7, 2008.

2. Depositions shall take place during the week of March 10, 2008.

3. Jurisdictional discovery shall be completed by March 21, 2008.

_____
UNITED STATES DISTRICT JUDGE