# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

**Mary B. Graham**
302.351.9199
mgraham@mnat.com

February 13, 2008

**VIA ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE 19801

        Re:    Iovate, et al. v. Wellnx, et al.; C.A. No. 07-286-JJF

Dear Judge Farnan:

        This responds to Plaintiffs' letter to the Court of Monday evening (D.I. 46) in connection with jurisdictional discovery. Plaintiffs' letter is inaccurate in describing the status of the proceedings and Defendants' position on discovery. Plaintiffs have delayed for almost six months in pursuing jurisdictional (or any other) discovery. Their letter now wrongly seeks to lay blame at the feet of the Court for the predicament in which they find themselves, and to impose an unfair burden on individual Defendants over whom there is no personal jurisdiction.

        For the reasons explained below, we ask that the Court deny Plaintiffs' requested order. We would not oppose, however, an order on jurisdictional discovery in the form attached hereto whereby the individual Defendants respond by March 10 to the propounded interrogatories and request for production to the extent such discovery relates to jurisdiction over Messrs. Bradley Woodgate and Derek Woodgate. In addition, Messrs. Bradley Woodgate and Derek Woodgate, who are officers of corporate Defendants and whose depositions have been noticed, will appear for deposition on a mutually convenient date, but only one time in the case. Defendants' proposed order is considerably more efficient than Plaintiffs' proposed order, permits the orderly process of the case, minimizes the burden and expense on Defendants and provides Plaintiffs with a full opportunity for jurisdictional discovery despite their complete inaction over the past six months.

The Honorable Joseph J. Farnan, Jr.
February 13, 2008
Page 2

**<u>Procedural Background</u>**

On May 24, 2007, Plaintiffs filed this action alleging infringement of U.S. Patent Nos. 5,973,199 ("the '199 patent"); 6,716,459 ("the '459 patent"); and 5,968,900 ("the '900 patent"). The Complaint included no jurisdictional allegations to support the claims levied against the individual Defendants. Accordingly, on July 16, 2007, the individual Defendants filed a motion to dismiss for lack of personal jurisdiction.

At that time, Plaintiffs demanded jurisdictional discovery from the individual Defendants. Plaintiffs, however, could not articulate a single basis upon which the individual Defendants might be subject to Delaware's jurisdiction, despite Plaintiffs' burden to do so. *McNeil Nutritionals, LLC v. The Sugar Assoc.*, No. 05-69 (GMS), 2005 U.S. Dist. LEXIS 7628, at *5 (D. Del. Apr. 29, 2005) (requiring "some indication" that the individual defendants here are "amenable to suit in this forum" before allowing jurisdictional discovery); *Telcordia Tech., Inc. v. Alcatel S.A.*, No. 04-874, 2005 U.S. Dist. LEXIS 10194, at *28-29 (D. Del. May 27, 2005); *Brown v. AST Sports Sci., Inc.*, No. 02-1682, 2002 WL 32345935, at *10 (E.D. Pa. June 28, 2002) (finding that mere speculation is not enough to grant jurisdictional discovery). In fact, the individual Defendants are both Canadian residents who have never been to Delaware and have no connection to the state – they have never worked or lived in Delaware, they do not own any assets in Delaware, and they do not work for Delaware corporations. *See* D.I. 15, Declaration of Bradley Woodgate; D.I. 16 Declaration of Derek Woodgate.

Nevertheless, Plaintiffs proceeded to seek leave to take jurisdictional discovery and Plaintiffs' motion was initially stricken by the Court. *See* D.I. 27. On August 16, 2007, the Court "granted the parties leave to conduct Jurisdictional Discovery." *See* D.I. 44. On September 6, 2007, the Court conducted the Rule 16 Conference. On October 2, 2007, the Court issued the Scheduling Order. At no point did Plaintiffs seek any discovery, jurisdictional or otherwise.

