IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IOVATE HEALTH SCIENCES U.S.A., INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 07-286 (JJF) |
| WELLNX LIFE SCIENCES INC. (d.b.a. NV INC.), et al., | ) ) ) | |
| Defendants. | ) | |

**ANSWER TO FIRST AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES and COUNTERCLAIMS**

WELLNX LIFE SCIENCES INC (d/b/a NV INC.), NXCARE INC., NXLABS

INC, SLIMQUICK LABORATORIES, and BIOGENETIX (collectively "Defendants")[1],

by and through their attorneys, file this Answer to Plaintiffs' IOVATE HEALTH

SCIENCES U.S.A., INC., IOVATE HEALTH SCIENCES INTERNATIONAL, INC.,

and IOVATE T & P, INC. (collectively "Plaintiffs") First Amended Complaint for Patent

Infringement ("the Amended Complaint") as follows:

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

**PARTIES**

1.      Defendants deny each and every allegation contained within Paragraph

One (1) of the Amended Complaint on the basis that Defendants are without sufficient

---

[1]     Derek Woodgate and Bradley Woodgate do not join in this Answer, as the Court
does not have personal jurisdiction over them.  Accordingly, on July 16, 2007,
they filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2).
The jurisdictional allegations in Plaintiffs' First Amended Complaint are identical
to the jurisdictional allegations in Plaintiffs' Original Complaint.

NxLabs, Inc., Slimquick Laboratories and Biogenetix are not separate legal
entities from Wellnx, but rather registered trade names under which Wellnx does,
or in the past has done, business.

knowledge or information to form a belief as to the truth of the allegation contained therein.

2.      Defendants deny each and every allegation contained within Paragraph Two (2) on the basis that Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation contained therein.

3.      Defendants deny each and every allegation contained within Paragraph Three (3) on the basis that Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation contained therein.

4.      Defendants admit the allegation contained within Paragraph Four (4) that WellNx is a corporation organized and existing under the laws of Ontario, Canada. Defendants deny that Wellnx has a place of business at 1680 Tech Avenue, Unit 1, Mississauga, ON, Canada, L4W 5S9.  Defendants aver that 218 Silvercreek Parkway, Guelph, ON, Canada, is a mail forwarding address.  Defendants deny any other allegation set forth in Paragraph Four (4).

5.      Defendants admit that NxCare was a corporation organized and existing under the laws of Ontario, Canada.  Defendants deny that NxCare has a place of business at 1680 Tech Avenue, Unit 1, Mississauga, ON, Canada, L4W 5S9, but affirmatively aver that NxCare changed its name to Wellnx Life Sciences Inc. and is not a company independent from Wellnx Life Sciences Inc.  Defendants deny any other allegations set forth in Paragraph Five (5).

6.      Defendants deny the allegations contained within Paragraph Six (6) because NxLabs is not an independent entity.

7.      Defendants deny the allegations contained within Paragraph Seven (7) because Biogenetix is not an independent entity.

8.      Defendants admit the allegation contained within Paragraph Eight (8) that Derek Woodgate and Bradley Woodgate are individuals and the founders of WellNx Life Sciences, Inc. and are officers, shareholders and/or directors of that entity, but deny any other allegation set forth therein.

9.      Defendants admit the allegation contained in Paragraph Nine (9) that Derek Woodgate resides at 1594 Waldie Avenue, Milton, ON, Canada, L9T, 5K8, but affirmatively aver that this Court has no jurisdiction over Mr. Woodgate.  Defendants deny any other allegations set forth in Paragraph Nine (9).

10.     Defendants admit the allegation contained in Paragraph Ten (10) that Bradley Woodgate resides at 803-373 Front Street West, Toronto, ON, Canada, M5V-3R7, but affirmatively aver that this Court has no jurisdiction over Mr. Woodgate. Defendants deny any other allegations set forth in Paragraph Ten (10).

## JURISDICTION AND VENUE

11.     Defendants admit the allegations contained within Paragraph Eleven (11) with respect to subject matter jurisdiction.  Defendants deny any other allegations set forth in Paragraph Eleven (11) of the Amended Complaint.

12.     Defendants deny each and every allegation of Paragraph Twelve (12).

13.     Defendants aver that Wellnx utilizes a mail forwarding service at 1201 N. Orange Street, Suite 741, Wilmington, DE, 19801, but deny that it maintains an office at that address and any other allegations set forth in Paragraph Thirteen (13).

