IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IOVATE HEALTH SCIENCES U.S.A., INC., et al. | :<br>:<br>: |
| Plaintiffs, | :<br>: |
| v. | :   C.A. No. 07-286-JJF |
| WELLNX LIFE SCIENCES INC., et al. | :<br>: |
| Defendants. | :<br>: |

## PLAINTIFFS' REPLY TO THE COUNTERCLAIMS OF DEFENDANTS

Plaintiffs Iovate Health Sciences U.S.A., Inc., and Iovate T & P, Inc. (collectively "Iovate" or "Plaintiffs"), hereby reply to the counterclaims of the defendants filed on February 19, 2008 (D.I. 49). This reply is based on Plaintiffs' personal knowledge as to their own activities and on information and belief as to the activities of others. The numbered paragraphs below correspond to the numbered paragraphs in Defendants' Affirmative Defenses and Counterclaims.

### Jurisdiction

98. This paragraph states legal conclusions to which no response is required.

99. This paragraph states legal conclusions to which no response is required.

### Count I: Declaration of Non-Infringement – '199 Patent

100. Plaintiffs repeat and reaffirm the above responses.

101. Denied.

102. Denied.

103. Admitted that defendants purport to request a Declaratory Judgment declaring that defendants have not directly infringed, contributorily infringed, or induced infringement of the '199 patent, but denied that defendants are entitled to such a declaration.

### Count II: Declaration of Invalidity – '199 Patent

104. Plaintiffs repeat and reaffirm the above responses.

105. Denied.

106. Denied.

107. Admitted that defendants purport to request a Declaratory Judgment declaring the '199 patent invalid, but denied that defendants are entitled to such a declaration.

### Count III: Declaration of Patent Misuse – '199 Patent

108. Plaintiffs repeat and reaffirm the above responses.

109. Denied.

110. Denied.

### Count IV: Declaration of Non-Infringement – '396 Patent

111. Plaintiffs repeat and reaffirm the above responses.

112. Denied.

113. Denied.

114. Admitted that defendants purport to request a Declaratory Judgment declaring that defendants have not directly infringed, contributorily infringed, or induced infringement of the '396 patent, but denied that defendants are entitled to such a declaration.

### Count V: Declaration of Invalidity – '396 Patent

115. Plaintiffs repeat and reaffirm the above responses.

116. Denied.

117. Denied.

118. Admitted that defendants purport to request a Declaratory Judgment declaring the '396 patent invalid, but denied that defendants are entitled to such a declaration.

### Count VI: Declaration of Patent Misuse – '396 Patent

119. Plaintiffs repeat and reaffirm the above responses.

120. Denied.

121. Denied.

### Count VII: Declaration of Non-Infringement – '900 Patent

122. Plaintiffs repeat and reaffirm the above responses.

123. Denied.

124. Denied.

125. Admitted that defendants purport to request a Declaratory Judgment declaring that defendants have not directly infringed, contributorily infringed, or induced infringement of the '900 patent, but denied that defendants are entitled to such a declaration.

### Count VIII: Declaration of Invalidity – '900 Patent

126. Plaintiffs repeat and reaffirm the above responses.

127. Denied.

128. Denied.

129. Admitted that defendants purport to request a Declaratory Judgment declaring the '900 patent invalid, but denied that defendants are entitled to such a declaration.

DB02:6662433.1        066372.1001

### Count IX: Declaration of Patent Misuse – '900 Patent

130. Plaintiffs repeat and reaffirm the above responses.

131. Denied.

132. Denied.

### Count X: Damages and Marking

133. Plaintiffs repeat and reaffirm the above responses.

134. Denied.

135. Admitted that Plaintiffs' Amended Complaint in this case did not include an allegation that Plaintiffs marked their patented products. Otherwise denied.

136. Denied.

137. Denied.

### Count XI: Declaration of Exceptional Case

138. Plaintiffs repeat and reaffirm the above responses.

139. Admitted that defendants purport to request a declaration of the exceptional case status and a declaration that defendants are entitled to an award of attorney's fees, costs and expenses, but denied that defendants are entitled to such a declaration.

### Count XII: Declaration of Unenforceability – '199 Patent

140. Plaintiffs repeat and reaffirm the above responses.

141. Denied.

142. Denied.

143. Denied.

144.  Admitted that defendants purport to request a Declaratory Judgment declaring the '199 patent unenforceable, but denied that defendants are entitled to such a declaration.

### Count XII: Declaration of Unenforceability – '396 Patent

145.  Plaintiffs repeat and reaffirm the above responses.

146.  Denied.

147.  Denied

148.  Denied.

### RESPONSE TO DEFENDANT'S PRAYER FOR RELIEF

Plaintiffs deny that Defendants are entitled to the relief sought in its counterclaims.

### AFFIRMATIVE DEFENSE

Defendants have failed to state a claim upon which relief may be granted.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court enter judgment in its favor and against Defendants to include:

A. Dismissal of Defendants' counterclaims with prejudice;

B. Judgment and relief as prayed for in Plaintiffs' Complaint;

C. A declaration under 35 U.S.C. § 285 in favor of Plaintiffs that this case is exceptional, and that Plaintiffs be awarded their reasonable attorneys' fees and other expenses incurred in connection with this action; and

D. An award of such other and further relief as the Court may deem fair and appropriate.

March 14, 2008

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

---

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600
*Attorneys for Plaintiffs*

OF COUNSEL:

Richard L. DeLucia
Howard J. Shire
Jerry Canada
**KENYON & KENYON LLP**
One Broadway
New York, NY 10004
(212) 425-7200

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esq., hereby certify that on March 14, 2008, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Rodger D. Smith, II, Esq. *[rsdefiling@mnat.com]*
>James W. Parrett, Jr., Esq. *[jparrett@mnat.com]*
>MORRIS NICHOLS ARSHT & TUNNELL LLP
>1201 N. Market Street
>Wilmington, DE 19899

Additionally, I hereby certify that the foregoing document was served on counsel of record as indicated below:

>*__By Hand Delivery and E-Mail__*
>
>Mary B. Graham, Esq. *[mgraham@mnat.com]*
>Rodger D. Smith, II, Esq. *[rsmith@mnat.com]*
>James W. Parrett, Jr., Esq. *[jparrett@mnat.com]*
>MORRIS NICHOLS ARSHT & TUNNELL LLP
>1201 N. Market Street
>Wilmington, DE 19899
>
>*__By E-Mail__*
>
>Roger Colaizzi, Esq. *[racolaizzi@venable.com]*
>Jeffrey A. Dunn, Esq. *[jadunn@venable.com]*
>VENABLE, LLP
>575 7th Street, NW
>Washington, DC 2004-1601
>
>Tamany Vinson Bentz, Esq. *[tjbentz@venable.com]*
>VENABLE, LLP
>2049 Century Park East
>Suite 2100
>Los Angeles, CA 90067

March 14, 2008

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

---

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600

*Attorneys for Plaintiffs*