Several months thereafter,[1] on January 10, 2008, the corporate Defendants proposed to amend their Answer and Counterclaims. *See* Exhibit A, Letter from J. Parrett to J. Ingersoll (Jan. 10, 2008). Plaintiffs requested an extension to consider the amendment, which was agreed to by Defendants and granted by the Court. D.I. 15. On

---

[1] In order to suggest that they had not delayed in seeking to resolve the jurisdictional issue, Plaintiffs represented to the Court that "shortly" after the August 16, 2007 Order, the "parties engaged in various negotiations regarding . . . filing amended pleadings." D.I. 46 at 2. In fact, it was not until Defendants proposed their amended answer on January 10, 2008, five months after the Order, that the parties ever discussed the filing of an amended answer, and it was not until a week later that Plaintiffs suggested it wanted to file an amended complaint.

The Honorable Joseph J. Farnan, Jr.
February 13, 2008
Page 3

January 17, 2008, Plaintiffs proposed to amend their Complaint.  *See* Exhibit B, Email from C. Glynn to R. Colaizzi (Jan. 17, 2008).[2]

Plaintiffs suggest that their delay in seeking jurisdictional discovery was justified because the "recent amendments [to the Complaint] are significant for purposes of the scope of discovery." In fact, the amendments to the Complaint are completely unrelated to jurisdictional discovery.[3] Specifically, the jurisdictional allegations in the Complaint and the Amended Complaint are ***identical***. *Compare* D.I. 1 at ¶¶ 12-17, to D.I. 40 at ¶¶ 9-14.  Accordingly, there is nothing about the amendments to the complaint that relate in any way to the scope of jurisdictional discovery.

### Plaintiffs' Proposed Extension Should be Rejected; Defendants' Proposed Order Provides Efficient Jurisdictional Discovery While Minimizing the Burden on Defendants

Defendants' proposed order provides that the individual Defendants will respond by March 10 to the propounded interrogatories and request for production to the extent such discovery relates to jurisdiction over Messrs. Bradley Woodgate and Derek Woodgate. In addition, Messrs. Bradley Woodgate and Derek Woodgate, who are officers of corporate Defendants and whose depositions have been noticed, will appear for deposition on a mutually convenient date, but only one time in the case. It is likely that Plaintiffs will seek to take the depositions of Messrs Bradley Woodgate and Derek Woodgate in their capacities as officers. It is also likely that Plaintiffs will seek written discovery from the corporate Defendants before taking such depositions. Thus, it is more efficient and less burdensome for Plaintiffs to take one deposition of each of Messrs. Bradley Woodgate and Derek Woodgate rather than two. Such a process also will eliminate any disputes over whether deposition questions relate to jurisdiction over the individuals or are designed improperly to seek information about the corporate

---

[2] The parties agreed to each other's amendment and the Court granted each leave. D.I. 39 and 41.

[3] Plaintiffs proposed to withdraw the '459 patent from the case, which is something Defendants had demanded two months prior to Plaintiffs' proposed amendment. *See* Exhibit C, Letter from R. Colaizzi to J. Canada (Nov. 8, 2007). However, removing the '459 patent and two named Plaintiffs, and substituting in the '396 patent, did not change the substance of the allegations. The Complaint alleges patent infringement and nothing more. Plaintiffs' claim that the removal of the '459 patent warrants an extension in jurisdictional discovery is baseless because Plaintiffs were forced to withdraw the '459 patent, as it was found invalid and unenforceable by the District Court for the Northern District of California. *USE Techno Corp. v. Kenko USA*, Inc., No. 06-2754, D.I. 159 Order Granting Defendants' Motion for Summary Judgment (N.D. Cal. Sept. 4, 2007).

The Honorable Joseph J. Farnan, Jr.
February 13, 2008
Page 4

Defendants.[4]  Thus, even if Plaintiffs have no intention of taking the depositions of Messrs. Bradley Woodgate and Derek Woodgate in their corporate capacities, Defendants' proposed order permits Plaintiffs to take the jurisdiction only depositions of the Woodgates as soon as a mutually convenient date can be identified.  Finally, Defendants' proposed order provides for completion of the briefing on the motion to dismiss for lack of personal jurisdiction as soon as the depositions are completed.