14.     Defendants deny each and every allegation of Paragraph Fourteen (14).

## **GENERAL ALLEGATIONS**

15.    Defendants admit the allegations contained within Paragraph Fifteen (15) that a copy of the document purporting to be U.S. Patent No. 5,973,199 was attached to the Amended Complaint, the Patent is titled "Hydrosoluble Organic Salts of Creatine," and the document indicates that it was issued October 26, 1999, but denies every other allegation set forth therein on the basis that Defendants are without sufficient knowledge or information to form a  belief as to the truth of the allegations contained therein.

16.    Defendants deny each and every allegation contained within Paragraph Sixteen (16) on the basis that Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

17.    Defendants admit the allegations contained within Paragraph Seventeen (17) that a copy of the document purporting to be U.S. Patent No. 5,968,900 was attached to the Amended Complaint, the Patent is titled "Increasing Creatine and Glycogen Concentration in Muscle," and the document indicates that it was issued October 19, 1999, but denies every other allegation set forth therein on the basis that Defendants are without sufficient knowledge or information to form a  belief as to the truth of the allegations contained therein.

18.    Defendants deny each and every allegation contained within Paragraph Eighteen (18) on the basis that Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

19.    Defendants admit the allegations contained within Paragraph Nineteen (19) that a copy of the document purporting to be U.S. Patent No. 6,277,396 was attached to the Amended Complaint, the Patent is titled "Dietary Supplement Containing a

Thermogenic Substance and an Adrenal Support Substance," and the document indicates that it was issued August 21, 2001, but denies every other allegation set forth therein on the basis that Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

20.     Defendants deny each and every allegation contained within Paragraph Twenty (20) on the basis that Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

21.     Defendants admit that at least some of the named products have been offered for sale and sold in the United States, including de minimus sales of at least one product in the District of Delaware. Defendants deny all other allegations in Paragraph Twenty-one (21).

22.     Defendants admit the supplement information for Vaso lists among the ingredients Tri-Pump™, which includes Tri-Arginine Alpha-Ketoglutarate, Tri-Arginine Malate, Tri-Creatine Malate, and Citrulline Malate. Defendants deny all other allegations in Paragraph Twenty-two (22).

23.     Defendants admit the supplement information for Vaso XP lists among the ingredients Tri-Pump™, which includes Tri-Arginine Alpha-Ketoglutarate, Tri-Arginine Malate, Tri-Creatine Malate, and Citrulline Malate. Defendants deny all other allegations in Paragraph Twenty-three (23).

24.     Defendants admit that the product label for Hypergrowth lists 10 grams of "CreaPlex3 (Proprietary Blend): Micronized Creatine Monohydrate, Tri-creatine Malate, Buffered Creatine" and 2.5 grams "Insutech: Micronized Taurine, 4-Hydroxyisoleucine,

D-Pinitol, Corosolic Acid," but deny every other allegation contained in Paragraph Twenty-four (24).

25.     Defendants admit that the product label for Lean Hypergrowth lists 10 grams of "CreaPlex3™:   Micronized Creatine Monohydrate, Tri-creatine Malate, Buffered   Creatine"   and   2.5   grams   "Insutech™:   Micronized   Taurine,   4-Hydroxyisoleucine, D-Pinitol, Corosolic Acid," but deny every other allegation contained in Paragraph Twenty-five (25).

26.     Defendants admit that the supplement information for Vaso, which is one component of Muscle Expansion Pack, lists among the ingredients "Tri-Creatine Malate." Defendants deny all other allegations in Paragraph Twenty-six (26).

27.     Defendants admit that supplement information for Vaso, which is one component of Pump System, lists among the ingredients Tri-Pump™, which includes Tri-Arginine   Alpha-Ketoglutarate,   Tri-Arginine   Malate,   Tri-Creatine   Malate,   and Citrulline Malate.  Defendants deny all other allegations in Paragraph Twenty-seven (27).

28.     Defendants admit that the product label for Creatine-D$^2$T lists 4000 mg per serving of "Deca-Creatine™ (Advanced Creatine Delivery Complex):  Creatine Ethyl Ester Hydrochloride, Creatine Monohydrate, Creatine Decanoate, Creatine Alpha Ketoglutarate" and 475 mg per serving of "Crea-DRIVE™ (Advanced Creatine-Delivery Complex):  *Cinammonum cassia* bark extract (4:1), Grape seed extract (*Vitis vinifera* (4:1), Prickly pear (*Opuntia streptacantha*)," but deny every other allegation contained in Paragraph Twenty-eight (28).

29.     Defendants admit that the product label for REVxp Hardcore lists among its ingredients Green Tea Extract (*Camellia sinensis*) (leaf), which includes 70% total

catechins, Caffeine, Clary Sage Extract, 4-Hydroxyisoleucine, Ginseng, and *Piper nigrum*. Defendants deny all other allegations in Paragraph Twenty-nine (29).