Plaintiffs should not be granted the extension for jurisdictional discovery that is proposed in their letter because Plaintiffs have done <u>nothing</u> to obtain such discovery for the last six months, and the proposed order unnecessarily increases the expense and burden on defendants.  According to the Court's Orders, Plaintiffs could have taken jurisdictional discovery at anytime in the last six months.  *See* D.I. 27; D.I. 44.  Moreover, fact discovery has been open since at least September 6, 2007, but Plaintiffs have not taken any fact discovery.  Ironically, Plaintiffs could have noticed the depositions of Brad Woodgate and Derek Woodgate at anytime after fact discovery opened, but chose not to do so.

Rather than promptly take jurisdictional discovery, Plaintiffs waited until the very last minute and then served discovery requests that were deficient in several respects.  For instance, Plaintiffs served deposition notices on February 7 for depositions to occur on February 13 and 14.  Not only did these notices fail to give reasonable notice (e.g. under the local rules), at no time prior to the service of the deposition notices did Plaintiffs ask about the individual Defendants' availability for these depositions.  Moreover, the notice provided by Plaintiffs was so short that Defendants' counsel was not even able to confirm whether either of them was available on February 13 and 14.  *See* D.I. 46, Exhibit A at 5, email from T. Vinson Bentz to C. Glynn (Feb. 11, 2008).

In all events, Defendants believe that jurisdictional discovery will only confirm that the allegations against the individual Defendants should be dismissed.  Therefore, the individual Defendants are willing to engage in limited discovery that is directed towards personal jurisdiction over them.  Defendants proposed order reflects this agreement and for that reason Defendants respectfully request that the Court issue the order attached hereto.

                                Respectfully,

                                */s/ Mary B. Graham (#2256)*
                                Mary B. Graham (#2256)

MBG/nlm
cc:    Clerk of the Court (via hand delivery and electronic filing)
        All Counsel of Record (via e-mail)
1532539

---

[4] Some of the written discovery improperly propounded as "jurisdictional discovery" clearly crosses the line into queries solely about the corporate Defendants and the individual Defendants' actions as officers of the corporation.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IOVATE HEALTH SCIENCES U.S.A., INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 07-286 (JJF) |
| WELLNX LIFE SCIENCES INC. (d.b.a. NV INC.), et al., | ) ) ) | |
| Defendants. | ) | |

**PROPOSED ORDER**

WHEREAS, on August 16, 2007, the Court entered an Order (D.I. 27), granting the parties leave to conduct Jurisdictional Discovery and extending the time for Iovate to file its answering brief in response to defendants' motion to dismiss;

WHEREAS, on February 1, 2008, the Court entered an Order (D.I. 44), setting a deadline of February 16, 2008, for the completion of jurisdictional discovery; and

WHEREAS, the Plaintiffs have requested an extension of time beyond February 16, 2008 in which to conduct jurisdictional discovery;

IT IS HEREBY ORDERED that the parties shall conduct jurisdictional discovery according to the following schedule:

1.  The Individual Defendants, Bradley Woodgate and Derek Woodgate, will respond by March 10, 2008, to the interrogatories and requests for production served on February 7, 2008, to the extent the requests relate to jurisdiction over the Individual Defendants.

2.  The Individual Defendants, whose depositions were noticed on February 7, 2008, will appear for depositions in Canada, but only one time in the case.

3.  Plaintiffs will respond to Defendants' motion to dismiss within 10 days of the depositions of the Individual Defendants, and Defendants will reply to Plaintiffs' response within 10 days thereafter.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

JAMES W. PARRETT, JR.
302 351 9678
302 658 3989 FAX
jparrett@mnat.com

January 10, 2008

Via E-mail

Josy W. Ingersoll
Karen E. Keller
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
100 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

        Re:    Iovate, et al. v. Wellnx, et al.; C.A. No. 07-286-JJF

Dear Counsel:

        Enclosed is a copy of a draft of the proposed First Amended Answer, Affirmative Defenses and Counterclaims of Wellnx Life Sciences Inc. (d/b/a NV Inc.), Nxcare Inc., Nxlabs Inc., Slimquick Laboratories, and Biogenetix (collectively "Defendants"). The proposed pleading would add Defendants' defenses of estoppel and unenforceability and a declaratory count of unenforceability, along with a few additional changes. We are finalizing the text and may make additional minor changes prior to filing. A red-lined copy is also enclosed.