30.    Defendants admit that the product label for Methyl Ripped lists among its ingredients Clenadrine™, which includes "di-caffeine alpha-ketoglutarate, di-caffeine malate, esterified green tea extract [standardized for 45% epigallocatechin gallate (EGCG) ester, 2% epicatechin gallate (ECG) ester, 2% gallocatechin gallate (GCG) ester, 1% catechin gallate (CG) ester] ..."; Cyto-T3™, which includes "*Bacopa monnieri*, gugglesterones E&Z HCl"; and CC-VOL™, which includes "Ashwagandha, phosphatidylserine, beta-sitosterol, theanine."

31.    Defendants incorporate by reference their answer to Paragraph 30. Defendants further admit that the product label for Methyl Dry lists among its ingredients DYOZIDE-X™, which includes among its ingredients "di-caffeine alpha-ketoglutarate, esterfied green tea extract (*Camellia sinensis*) (leaf) [standardized for epigallocatechin gallate (EGCG) ester]." Defendants deny all other allegations in Paragraph Thirty (31).

32.    Defendants admit that a product label for NV lists among its ingredients "Green Tea Extract (Leaf) –Standardized For Polyphenols And Epigallocatechin Gallate [EGCG])--...Panax Ginseng Extract...Alpha-Lipoic Acid." Defendants deny all other allegations in Paragraph Thirty-one (32).

## FIRST CAUSE OF ACTION
(Infringement of the '199 Patent)

33.    Defendants incorporate by reference their Answers set forth above in Paragraphs One (1) through Thirty-two (33) as though set forth in full herein.

34.    Defendants deny each and every allegation contained within Paragraph Thirty-four (34).

35.     Defendants deny each and every allegation contained within Paragraph Thirty-five (35).

36.     Defendants deny each and every allegation contained within Paragraph Thirty-six (36).

## SECOND CAUSE OF ACTION
(Infringement of the '900 Patent)

37.     Defendants incorporate by reference their Answers set forth above in Paragraphs One (1) through Thirty-six (37) as though set forth in full herein.

38.     Defendants deny each and every allegation contained within Paragraph Thirty-eight (38).

39.     Defendants deny each and every allegation contained within Paragraph Thirty-nine (39).

40.     Defendants deny each and every allegation contained within Paragraph Forty (40).

## THIRD CAUSE OF ACTION
(Infringement of the '396 Patent)

41.     Defendants incorporate by reference their Answers set forth above in Paragraphs One (1) through Forty (41) as though set forth in full herein.

42.     Defendants deny each and every allegation contained within Paragraph Forty-two (42).

43.     Defendants deny each and every allegation contained within Paragraph Forty-three (43).

44.     Defendants deny each and every allegation contained within Paragraph Forty-four (44).

## AFFIRMATIVE DEFENSES

Pleading further and without waiving the above Answer, Defendants assert that Plaintiffs' claims are barred in whole or in part, based on one or more of the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Non-infringement)

45.    Defendants have not infringed, either literally or under the doctrine of equivalents, nor contributed to infringement by others, nor actively induced others to infringe, any claim of either U.S. Patent Nos. 6,277,396 ('396 patent), 5,973,199 ('199 Patent), or 5,968,900 ('900 patent).

### SECOND AFFIRMATIVE DEFENSE
(Invalidity – '199 Patent)

46.    Defendants incorporate by reference the averments and allegations set forth above in Paragraph Forty-five (45) as though set forth in full herein.

47.    Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the '199 Patent is invalid and/or unenforceable for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

48.    Upon information and belief, as will be likely supported by evidence after a reasonable opportunity for further investigation and discovery of information presently exclusively within Plaintiff's control, the '199 patent is invalid because it fails to meet the requirement for a patentable invention (Section 101), is anticipated by prior art or actions in the public domain (Section 102), is obvious in view of prior art or actions in

the public domain (Section 103), and/or fails to meet the disclosure and other requirements of the Patent Act (Section 112).

49.     Upon information and belief, Plaintiffs knew or should have known that if the '199 patent is construed to cover Defendants' products then the '199 patent is invalid in view of prior art.

### THIRD AFFIRMATIVE DEFENSE
(Patent Misuse – '199 Patent)

50.     Defendants incorporate by reference the averments and allegations set forth above in Paragraphs Forty-five (45) through Forty-nine (49) as though set forth in full herein.

51.     Plaintiffs have engaged and are engaging in patent misuse because the Plaintiffs knew or should have known that the '199 patent is invalid and/or unenforceable for the reasons set forth above and the Plaintiffs brought this enforcement action for improper purpose.