        So that we may comply with Local Rule 7.1.1, please let us know by noon tomorrow, January 11, whether Plaintiffs agree that Defendants may serve their First Amended Answer, Affirmative Defenses and Counterclaims. If Plaintiffs are not in agreement, please let us know what Plaintiffs object to and explain the bases for any such objections.

        Sincerely,

        James W. Parrett, Jr.

/lmc
Enclosures
1380079

# EXHIBIT B

**From:** Glynn, Christopher [mailto:CGlynn@kenyon.com]
**Sent:** Thursday, January 17, 2008 12:20 PM
**To:** Colaizzi, Roger A.
**Cc:** mgraham@mnat.com; Shire, Howard; Canada, Jerry; Keller, Karen
**Subject:** Amended Complaint (Iovate v. WellNx)

Roger,
Please find as an attachment to this message, a copy of the proposed First Amended Complaint that Iovate intends to file in the above-referenced action. Please let us know as soon as possible whether Defendants consent to Iovate's filing this amended complaint.


**Christopher Glynn, Ph.D.**
Kenyon & Kenyon LLP
One Broadway | New York, NY 10004-1007
212.908.6261 Phone | 212.425.5288 Fax
cglynn@kenyon.com | www.kenyon.com

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.


*************************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties that may be imposed un Code or by any other applicable tax authority; or (b) promoting, marketing or recommending to another party any tax-related matter addressed herein. We provide th disclosure on all outbound e-mails to assure compliance with new standards of professional practice, pursuant to which certain tax advice must satisfy requirement form and substance.
*************************************************************************
*************************************************************************
This electronic mail transmission may contain confidential or privileged information you believe you have received this message in error, please notify the sender by rep transmission and delete the message without copying or disclosing it.
*************************************************************************

# EXHIBIT C

Case 1:07-cv-00286-JJF   Document 47-3   Filed 02/13/2008   Page 5 of 6



| | 575 7th Street, NW<br>Washington, DC 20004 | Telephone 202-344-4000<br>Facsimile 202-344-8300 | www.venable.com |
|---|---|---|---|
| | Roger A. Colaizzi | (202) 344-8051 | racolaizzi@venable.com |

November 8, 2007

Jerry Canada, Esquire
Kenyon & Kenyon LLP
One Broadway
New York, New York 10004-1007

      Re:  *Iovate et al. v. Wellnx et al.*, 07-286-JJF

Dear Jerry:

    I write to inquire as to whether your clients intend to withdraw their claims based on U.S. Patent No. 6,716,459 ("the '459 patent) in the above referenced litigation. As you know the U.S. District Court for the Northern District of California held that the '459 patent is both invalid and unenforceable. Consequently, your clients cannot assert the '459 patent in this litigation and my clients cannot be found to infringe the '459 patent.

    It is well settled that a finding of invalidity and unenforceability has collateral estoppel effect that accrues to the benefit of third parties accused of infringement. *See, e.g., Blonder-Tongue Lab., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313 (1971). Accordingly, your clients cannot use the '459 patent as the basis of their infringement claims in this litigation, regardless of whether they intend to appeal the decision of invalidity or unenforceability. *See Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 170 F.3d 1373 (Fed. Cir. 1999).

    Because your clients no longer have a basis for maintaining claims concerning the '459 patent we expect that you will voluntarily withdraw the claims. We would prefer to avoid motion practice on this issue because it would be wasteful of the Court's limited resources. Accordingly, please confirm in writing by November 21, 2007, that you will withdraw your clients' claims based on the '459 patent. If you refuse, we will have no choice but to file a motion to dismiss.

                                                                 Best regards,

                                                             Roger Colaizzi

cc:  Mary Graham, Esq.
       Karen E. Keller, Esq.