52.     Upon information and belief, the Plaintiffs knew or should have known that the '199 patent is invalid and/or unenforceable for the reasons set forth above, yet Plaintiffs nevertheless brought the present action against Defendants for the purpose of wrongfully excluding Defendants from the market.

### FOURTH AFFIRMATIVE DEFENSE
(Non-infringement – '199 Patent)

53.     Defendants incorporate by reference the averments and allegations set forth above in Paragraphs Forty-five (45) through Fifty-two (52) as set forth in full herein.

54.    Defendants' products do not infringe any properly construed claim in the '199 Patent due to prosecution history estoppel based on the state of the prior art at the time of prosecution and the positions taken by the inventors and his attorneys during the prosecution of the '199 Patent.

55.    The claims of the '199 patent cannot be interpreted to cover Defendants' products either literally or under the doctrine of equivalents, since Plaintiffs made statements and admissions to the United States Patent and Trademark Office (USPTO) to induce the USPTO to grant the '199 patent, and are thereby estopped from obtaining an interpretation of the claims that would cover Defendants' products.

### FIFTH AFFIRMATIVE DEFENSE
(Invalidity – '900 Patent)

56.    Defendants incorporate by reference the averments and allegations set forth above in Paragraph Forty-five (45) through Paragraph Fifty-five (55) as set forth in full herein.

57.    Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the '900 Patent is invalid and/or unenforceable for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

58.    Upon information and belief, as will be likely supported by evidence after a reasonable opportunity for further investigation and discovery of information presently exclusively within Plaintiff's control, the '900 patent is invalid because it fails to meet the requirement for a patentable invention (Section 101), is anticipated by prior art or actions in the public domain (Section 102), is obvious in view of prior art or actions in

the public domain (Section 103), and/or fails to meet the disclosure and other requirements of the Patent Act (Section 112).

59.    Upon information and belief, Plaintiffs knew or should have known that if the '900 patent is construed to cover Defendants' products then the '900 patent is invalid in view of prior art.

**SIXTH AFFIRMATIVE DEFENSE**
(Patent Misuse – '900 Patent)

60.    Defendants incorporate by reference the averments and allegations set forth above in Paragraphs Forty-five (45) through Fifty-nine (59) as though set forth in full herein.

61.    Plaintiffs have engaged and are engaging in patent misuse because the Plaintiffs knew or should have known that the '900 patent is invalid and/or unenforceable for the reasons set forth above and the Plaintiffs brought this enforcement action for improper purpose.

62.    Upon information and belief, the Plaintiffs knew or should have known that the '900 patent is invalid and/or unenforceable for the reasons set forth above, yet Plaintiffs nevertheless brought the present action against Defendants for the purpose of wrongfully excluding Defendants from the market.

**SEVENTH AFFIRMATIVE DEFENSE**
(Non-infringement – '900 Patent)

63.    Defendants incorporate by reference the averments and allegations et forth above in Paragraphs Forty-five (45) through Sixty-two (62) as set forth in full herein.

64.    Defendants' products do not infringe any properly construed claim in the '900 Patent due to prosecution history estoppel based on the state of the prior art at the

time of prosecution and the positions taken by the inventors and his attorneys during the prosecution of the '900 Patent.

65.    The claims of the '900 patent cannot be interpreted to cover Defendants' products either literally or under the doctrine of equivalents, since Plaintiffs made statements and admissions to the United States Patent and Trademark Office (USPTO) to induce the USPTO to grant the '900 patent, and are thereby estopped from obtaining an interpretation of the claims that would cover Defendants' products.

## EIGHTH AFFIRMATIVE DEFENSE
(Invalidity – '396 Patent)

66.    Defendants incorporate by reference the averments and allegations set forth above in Paragraph Forty-five (45) through Paragraph Sixty-six (66) as set forth in full herein.

67.    Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the '396 Patent is invalid and/or unenforceable for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

68.    Upon information and belief, as will be likely supported by evidence after a reasonable opportunity for further investigation and discovery of information presently exclusively within Plaintiff's control, the '396 patent is invalid because it fails to meet the requirement for a patentable invention (Section 101), is anticipated by prior art or actions in the public domain (Section 102), is obvious in view of prior art or actions in the public domain (Section 103), and/or fails to meet the disclosure and other requirements of the Patent Act (Section 112).

69.    Upon information and belief, Plaintiffs knew or should have known that if the '396 patent is construed to cover Defendants' products then the '396 patent is invalid in view of prior art.

## NINTH AFFIRMATIVE DEFENSE
### (Patent Misuse – '396 Patent)

70.    Defendants incorporate by reference the averments and allegations set forth above in Paragraphs Forty-five (45) through Sixty-nine (69) as though set forth in full herein.

71.    Plaintiffs have engaged and are engaging in patent misuse because the Plaintiffs knew or should have known that the '396 patent is invalid and/or unenforceable for the reasons set forth above and the Plaintiffs brought this enforcement action for improper purpose.

72.    Upon information and belief, the Plaintiffs knew or should have known that the '396 patent is invalid and/or unenforceable for the reasons set forth above, yet Plaintiffs nevertheless brought the present action against Defendants for the purpose of wrongfully excluding Defendants from the market.

## TENTH AFFIRMATIVE DEFENSE
### (Non-infringement '396 Patent)

73.    Defendants incorporate by reference the averments and allegations set forth above in Paragraphs Forty-five (45) through Seventy-two (72) as set forth in full herein.

74.    Defendants' products do not infringe any properly construed claim in the '396 Patent due to prosecution history estoppel based on the state of the prior art at the

time of prosecution and the positions taken by the inventors and his attorneys during the prosecution of the '396 Patent.

75.    The claims of the '396 patent cannot be interpreted to cover Defendants' products either literally or under the doctrine of equivalents, since Plaintiffs made statements and admissions to the United States Patent and Trademark Office (USPTO) to induce the USPTO to grant the '396 patent, and are thereby estopped from obtaining an interpretation of the claims that would cover Defendants' products.

**ELEVENTH AFFIRMATIVE DEFENSE**
(Latches)

76.    Defendants incorporate by reference the averments and allegations set forth above in Paragraphs Forty-five (45) through Seventy-five (75) as set forth in full herein.

77.    Plaintiffs are barred from asserting their claims due to the doctrines of latches.

**TWELFTH AFFIRMATIVE DEFENSE**
(Unclean Hands)

78.    Defendants incorporate by reference the averments and allegations set forth above in Paragraphs Forty-five (45) through Seventy-seven (77) as set forth in full herein.

79.    Plaintiffs are barred from asserting their claims due to the doctrine of unclean hands, estoppel and/or waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Marking)

80.    Defendants incorporate by reference the averments and allegations set fort above in Paragraphs Forty-five (45) through Seventy-Nine (79) as though set forth in full herein.

81.    On information and belief, the Plaintiffs failed to mark their patented products in compliance with 35 U.S.C. Sec. 287.

82.    The Plaintiffs have failed to plead that they marked their patented products.

83.    Plaintiffs are not entitled to damages for any claimed infringement prior to a date certain specified by actual notice of the patent to Defendants because Plaintiffs failed to properly mark their patented products in compliance with the requirements set forth in the Patent Act.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

84.    Defendants incorporate by reference the averments and allegations set forth above in Paragraphs Forty-five (45) through Eighty-three (83) as though set forth in full herein.

85.    The Amended Complaint fails to state a claim upon which relief can be granted.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Lack of Jurisdiction)

86.    Defendants incorporate by reference the averments and allegations set forth above in Paragraphs Forty-five (45) through Eighty-five (85) as though set forth in full herein.

87.    This Court lacks jurisdiction over Defendants and this is the improper venue for Plaintiffs' claims.

## SIXTEENTH AFFIRMATIVE DEFENSE
(Estoppel)

88.    Defendants incorporate by reference the averments and allegations set forth above in Paragraphs Forty-five (45) through Eighty-seven (87) as though set forth in full herein.

89.    Upon information and belief, Plaintiffs are estopped from enforcing the '396 patent, '199 patent and '900 patent because Plaintiffs silence and misleading conduct led Defendants to believe that they would not be sued by Plaintiffs for patent infringement, and Defendants reasonably relied on this representation.

## SEVENTEENTH AFFIRMATIVE DEFENSE
(Unenforceability of '199 Patent)

90.    Wellnx incorporates by reference Paragraphs Forty-five (45) through Eighty-nine (89) of this Answer as though set forth in full herein.

91.    Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the '199 Patent is unenforceable for failure to comply with the conditions and requirements for patentability and prosecution standards specified in Title 35 U.S.C., the Code of Federal Regulation 37 C.F.R., and the Manual of Patent Examining Procedure M.P.E.P.

92.    Upon information and belief, as will be likely supported by evidence after a reasonable opportunity for further investigation and discovery of information presently exclusively within Plaintiffs' control, the '199 patent is unenforceable due to failure of the inventor, the assignee, and/or their attorneys to comply with the duty of candor owed

to the United States Patent and Trademark Office ("USPTO") during the prosecution of the patent applications leading to the '199 patent.

93.     Upon information and belief, a declaration was filed with the USPTO which was signed by the named inventors that was false because it contained an averment by the inventors that they believed they were the original first inventors of a hydrosoluable sale of creatine containing the anion citric, maleic, fumaric, or malic acide when in fact the inventors, the assignee and/or the attorneys that filed the declaration, knew the inventors did not invent a hydrosoluble salt of creatine containing the anion citric, maleic, fumaric, or malic acid.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Unenforceability of '396 Patent)

94.     Wellnx incorporates by reference Paragraphs Forty-five (45) through Ninety-three (93) of this Answer as though set forth in full herein.

95.     Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the '396 Patent is unenforceable for failure to comply with the conditions and requirements for patentability and prosecution standards specified in Title 35 U.S.C., the Code of Federal Regulation 37 C.F.R., and the Manual of Patent Examining Procedure M.P.E.P.

96.     Upon information and belief, as will be likely supported by evidence after a reasonable opportunity for further investigation and discovery of information presently exclusively within Plaintiffs' control, the '396 patent is unenforceable due to failure of the inventor, the assignee, and/or their attorneys to comply with the duty of candor owed to the United States Patent and Trademark Office ("USPTO") during the prosecution of the patent applications leading to the '396 patent.

97.    Upon information and belief, a declaration was filed with the USPTO which was signed by the named inventor and/or his attorney that was false because it contained an averment that the failure to pay the issuance fee on time and the five year delay in payment was unintentional.

## COUNTERCLAIMS

WELLNX LIFE SCIENCES INC (d/b/a NV INC., d/b/a NXCARE INC., d/b/a NXLABS INC., d/b/a SLIMQUICK LABORATORIES, and d/b/a BIOGENETIX) ("Wellnx")[2], by and through its attorneys, files these Counterclaims and allege as follows:

## JURISDICTION

98.    Jurisdiction of this Court over Wellnx's Counterclaim is based upon 28 U.S.C. §§ 1331, 1337, 1338(a), 2201, and 2202; 15 U.S.C. §§ 4, 15, 26; and upon Rule 13 of the Federal Rules of Civil Procedure.

99.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391 and 5 U.S.C. §§ 15, 22, and 26.

### Count I: Declaration of Non-Infringement - '199 Patent

100.    Wellnx incorporates by reference Paragraphs Forty-five (45) through Ninety-nine (99) of this Answer as though set forth in full herein.

101.    Wellnx products do not infringe any properly construed claim in the United States Patent Number 5,973,199 (hereinafter referred to as "the" '199 Patent").

---

[2]    Derek Woodgate and Bradley Woodgate do not join in these Counterclaims, as the Court lacks personal jurisdiction over them. Accordingly they have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2).

102.    The claims of the '199 patent cannot be interpreted to cover Wellnx's products either literally or under the doctrine of equivalents.

103.    Wellnx requests a Declaratory Judgment declaring that it has not directly infringed, contributorily infringed, or induced infringement of the '199 Patent.

### Count II: Declaration of Invalidity - '199 Patent

104.    Wellnx incorporates by reference Paragraph Forty-five (45) through One Hundred Three (103) of this Answer as though set forth in full herein.

105.    Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the '199 Patent is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

106.    Upon information and belief, the '199 patent is invalid in view of prior art.

107.    Wellnx requests a Declaratory Judgment declaring the '199 Patent invalid arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., and the Federal Declaratory Judgment Act, 28, U.S.C. § 2201, *et seq*.

### Count III: Declaration of Patent Misuse – '199 Patent

108.    Wellnx incorporates by reference Paragraph Forty-five (45) through One Hundred Seven (107) of this Answer as though set forth in full herein.

109.    Upon information and belief, Plaintiffs have engaged and are engaging in patent misuse because the Plaintiffs knew or should have known that the '199 patent is invalid and/or unenforceable for the reasons set forth above and the Plaintiffs brought this enforcement action for improper purpose.

110.    Upon information and belief, the Plaintiffs knew or should have known that the '199 patent is invalid and/or unenforceable for the reasons set forth above, yet Plaintiffs nevertheless brought the present action against Defendants for the purpose of wrongfully excluding Defendants from the market.

### Count IV: Declaration of Non-Infringement - '396 Patent

111.    Wellnx incorporates by reference Paragraphs Forty-five (45) through One Hundred Ten (110) of this Answer as though set forth in full herein.

112.    Wellnx products do not infringe any properly construed claim in U.S. Patent No. 6,277,396 ("the '396 patent").

113.    The claims of the '396 patent cannot be interpreted to cover Wellnx's products either literally or under the doctrine of equivalents.

114.    Wellnx  requests a Declaratory Judgment declaring that it has not directly infringed, contributorily infringed, or induced infringement of the '396 Patent.

### Count V: Declaration of Invalidity - '396 Patent

115.    Wellnx incorporates by reference Paragraph Forty-five (45) through One Hundred Fourteen (114) of this Answer as though set forth in full herein.

116.    Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the '396 patent is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

117.    Upon information and belief, the '396 patent is invalid in view of prior art.

118.    Wellnx requests a Declaratory Judgment declaring the '396 patent invalid arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., and the Federal Declaratory Judgment Act, 28, U.S.C. § 2201, *et seq*.

### Count VI:  Declaration of Patent Misuse – '396 Patent

119.    Wellnx incorporates by reference Paragraph Forty-five (45) through One Hundred Eighteen (118) of this Answer as though set forth in full herein.

120.    Upon information and belief, Plaintiffs have engaged and are engaging in patent misuse because the Plaintiffs knew or should have known that the '396 patent is invalid and/or unenforceable for the reasons set forth above and the Plaintiffs brought this enforcement action for improper purpose.

121.    Upon information and belief, the Plaintiffs knew or should have known that the '396 patent is invalid and/or unenforceable for the reasons set forth above, yet Plaintiffs nevertheless brought the present action against Defendants for the purpose of wrongfully excluding Defendants from the market.

### Count VII: Declaration of Non-Infringement - '900 Patent

122.    Wellnx incorporates by reference Paragraphs Forty-five (45) through One Hundred Twenty-one (121) of this Answer as though set forth in full herein.

123.    Wellnx products do not infringe any properly construed claim in U.S. Patent No. 5,968,900 ('900 patent).

124.    The claims of the '900 patent cannot be interpreted to cover Wellnx's products either literally or under the doctrine of equivalents.

125.    Wellnx  requests a Declaratory Judgment declaring that it has not directly infringed, contributorily infringed, or induced infringement of the '900 Patent.

## Count VIII: Declaration of Invalidity - '900 Patent

126.     Wellnx incorporates by reference Paragraph Forty-five (45) through One Hundred Twenty-five (125) of this Answer as though set forth in full herein.

127.     Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the '900 patent is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

128.     Upon information and belief, the '900 patent is invalid in view of prior art.

129.     Wellnx requests a Declaratory Judgment declaring the '900 Patent invalid arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., and the Federal Declaratory Judgment Act, 28, U.S.C. § 2201, *et seq*.

## Count IX:  Declaration of Patent Misuse – '900 Patent

130.     Wellnx incorporates by reference Paragraph Forty-five (45) through One Hundred Twenty-nine (129) of this Answer as though set forth in full herein.

131.     Upon information and belief, Plaintiffs have engaged and are engaging in patent misuse because the Plaintiffs knew or should have known that the '900 patent is invalid and/or unenforceable for the reasons set forth above and the Plaintiffs brought this enforcement action for improper purpose.

132.     Upon information and belief, the Plaintiffs knew or should have known that the '900 patent is invalid and/or unenforceable for the reasons set forth above, yet Plaintiffs nevertheless brought the present action against Defendants for the purpose of wrongfully excluding Defendants from the market.

## Count X: Damages and Marking

133.     Wellnx incorporates by reference Paragraphs Forty-five (45) through One Hundred Thirty-two (132) of this Answer as though set forth in full herein.

134.     Upon information and belief, the Counter-Defendants failed to mark their patented products in compliance with 35 U.S.C. Sec. 287.

135.     The Counter-Defendants have failed to plead that they marked their patented products.

136.     Prior to filing this lawsuit, the Counter-Defendants had not notified Wellnx of any claim of infringement of either the '199 patent, the '396 patent, or the '900 patent.

137.     Upon information and belief, the Counter-Defendants are not entitled to damages for any claimed infringement prior to a date certain specified by actual notice of the patent to Wellnx because the Counter-Defendants failed to properly mark their patent products in compliance with the requirements set forth in the Patent Act.

## Count XI: Declaration of Exceptional Case

138.     Wellnx incorporates by reference Paragraphs Forty-five (45) through One Hundred Thirty-seven (137) of this Answer as though set forth in full herein.

139.     This case is exceptional under 35 U.S.C. § 285, and Wellnx requests a declaration of the exceptional case status and a declaration that Wellnx is entitled to an award of its attorneys' fees, costs, and expenses related to the adjudication of this case.

## Count XII:  Declaration of Unenforceability – '199 Patent

140.     Wellnx incorporates by reference Paragraphs Forty-five (45) through One Hundred Thirty-Nine (139) of this Answer as though set forth in full herein.

141.    Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the '199 Patent is unenforceable for failure to comply with the conditions and requirements for patentability and prosecution standards specified in Title 35 U.S.C., the Code of Federal Regulation 37 C.F.R., and the Manual of Patent Examining Procedure M.P.E.P.

142.    Upon information and belief, as will be likely supported by evidence after a reasonable opportunity for further investigation and discovery of information presently exclusively within Plaintiffs' control, the '199 patent is unenforceable due to failure of the inventor, the assignee, and/or their attorneys to comply with the duty of candor owed to the United States Patent and Trademark Office ("USPTO") during the prosecution of the patent applications leading to the '199 patent.

143.    Upon information and belief, a declaration was filed with the USPTO which was signed by the named inventors that was false because it contained an averment by the inventors that they believed they were the original first inventors of a hydrosoluable sale of creatine containing the anion citric, maleic, fumaric, or malic acide when in fact the inventors, the assignee and/or the attorneys that filed the declaration, knew the inventors did not invent a hydrosoluble salt of creatine containing the anion citric, maleic, fumaric, or malic acid.

144.    Wellnx requests a Declaratory Judgment declaring the '199 patent unenforceable arising under the patent laws of the United States, 35 U.S.C. § 1, et. seq., and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

## Count XIII:  Declaration of Unenforceability – '396 Patent

145.    Wellnx incorporates by reference Paragraphs Forty-five (45) through One Hundred Forty-four (144) of this Answer as though set forth in full herein.

146.    Upon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the '396 Patent is unenforceable for failure to comply with the conditions and requirements for patentability and prosecution standards specified in Title 35 U.S.C., the Code of Federal Regulation 37 C.F.R., and the Manual of Patent Examining Procedure M.P.E.P.

147.    Upon information and belief, as will be likely supported by evidence after a reasonable opportunity for further investigation and discovery of information presently exclusively within Plaintiffs' control, the '396 patent is unenforceable due to failure of the inventor, the assignee, and/or their attorneys to comply with the duty of candor owed to the United States Patent and Trademark Office ("USPTO") during the prosecution of the patent applications leading to the '396 patent.

148.    Upon information and belief, a declaration was filed with the USPTO which was signed by the named inventor and/or his attorney that was false because it contained an averment that the failure to pay the issuance fee on time and the five year delay in payment was unintentional.

**WHEREFORE,** Defendants respectfully requests that:

A.    Plaintiffs' Amended Complaint be dismissed with prejudice and that judgment be entered in factor of Defendants.

B.      Defendants be adjudged and decreed not to have directly infringed, contributorily infringed or induced infringement of the U.S. Patent Nos. 6,277,396 ('396 patent), 5,973,199 ('199 Patent), or 5,968,900 ('900 patent).

C.      Plaintiffs be denied the relief they seek.

D.      U.S. Patent Nos. 6,277,396 ('396 patent), 5,973,199 ('199 Patent), and 5,968,900 ('900 patent) be adjudged and decreed invalid.

E.      The case be adjudged and decreed exceptional pursuant to Title 35 U.S.C. § 285 and Defendants be awarded their costs and attorneys fees incurred in defending this action.

F.      For the award to Defendants of their costs and prejudgment interest on all damages.

G.      For the award to Defendants of their attorneys' fees.

H.      Awarding Defendants such other and further relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*

_____

OF COUNSEL:

Roger Colaizzi
Jeffrey A. Dunn
Tamany Vinson Bentz
VENABLE, LLP
575 7th Street, NW
Washington, DC  20004-1601
202.344.4000

Mary B. Graham (#2256)
Rodger D. Smith II (#3778)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for WellNx Life Sciences Inc. (d/b/a NV Inc.), NxCare Inc., NxLabs Inc., Slimquick Laboratories, and Biogenetix*

Dated:  February 19, 2008
1605911

- 27 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 19, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Karen E. Keller, Esquire
> YOUNG CONAWAY STARGATT & TAYLOR LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on February 19, 2008 upon the following individuals in the manner indicated:

| <u>BY EMAIL AND HAND DELIVERY</u> | <u>BY EMAIL</u> |
|---|---|
| Josy W. Ingersoll, Esquire<br>Karen E. Keller, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR LLP<br>The Brandywine Building<br>100 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br><br>**jingersoll@ycst.com**<br>**kkeller@ycst.com** | Richard L. DeLucia, Esquire<br>KENYON & KENYON LLP<br>**rdelucia@kenyon.com**<br><br>Howard J. Shire, Esquire<br>KENYON & KENYON LLP<br>**hshire@kenyon.com**<br><br>Jerry Canada, Esquire<br>KENYON & KENYON LLP<br>**jcanada@kenyon.com** |

*/s/ James W. Parrett, III*

—————————————————————
James W. Parrett, III (#4292)

969792