**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------

IOVATE HEALTH SCIENCES U.S.A., INC., et al.,  :
                                              :
    Plaintiffs,                               :
                                              :
        v.                                        :    C.A. No. 07-286-JJF
                                              :
WELLNX LIFE SCIENCES INC., et al.,            :
                                              :
    Defendants.                               :

---------------------------------------------------------------

**IOVATE'S MOTION FOR RECONSIDERATION**
**OF THE COURT'S MARCH 25, 2008 ORDER (D.I. 56)**

Plaintiffs Iovate Health Sciences U.S.A., Inc. and Iovate T&P, Inc. (collectively "Iovate" or "Plaintiffs"), hereby respectfully move, pursuant to D. Del. LR. 7.1.5, for reconsideration of the Court's March 25, 2008 Order (D.I. 56).

**I       SUMMARY OF ARGUMENT**

      **The March 25, 2008 Order Conflicts with the February 28, 2008 Order and**
      **Effectively Precludes Iovate  From Completing Jurisdictional Discovery**

The Court's March 25, 2008 Order (D.I. 56) (the "New Order") (Exh. A) states that "the deadline for jurisdictional discovery has passed," and orders Iovate to respond substantively to the motion of Bradley and Derek Woodgate ("Individual Defendants") to dismiss (D.I. 13) by April 18, 2008.  The New Order directly conflicts with the Court's earlier order of February 28, 2008 (D.I. 50) (the "Prior Order") (Exh. B).  The Prior Order allows Iovate to take the deposition of each of the Individual Defendants in Canada—but only one time in the case—and then respond to the motion to dismiss within 10 days of the depositions.  Notably, the Prior Order did not set a deadline for taking the allowed depositions, and Iovate accordingly believed it was free to take these "one time only" depositions of the Individual Defendants in the normal course of fact discovery.  Iovate's understanding in that regard was highlighted for the Court by its reply

        

letter of February 15, 2008 (D.I. 48) (Exh. C) ("Therefore, if the Court is content to allow Iovate

to take the Woodgates' depositions in the course of general fact discovery (those 'one-time'

depositions to include any jurisdictional issues), then paragraphs 1-3 of defendants' proposed

order [Attachment 1 to D.I. 47] are fine with Iovate.")

     Without relief from the New Order, Iovate will be severely prejudiced in that it will not

have had a realistic opportunity to make a record of the necessary facts to support jurisdiction.

Although the Individual Defendants did serve written responses to Iovate's jurisdictional

interrogatories and document requests, Iovate has yet to receive any documents from the

Individual Defendants. In addition, the parties have only just commenced general fact discovery.

     The Individual Defendants are believed to be the owners and decision makers of the

closely held corporate defendants, and the persons who directed and caused the acts of patent

infringement. Thus, their testimony will be crucial to the liability issues in this case, and it

would be premature and unfair for Iovate to have to take "one-shot" depositions of the Individual

Defendants (on *all* issues in the case, both jurisdiction- and merits-related) prior to the

substantial completion of document production and written discovery (in accordance with the

Court's standard practice).[1]

     In short, the New Order creates manifest injustice by requiring Iovate to complete its

opposition briefing without the benefit of documents or depositions of the Individual Defendants,

despite the fact that the Court has already found that jurisdictional discovery is warranted.

---

[1] The Court consistently orders, as it did in this action, that fact discovery depositions "shall not commence until [document production and discovery through interrogatories and requests for admission] is completed." *See* D.I. 32 (October 2, 2007 Scheduling Order), paragraph 3(d) (Exh. D); Form Rule 16 Scheduling Order (Patent Revised 2/08), paragraph 4(d)) (Exh. E).

066372.1001

## II.    BACKGROUND FACTS AND PROCEDURAL HISTORY

The Individual Defendants filed a motion to dismiss for lack of personal jurisdiction on July 16, 2007 (D.I. 13).  In response to the motion, Iovate moved for enlargement of the briefing schedule in order to permit jurisdictional discovery (D.I. 20).  Although that motion understandably had to be filed prior to the deadline it sought to extend, it was filed outside of the 30-day window required by the Court's December 15, 2006 standing order on non-case dispositive motions in patent cases, and was stricken from the case docket on August 2, 2007.  Iovate, on that same day, filed a limited response to defendants' motion to dismiss (D.I. 21) and a letter to the Court again requesting limited jurisdictional discovery of the individual defendants (D.I. 22).  Bradley and Derek Woodgate filed a "reply brief" on their motion to dismiss on August 13, 2007 (D.I. 25), a significant portion of which was devoted to their opposition to Iovate's request for jurisdictional discovery.

On August 16, 2007, the Court entered an Order (D.I. 27), extending the time for Iovate to file its answering brief in response to the motion to dismiss "until a date after Plaintiffs' Motion for Jurisdictional Discovery has been resolved."

Shortly thereafter, the parties engaged in various negotiations regarding the possibility of both sides filing amended pleadings.  *See, e.g.,* Exhs. F. G. H.[2]  During this period, no discovery was initiated by either side on any subject.  The parties eventually requested two extensions of the original deadline for amendment of pleadings.  (*See* D.I. 33, 34.)  By January 25, 2008, however, the parties had reached agreement and were able to submit their respective unopposed motions to file amended pleadings.  (*See* D.I. 35, 37.)  The parties' amended pleadings were docketed on January 30, 2008.  (*See* D.I. 40, 42.)

---

[2]  (F) November 8, 2007 R. Colaizzi letter to J. Canada; (G) January 10, 2008 J. Parrett letter to J. Ingersoll and K. Keller; (H) January 17, 2008 e-mail from C. Glynn to R. Colaizzi.

066372.1001

Thus, it was only after January 30, 2008 that the parties began to re-focus on planning fact discovery and Iovate in particular to address the pending motion to dismiss and how it might attempt to obtain whatever jurisdictional discovery it might be permitted to take to respond effectively (i.e., either by renewing its Motion for Jurisdictional Discovery, or working out some arrangement with Defendants whereby Iovate could complete the necessary jurisdictional discovery in the course of fact discovery). Then, just three business days later, Iovate received notice of the Order setting a deadline for the <u>completion</u> of jurisdictional discovery by February 16, 2008. (D.I. 44.)

Iovate's electronic receipt on Monday, February 4, 2008 of the Court's February 1, 2008 Order was the first notice to Iovate that it could rightfully begin taking jurisdictional discovery of the Individual Defendants. In response to the February 1 Order, Iovate promptly served requests for production, interrogatories and notices of deposition on both of the Individual Defendants. Iovate was keenly aware, however, that it would be difficult (if not impossible) to complete this discovery prior to the Court-ordered deadline of February 16, 2008 without the full cooperation of the defendants in meeting the expedited schedule. Therefore, on February 7, 2008, Iovate proposed the following schedule for jurisdictional discovery:

- Discovery requests to be served by Friday, February 8, 2008.
- 30 days for defendants to respond to the discovery requests (March 10, 2008).
- Depositions to take place the week of March 10, 2008.

(*See* Exh. I at p.1.) Continuing their steadfast refusal to cooperate in jurisdictional discovery, defendants tersely responded to Iovate's proposal as follows: "We cannot agree to your proposal for an extension because Judge Farnan's clear preference is for all jurisdictional discovery to conclude by February 16." (Exh. I at p.2.) Iovate followed up with defendants to find out if they

4

would appear for depositions on the noticed dates (February 13 and 14 in Toronto, Canada) (Exh. I at p.3, 4.). Defendants' counsel indicated that because of purported "defects" in the February 7 discovery papers, Iovate "should assume that the depositions will not go forward" and that the interrogatories and document requests "are untimely and cannot be answered before February 16." (Exh. I at p.5.) While disagreeing that the discovery papers were untimely or defective, Iovate nonetheless offered to depose the two defendants on the last business day of the discovery period. (Exh. I at p.6.) Defendants' counsel squarely rejected that proposal, claiming erroneously that "Judge Farnan's [February 1, 2008] Order is not an order for expedited discovery," and that "[Iovate has] had six months for jurisdictional discovery." (Exh. I at p.7.)[3]

The February 1, 2008 Order stated that "[i]f the parties are unable to complete jurisdictional discovery by February 16, 2008, they shall inform the Court before that date why additional time is required." (D.I. 44, ¶ 2.) Therefore, Iovate filed a letter with the Court on February 11, 2008, asking for an extension of the February 16, 2008 jurisdictional discovery deadline. (D.I. 46.)

Defendants responded by letter of February 13, 2008 (D.I. 47), asserting baselessly that "Plaintiffs waited until the very last minute" to serve jurisdictional discovery requests (in fact, Iovate did not have leave to take jurisdictional discovery prior to receiving the February 1 Order), and that the requests were "deficient" (completely failing to consider that the two-week jurisdictional discovery period was expedited in nature and obviously would not allow for the standard discovery response times).

---

[3] To the contrary, the Court's August 16, 2007 Order (D.I. 27) did **not** grant Iovate leave to conduct jurisdictional discovery. That Order merely extended the time for Iovate to file its answering brief in response to the Individual Defendants' motion to dismiss "until a date after Plaintiffs' Motion for Jurisdictional Discovery has been resolved." Thus, the August 16, 2007 Order clearly acknowledged that the jurisdictional discovery issue had yet to be resolved, and it is utterly disingenuous of Defendants to suggest that they would not have vigorously opposed any attempt by Iovate to take jurisdictional discovery prior to the issuance of the February 1, 2008 Order granting jurisdictional discovery.

Looking past defendants' bluster, Iovate noted that the substance of the order which defendants were proposing (numbered paragraphs 1 - 3 of Attachment 1 to D.I. 47) was not objectionable.  On its face, defendants' proposed order would require the Woodgates respond to Iovate's jurisdictional interrogatories and document requests, and would allow Iovate to examine the Woodgates by deposition on both jurisdictional issues and on the merits of the action, but only one time in the case.  This was acceptable to Iovate, provided that Iovate could take those depositions at an appropriate time in the normal course of fact discovery.  The defendants' proposed order did not set any deadline for the Woodgates' depositions (aside from the implicit fact discovery deadline of July 25, 2008).  To avoid any possible misunderstanding, however, Iovate wrote to the Court on February 15, 2008:

> Therefore, if the Court is content to allow Iovate to take the Woodgates' depositions in the course of general fact discovery (those 'one-time' depositions to include any jurisdictional issues), then paragraphs 1-3 of defendants' proposed order are fine with Iovate.

*See* D.I. 48.  The Court then issued its Prior Order of February 28, 2008 (D.I. 50).

Although the Individual Defendants did serve written responses to Iovate's February 7, 2008 jurisdictional interrogatories and document requests on March 17, 2008 (Iovate having allowed a one-week extension beyond the court-ordered response date of March 10, 2008), Iovate has yet to receive any documents from the Individual Defendants.  In addition, the parties have only just commenced general fact discovery.[4]  To date, therefore, the Individual Defendants have not been deposed, nor have dates been agreed on for their "one time only" depositions.

On March 25, 2008, the New Order issued from the Court (D.I. 56).  This Order, contradicting the Prior Order, states that "the deadline for jurisdictional discovery has passed"

---

[4]  Plaintiffs served their first sets of interrogatories and requests for production on March 24, 2008, and Defendants served their first sets of interrogatories and requests for production on March 19, 2008.  *See* D.I. 55, 54.

and that Iovate needs to file its substantive opposition to the Individual Defendants' motion to dismiss "no later than April 18, 2008."

## III.    ARGUMENT

### A.    The Legal Standard.

A motion for reconsideration should be granted if "it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension." *UD Technology Corp. v. Phenomenex, Inc.*, C.A. No. 05-842-GMS, Order, at 2 (D. Del. Jan. 26, 2007). *See also Kelly v. MBNA America Bank*, C.A. No. 06-228-JJF, 2007 U.S. Dist. LEXIS 87618 at *7-8 (D. Del. Nov. 29, 2007). Further, a district court should grant a motion for reconsideration when "…(3) there is a need to correct a legal or factual error which has resulted in a manifest injustice." *Willow Bay Assocs., LLC v. Immunomedics Inc.*, C.A. No. 00-99-GMS, 2002 U.S. Dist. LEXIS 10566, at *5-6 (D. Del. June 12, 2002). "The Court should not hesitate to grant the motion when compelled to prevent manifest injustice or to correct clear error." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990).

### B.    The March 25, 2008 Order Must Have Been Issued In Error And Would Clearly Cause Manifest Injustice To Iovate.

The New Order of March 25, 2008 (D.I. 56), is clearly in conflict with the Prior Order dated February 28, 2008 (D.I. 50). The Prior Order required, *inter alia*, the Individual Defendants to "appear for depositions in Canada, but only one time in the case, unless otherwise ordered for good cause." D.I. 50 at ¶ 2. Iovate reasonably understood Prior Order to allow the Individual Defendants' "one time only" depositions to take place as soon as practical and convenient for the parties, but not to set a hard and fast date for completion of those depositions,

and certainly not to force Iovate to take those depositions prior to the substantial completion of written discovery and document production in the case.  *See* D.I. 48.

The New Order states that "the deadline for jurisdictional discovery has passed," despite the fact that the February 28, 2008 Order did not set a deadline for completing the "one time only" (jurisdiction plus merits) depositions of the Individual Defendants.  The New Order also requires Iovate to submit its brief in opposition to the Individual Defendants' motion to dismiss by April 18, 2008.  This Order causes manifest injustice to Iovate by requiring it to complete its substantive response to the motion to dismiss without the benefit of documents or depositions of the Individual Defendants—even though the Court has already found that jurisdictional discovery is warranted.

Indeed, documents not yet produced by the defendants, including the Individual Defendants, will be relevant on the issue of personal jurisdiction over the Individual Defendants. For example, corporate records and documents concerning activities of the Individual Defendants on behalf of the corporations will be relevant on this issue.  Further, the Individual Defendants' deposition testimony will also be relevant on the issues of liability in this matter, namely patent infringement, since they are believed to be the primary, if not the sole, decision makers for the corporate defendants.  In addition, one of the Individual Defendants, Derek Woodgate, had actual knowledge of one of the patents in suit (the '900 patent) when he worked at Plaintiff Iovate T&P, Inc.'s predecessor in interest several years ago and assisted in the acquisition of this patent.  Therefore, it would be a waste of resources to depose the Individual Defendants prior to receiving the documents Iovate has requested concerning the merits of this case.[5]

---

[5]  It is small comfort that Iovate could conceivably move the Court for leave to take the Woodgates' depositions a second time "for good cause."  *See* Prior Order (D.I. 50), handwritten addition to paragraph 2.

In other words, if Iovate is to be limited to "one-shot" depositions of the Individual

Defendants (on *all* issues in the case, both jurisdiction- and merits-related), it would be

premature and unfair for Iovate to have to take those depositions until it has received from

defendants a reasonable amount of general fact discovery.

## **CONCLUSION**

For all of the reasons set forth herein, Iovate respectfully requests that the Court vacate its

March 25, 2008 Order (D.I. 56), and allow the parties to complete document and deposition

discovery on the jurisdictional issues, and to submit their answering and reply briefs on the

Individual Defendants' motion to dismiss, on the terms and in accordance with the schedule set

forth in the Court's February 28, 2008 Order (D.I. 50).

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

April 4, 2008

_____

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen L. Pascale (No. 2903)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600
kpascale@ycst.com
*Attorneys for Plaintiffs*

OF COUNSEL:

Richard L. DeLucia
Howard J. Shire
Jerry Canada
**KENYON & KENYON LLP**
One Broadway
New York, NY 10004
(212) 425-7200

9

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esq., hereby certify that on April 4, 2008, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Rodger D. Smith, II, Esq. *[rsdefiling@mnat.com]*
> James W. Parrett, Jr., Esq. *[jparrett@mnat.com]*
> MORRIS NICHOLS ARSHT & TUNNELL LLP
> 1201 N. Market Street
> Wilmington, DE 19899

Additionally, I hereby certify that the foregoing document was served on counsel of record as indicated below:

### By Hand Delivery and E-Mail

> Mary B. Graham, Esq. *[mgraham@mnat.com]*
> Rodger D. Smith, II, Esq. *[rsmith@mnat.com]*
> James W. Parrett, Jr., Esq. *[jparrett@mnat.com]*
> MORRIS NICHOLS ARSHT & TUNNELL LLP
> 1201 N. Market Street
> Wilmington, DE 19899

### By E-Mail

> Roger Colaizzi, Esq. *[racolaizzi@venable.com]*
> Jeffrey A. Dunn, Esq. *[jadunn@venable.com]*
> VENABLE, LLP
> 575 7th Street, NW
> Washington, DC 2004-1601

> Tamany Vinson Bentz, Esq. *[tjbentz@venable.com]*
> VENABLE, LLP
> 2049 Century Park East
> Suite 2100
> Los Angeles, CA 90067

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Karen L. Pascale*

April 4, 2008

_____

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone:  302-571-6600
*Attorneys for Plaintiffs*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IOVATE HEALTH SCIENCES, U.S.A.,      :
INC., IOVATE HEALTH SCIENCES         :
INTERNATIONAL, INC., IOVATE T &P,    :
INC., FLAMMA SpA, and                :
USE TECHNO CORPORATION,              :
                                     :
          Plaintiffs,                :
                                     :
     v.                              : Civil Action No. 07-286-JJF
                                     :
WELLNX LIFE SCIENCES INC.            :
(d/b/a NV INC.), NXCARE INC.,        :
NXLABS INC., SLIMQUICK               :
LABORATORIES, BIOGENETIX, DEREK      :
WOODGATE, and BRADLEY WOODGATE,      :
                                     :
          Defendants.                :

**ORDER**

WHEREAS, the deadline for completion of jurisdictional

discovery has passed;

NOW THEREFORE IT IS HEREBY ORDERED:

1.   Plaintiffs shall file any supplemental briefing in

     opposition to Defendants' Motion to Dismiss (D.I. 13)

     no later than April 18, 2008;

2.   Defendants shall file any supplemental response no

     later than May 2, 2008.

March ᵈᵉ, 2008

                              _____
                              UNITED STATES DISTRICT JUDGE

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IOVATE HEALTH SCIENCES U.S.A., INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | C.A. No. 07-286 (JJF) |
| WELLNX LIFE SCIENCES INC. (d.b.a. NV INC.), et al., | ) ) ) | |
| Defendants. | ) ) | |

ⁱ **ORDER**

WHEREAS, on August 16, 2007, the Court entered an Order (D.I. 27), granting the parties leave to conduct Jurisdictional Discovery and extending the time for Iovate to file its answering brief in response to defendants' motion to dismiss;

WHEREAS, on February 1, 2008, the Court entered an Order (D.I. 44), setting a deadline of February 16, 2008, for the completion of jurisdictional discovery; and

WHEREAS, the Plaintiffs have requested an extension of time beyond February 16, 2008 in which to conduct jurisdictional discovery;

IT IS HEREBY ORDERED that the parties shall conduct jurisdictional discovery according to the following schedule:

1. The Individual Defendants, Bradley Woodgate and Derek Woodgate, will respond by March 10, 2008, to the interrogatories and requests for production served on February 7, 2008, to the extent the requests relate to jurisdiction over the Individual Defendants.

2. The Individual Defendants, whose depositions were noticed on February 7, 2008, will appear for depositions in Canada, but only one time in the case, *UNLESS OTHERWISE ORDERED FOR GOOD CAUSE.*

3. Plaintiffs will respond to Defendants' motion to dismiss within 10 days of the depositions of the Individual Defendants, and Defendants will reply to Plaintiffs' response within 10 days thereafter.

_____
UNITED STATES DISTRICT JUDGE
2/28/08

# EXHIBIT C

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

KAREN L. PASCALE
DIRECT DIAL: (302) 571-5001
DIRECT FAX:   (302) 576-3516
kpascale@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

February 15, 2008

**BY E-FILING AND HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

Re:    *Iovate Health Sciences USA, Inc., et al. v. WellNx Life Sciences Inc., et al.,*
C.A. No. 07-286-JJF

Dear Judge Farnan:

This is Iovate's reply to the February 13 letter response filed by defendants' counsel regarding jurisdictional discovery (D.I. 47).

Iovate does not object to the text of paragraphs 1-3 of defendants' proposed order.[1] Iovate's only concern is that it not be put in the position of having to take "one-shot" depositions of the individual defendants on all issues, prior to having any meaningful opportunity to take general discovery on the merits of the case. Therefore, if the Court is content to allow Iovate to take the Woodgates' depositions in the course of general fact discovery (those "one time" depositions to include any jurisdictional issues), then paragraphs 1-3 of defendants' proposed order are fine with Iovate.

Respectfully submitted,

*Karen L. Pascale*

Karen L. Pascale (No. 2903)

---

[1]  Iovate does, however, object to the first "whereas" clause of defendants' proposed order. As pointed out in Iovate's February 11 letter request (D.I. 46), the Court's August 16, 2007 Order (D.I. 27) did not grant the parties leave to conduct jurisdictional discovery. That Order merely extended the time for Iovate to file its answering brief in response to the defendants' motion to dismiss "until a date after Plaintiffs' Motion for Jurisdictional Discovery has been resolved." It is completely disingenuous of defendants to suggest that they would not have vigorously opposed any prior attempt by Iovate to take jurisdictional discovery.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Joseph J. Farnan, Jr.
February 15, 2008
Page 2


cc:    Clerk of the Court (by CM/ECF and hand delivery)
       Rodger D. Smith, II, Esq. (by CM/ECF and electronic mail)
       Mary B. Graham, Esq. (by CM/ECF and electronic mail)
       Roger A. Colaizzi, Esq. (by electronic mail)
       Jeffrey A. Dunn, Esq. (by electronic mail)
       Tamany Vinson Bentz, Esq. (by electronic mail)
       Jerry Canada, Esq. (by electronic mail)
       Howard J. Shire, Esq. (by electronic mail)
       Christopher W. Glynn, Esq. (by electronic mail)
       John W. Shaw, Esq. (by electronic mail)
       Karen E. Keller, Esq. (by electronic mail)

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IOVATE HEALTH SCIENCES U.S.A., INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 07-286-JJF |
| WELLNX LIFE SCIENCES INC. (d/b/a NV INC.), *et al.*, | ) ) ) | |
| Defendants. | ) | |

## SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

1.      **Pre-Discovery Disclosures.** The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2 by September 21, 2007.

2.      **Joinder of the Parties.** All motions to join other parties shall be filed on or before November 16, 2007.

3.      **Discovery.**

(a)      Exchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by May 23, 2008. All fact discovery shall be completed by July 25, 2008.

(b)      Maximum of twenty-five (25) interrogatories, including contention interrogatories, for each side.

(c)      Maximum of twenty-five (25) requests for admission by each side.

(d)  Maximum of ten (10) depositions by plaintiffs and ten (10) depositions by defendants, excluding expert depositions. Depositions shall not commence until the discovery required by Paragraph 3(a, b and c) is completed.

(e)  Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the party carrying the burden of proof on an issue thirty (30) days after the *Markman* ruling. Responsive expert reports are due thirty (30) days after the opening reports.

(f)  Any party desiring to depose an expert witness shall notice and complete said deposition no later than thirty (30) days from receipt of said expert's report, unless otherwise agreed in writing by the parties or ordered by the Court.

4.  **Non-Case Dispositive Motions**

(a)  Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion. The Notice of Motion shall indicate the date on which the movant seeks to have the motion heard. The date selected shall be within thirty (30) days of the filing of the motion and allow for briefing in accordance with the Federal and Local Rules. Available motion dates will be posted on the Court's website at www.ded.uscourts.gov.

(b)  At the motion hearing, each side will be allocated twenty (20) minutes to argue and respond to questions from the Court.

(c)  Upon filing of the Notice of Motion, a copy of said Notice shall be sent to Chambers by email at: jjf_civil@ded.uscourts.gov.

5.  **Amendment of the Pleadings.** All motions to amend the pleadings shall be filed on or before January 11, 2008.

6.  **Case Dispositive Motions.** Any case dispositive motions, pursuant to the Fed. R. Civ. P., shall be served and filed with an opening brief thirty days after the close of expert

discovery. Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. The Court will issue a separate Order regarding procedures for filing summary judgment motions.

      7.    **Markman.**    A *Markman* Hearing will be held on September 30, 2008, at 1:00 PM. Opening *Markman* briefs shall be served and filed thirty (30) days prior to the hearing date. Responsive *Markman* briefs shall be served and filed fourteen (14) days prior to the hearing date. The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

      8.    **Applications by Motion.**

          (a)    Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1 and be made in accordance with the Court's December 15, 2006 Order on Procedures for Filing Non-dispositive motions in Patent Cases. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

          (b)    No facsimile transmission will be accepted.

          (c)    No telephone calls shall be made to Chambers.

          (d)    Any party with a true emergency matter requiring the assistance of the Court shall email Chambers at: jjf_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency.

      9.    **Pretrial Conference and Trial.** After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

UNITED STATES DISTRICT JUDGE

10/2/07

# EXHIBIT E

(Patent Revised 2/08)

<u>**RULE 16 SCHEDULING ORDER**</u>

The parties having satisfied their obligations under
Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.**  The parties [have
exchanged] [will exchange] by <u>(date)</u> the information required by
Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.1.

2. **Joinder of other Parties.**  All motions to join
other parties shall be filed on or before ___(date)_____.

3. **Settlement Conference.**  Pursuant to 28 U.S.C. §636,
this matter is referred to Magistrate Judge _____ for the
purposes of exploring the possibility of a settlement.  If the
parties agree that they would benefit from a settlement
conference, the parties shall contact the Magistrate Judge to
schedule a settlement conference so as to be completed no later
than the Pretrial Conference or a date ordered by the Court.

4. **Discovery.**

(a) Exchange and completion of contention
interrogatories, identification of fact witnesses and document
production shall be commenced so as to be completed by <u>(date)</u> .

(b) Maximum of _____ interrogatories, including
contention interrogatories, for each side.

(c) Maximum of _____ requests for admission by

each side.

(d) Maximum of _____ depositions by plaintiff(s) and _____ by defendant(s), excluding expert depositions. Depositions shall not commence until the discovery required by Paragraph 3(a, b and c) is completed.

(e) Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the party with the burden of proof on the issue the expert is offered thirty (30) days after the issuance of the Court's Markman decision.

(f) Any party desiring to depose an expert witness shall notice and complete said deposition no later than thirty (30) days from receipt of said expert's report, unless otherwise agreed in writing by the parties or ordered by the Court.

5.   **Non-Case Dispositive Motions.**

(a) Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion.  The Notice of Motion shall indicate the date on which the movant seeks to have the motion heard.  The hearing date selected shall allow time for filing of the motion, allow for briefing in accordance with the Federal and Local Rules, and shall permit all briefing to be filed no later than 12:00 noon the Friday before the motion day on which it is to be heard.  Available motion dates will be posted on the Court's website at: http://www.ded.uscourts.gov/JJFmain.htm

(b) At the motion hearing, each side will be

allocated ten (10) minutes to argue and respond to questions from the Court.

(c) Upon filing of the Notice of Motion, a copy of said Notice shall be sent to Chambers by-email at: jjf_civil@ded.uscourts.gov

6. **Amendment of the Pleadings.** All motions to amend the pleadings shall be filed on or before _____.

7. **Case Dispositive Motions**. Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before _____, 20___. Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. The parties shall follow the Court's procedures for summary judgment motions which is available on the Court's website at: http://www.ded.uscourts.gov/JJFmain.htm

8. **Markman.** A Markman Hearing, if necessary, will be held on _____. The parties shall identify and exchange their contentions at least forty-five (45) days before the Markman Hearing. Briefing on the claim construction issues shall be completed at least twenty (20) days prior to the hearing. The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

9. **Applications by Motion.**

(a) Any applications to the Court shall be by

written motion filed with the Clerk of the Court in compliance
with the Federal Rules of Civil Procedure and the Local Rules of
Civil Practice for the United States District Court for the
District of Delaware (Amended Effective June 30, 2007).  Any non-
dispositive motion shall contain the statement required by D.
Del. LR 7.1.1 and be made in accordance with the Court's February
1, 2008 Order on procedures for filing non-dispositive motions in
patent cases.  Briefs shall be limited to no more than ten (10)
pages.  Parties may file stipulated and unopposed Orders with the
Clerk of the Court for the Court's review and signing.  The Court
will not consider applications and requests submitted by letter
or in a form other than a motion.

          (b) No facsimile transmissions will be accepted.

          (c) No telephone calls shall be made to Chambers.

          (d) Any party with a true emergency matter
requiring the assistance of the Court shall e-mail Chambers at:
jjf_civil@ded.uscourts.gov.  The e-mail shall provide a short
statement describing the emergency.

        10.  **Pretrial Conference and Trial.**  After reviewing
the parties' Proposed Scheduling Order, the Court will schedule a
Pretrial Conference.

          The Court will determine whether the trial date
should be scheduled when the Scheduling Order is entered or at
the Pretrial Conference.  If scheduling of the trial date is
deferred until the Pretrial Conference, the parties and counsel
shall anticipate and prepare for a trial to be held within sixty

(60) to ninety (90) days of the Pretrial Conference.


_____           _____
            DATE                           UNITED STATES DISTRICT JUDGE

# EXHIBIT F



575 7th Street, NW
Washington, DC 20004

Telephone 202-344-4000
Facsimile 202-344-8300

www.venable.com

Roger A. Colaizzi                    (202) 344-8051                    racolaizzi@venable.com

November 8, 2007

Jerry Canada, Esquire
Kenyon & Kenyon LLP
One Broadway
New York, New York  10004-1007

     Re:  *Iovate et al. v. Wellnx et al.*, 07-286-JJF

Dear Jerry:

    I write to inquire as to whether your clients intend to withdraw their claims based on U.S. Patent No. 6,716,459 ("the '459 patent) in the above referenced litigation.  As you know the U.S. District Court for the Northern District of California held that the '459 patent is both invalid and unenforceable.  Consequently, your clients cannot assert the '459 patent in this litigation and my clients cannot be found to infringe the '459 patent.

    It is well settled that a finding of invalidity and unenforceability has collateral estoppel effect that accrues to the benefit of third parties accused of infringement.  *See, e.g., Blonder-Tongue Lab., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313 (1971).  Accordingly, your clients cannot use the '459 patent as the basis of their infringement claims in this litigation, regardless of whether they intend to appeal the decision of invalidity or unenforceability.  *See Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 170 F.3d 1373 (Fed. Cir. 1999).

    Because your clients no longer have a basis for maintaining claims concerning the '459 patent we expect that you will voluntarily withdraw the claims.  We would prefer to avoid motion practice on this issue because it would be wasteful of the Court's limited resources. Accordingly, please confirm in writing by November 21, 2007, that you will withdraw your clients' claims based on the '459 patent.  If you refuse, we will have no choice but to file a motion to dismiss.

            Best regards,

            Roger Colaizzi

cc:  Mary Graham, Esq.
     Karen E. Keller, Esq.

# EXHIBIT G

# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

James W. Parrett, Jr.
302 351 9678
302 658 3989 fax
jparrett@mnat.com

January 10, 2008

Via E-mail

Josy W. Ingersoll
Karen E. Keller
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
100 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Re:    Iovate, et al. v. Wellnx, et al.; C.A. No. 07-286-JJF

Dear Counsel:

Enclosed is a copy of a draft of the proposed First Amended Answer, Affirmative Defenses and Counterclaims of Wellnx Life Sciences Inc. (d/b/a NV Inc.), Nxcare Inc., Nxlabs Inc., Slimquick Laboratories, and Biogenetix (collectively "Defendants"). The proposed pleading would add Defendants' defenses of estoppel and unenforceability and a declaratory count of unenforceability, along with a few additional changes. We are finalizing the text and may make additional minor changes prior to filing. A red-lined copy is also enclosed.

So that we may comply with Local Rule 7.1.1, please let us know by noon tomorrow, January 11, whether Plaintiffs agree that Defendants may serve their First Amended Answer, Affirmative Defenses and Counterclaims. If Plaintiffs are not in agreement, please let us know what Plaintiffs object to and explain the bases for any such objections.

Sincerely,

James W. Parrett, Jr.

/lmc
Enclosures
1380079

# EXHIBIT H

**From:** Glynn, Christopher [mailto:CGlynn@kenyon.com]
**Sent:** Thursday, January 17, 2008 12:20 PM
**To:** Colaizzi, Roger A.
**Cc:** mgraham@mnat.com; Shire, Howard; Canada, Jerry; Keller, Karen
**Subject:** Amended Complaint (Iovate v. WellNx)

Roger,
Please find as an attachment to this message, a copy of the proposed First Amended Complaint that Iovate intends to file in the above-referenced action. Please let us know as soon as possible whether Defendants consent to Iovate's filing this amended complaint.


**Christopher Glynn, Ph.D.**
**Kenyon & Kenyon LLP**
One Broadway | New York, NY 10004-1007
212.908.6261 Phone | 212.425.5288 Fax
cglynn@kenyon.com | www.kenyon.com

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

*******************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed un
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide th
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirement
form and substance.
*******************************************************************
*******************************************************************
This electronic mail transmission may contain confidential or privileged information
you believe you have received this message in error, please notify the sender by rep
transmission and delete the message without copying or disclosing it.
*******************************************************************

# EXHIBIT I

From: Glynn, Christopher [mailto:CGlynn@kenyon.com]
Sent: Thursday, February 07, 2008 12:34 PM
To: Bentz, Tamany V.; Colaizzi, Roger A.
Cc: Shire, Howard; Canada, Jerry; Keller, Karen
Subject: Jurisdictional Discovery (Iovate v. WellNx)


Tamany,
In view of the Judge Farnan's Order dated February 1, please let us know if we can agree to a schedule
for taking jurisdictional discovery.

We propose the following schedule for jurisdictional discovery:
    Discovery requests to be served by Friday, February 8, 2008.
    30 days for Defendants to respond to the discovery requests (March 10, 2008).
    Depositions to take place the week of March 10.
    Jurisdictional discovery to be completed by March 21.


We would appreciate if you could respond ASAP, and by tomorrow at the latest.
Thanks,
Chris


Christopher Glynn, Ph.D.
Kenyon & Kenyon LLP
One Broadway | New York, NY 10004-1007
212.908.6261 Phone | 212.425.5288 Fax
cglynn@kenyon.com | www.kenyon.com <http://www.kenyon.com/>

_____

This message, including any attachments, may contain confidential, attorney-client privileged, attorney
work product, or business confidential information, and is only for the use of the intended recipient(s). Any
review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the
sender and delete all copies.


*****************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal
Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as to
form and substance.
*****************************************************************
*****************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
*****************************************************************

From: Bentz, Tamany V. <TJBentz@Venable.com>
To: Glynn, Christopher <CGlynn@kenyon.com>; Colaizzi, Roger A. <RColaizzi@Venable.com>
Cc: Shire, Howard <HShire@kenyon.com>; Canada, Jerry <JCanada@KENYON.com>; Keller, Karen;
Dunn, Jeffrey A. <JADunn@Venable.com>; Kattan, Lisa M. <LMKattan@Venable.com>
Sent: Fri Feb 08 13:17:20 2008
Subject: RE: Jurisdictional Discovery (Iovate v. WellNx)

Chris,

We cannot agree to your proposal for an extension because Judge Farnan's clear preference is for all
jurisdictional discovery to conclude by February 16.

Best regards,

Tamany

–2–

**From:** Glynn, Christopher
**Sent:** Friday, February 08, 2008 3:13 PM
**To:** 'Bentz, Tamany V.'; Colaizzi, Roger A.
**Cc:** Shire, Howard; Canada, Jerry; Keller, Karen; Dunn, Jeffrey A.; Kattan, Lisa M.; Pfeffer, Antony
**Subject:** Depositions of Bradley Woodgate and Derek Woodgate (Iovate v. WellNx)

Tamany,
Please let us know if you will be producing Bradley Woodgate and Derek Woodgate for deposition on February 13th and 14th according to the notices served on February 7, 2008.

We would appreciate your response by the end of the day.

Thanks,
Chris

**Christopher Glynn, Ph.D.**
**Kenyon & Kenyon LLP**
One Broadway | New York, NY 10004-1007
212.908.6261 Phone | 212.425.5288 Fax
cglynn@kenyon.com | www.kenyon.com

_____

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.


*********************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of professional practice, pursuant to which certain tax advice must satisfy requirements as to
form and substance.
*********************************************************************
*********************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
*********************************************************************

**From:** Glynn, Christopher [mailto:CGlynn@kenyon.com]
**Sent:** Monday, February 11, 2008 8:50 AM
**To:** Bentz, Tamany V.; Colaizzi, Roger A.
**Cc:** Shire, Howard; Canada, Jerry; Keller, Karen; Dunn, Jeffrey A.; Kattan, Lisa M.; Pfeffer, Antony
**Subject:** RE: Depositions of Bradley Woodgate and Derek Woodgate (Iovate v. WellNx)

Tamany,
We await your response concerning the depositions of Bradley Woodgate and Derek Woodgate.
If we do not hear from you by the close of business (EST) today, we will have to assume that you are not producing them as noticed.

Best regards,
Chris

–4–

**From:** Bentz, Tamany V. [mailto:TJBentz@Venable.com]
**Sent:** Monday, February 11, 2008 2:30 PM
**To:** Glynn, Christopher; Colaizzi, Roger A.
**Cc:** Shire, Howard; Canada, Jerry; Keller, Karen; Dunn, Jeffrey A.; Kattan, Lisa M.; Pfeffer, Antony; Graham, Mary
**Subject:** RE: Depositions of Bradley Woodgate and Derek Woodgate (Iovate v. WellNx)

Chris,

The deposition notices for Brad and Derek that were served on February 7 are defective because they violate Local Rule 30.1, which requires at least 7 full business days notice.  Due to the extremely short notice you have provided, I have been unable to confirm whether or not Brad or Derek would be available for depositions on February 13 or 14 as noticed.  Accordingly, you should assume that the depositions will not go forward.

Also, your written discovery requests that were served on February 7 are equally defective because they are untimely and cannot be answered before February 16 as the requests demand.

Best regards,
Tamany

–5–

| From: | Pascale, Karen |
|---|---|
| Sent: | Monday, February 11, 2008 4:03 PM |
| To: | Tamany Vinson Bentz (TJBentz@venable.com) |
| Cc: | Roger A. Colaizzi; Jeffrey A. Dunn; Howard J. Shire; Jerry Canada; Glynn, Christopher; Mary B. Graham; Rodger D. Smith; James Walter Parrett Jr. (jparrett@mnat.com); Shaw, John; Keller, Karen |
| Subject: | Depositions of Bradley Woodgate and Derek Woodgate (Iovate v. WellNx) |
| Importance: | High |

Dear Tamany: I write in response to your latest e-mail to Christopher Glynn (sent Monday, February 11, 2008 2:30 PM). Neither the deposition notices for the Woodgates nor the written discovery requests served February 7 are defective. As I'm sure you are aware, D. Del. Local Rule 30.1 states:

"Unless otherwise ordered by the Court, 'reasonable notice' for the taking of depositions . . . shall not be less than 7 days."

By granting jurisdictional discovery on February 1, giving notice of same to the parties on February 4, and setting a February 16 deadline for its completion, Judge Farnan has clearly ordered an expedited discovery schedule that quite obviously requires compression of the standard 30-day response times for written discovery requests and the 7-day advance notice rule for depositions. Thus, the "otherwise ordered" exception applies.

Furthermore, because the Court's deadline for completion of jurisdictional discovery falls on a Saturday, the Federal Rules provide that the deadline is automatically extended to the following business day (i.e., Tuesday, February 19). If you so desire, we are willing to reschedule the depositions to occur on Tuesday, February 19 (7 business days after the deposition notices were filed and served.)

We urge defendants to reconsider by the close of business today their complete refusal to cooperate in complying with the Court's expedited schedule for jurisdictional discovery.

Sincerely,

Karen L. Pascale, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Phone: 302-571-5001
Facsimile: 302-576-3516
kpascale@ycst.com

This message may contain confidential attorney-client communications or other protected information. If you believe you are not an intended recipient (even if this message was sent to your e-mail address), you may not use, copy, or retransmit it. If you believe you received this message by mistake, please notify us by return e-mail, and then delete this message. Thank you for your cooperation.

From: Bentz, Tamany V. [mailto:TJBentz@Venable.com]
Sent: Monday, February 11, 2008 6:38 PM
To: Pascale, Karen
Cc: Colaizzi, Roger A.; Dunn, Jeffrey A.; Howard J. Shire; Jerry Canada; Glynn, Christopher; Mary B. Graham; Rodger D. Smith; jparrett@mnat.com; Shaw, John; Keller, Karen
Subject: RE: Depositions of Bradley Woodgate and Derek Woodgate (Iovate v. WellNx)

Karen,

   Judge Farnan's Order is not an order for expedited discovery. The February Order very clearly states that Judge Farnan "granted the parties leave to conduct Jurisdictional Discovery on August 16, 2007" and you have had six months for jurisdictional discovery.  Consequently, the written discovery is untimely and the deposition notices fail to give adequate notice.

   Furthermore, when the Court sets forth a specific deadline, Fed. R. Civ. P. 6(a) does not apply, even if the Court ordered deadline is on a weekend day.  See, e.g., Christaldi v. SEPTA, 1997 U.S. Dist. LEXIS 8886 (E.D. Pa. 1997).  Hence, the deadline in Judge Farnan's Order does not get pushed until the next court day of February 19.

Best regards,

Tamany

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------

IOVATE HEALTH SCIENCES U.S.A., INC., et al.,

     Plaintiffs,

         v.

WELLNX LIFE SCIENCES INC., et al.,

     Defendants.

---------------------------------------------------------

C.A. No. 07-286-JJF

## NOTICE OF MOTION

TO:    Mary B. Graham, Esq.               Roger A. Colaizzi, Esq.
        Rodger D. Smith, Esq.             Jeffrey A. Dunn, Esq.
        James W. Parrett, Jr., Esq.       VENABLE LLP
        MORRIS, NICHOLS, ARSHT & TUNNELL LLP   575 7th Street, NW
        1201 North Market Street       Washington, DC 20004-1601
        P.O. Box 1347
        Wilmington, DE 19899        Tamany Vinson Bentz, Esq.
        (302) 658-9200              VENABLE LLP
                            2049 Century Park East
                            Suite 2100
                            Los Angeles, CA 90067

     PLEASE TAKE NOTICE that Plaintiffs Iovate Health Sciences U.S.A., Inc. and Iovate

T&P, Inc., will present "Iovate's Motion for Reconsideration of the Court's March 25, 2008

Order (D.I. 56)" to the Court on Friday, May 9, 2008 at 10:00 a.m., or as soon thereafter as is

convenient to the Court.

**Young Conaway Stargatt & Taylor LLP**

*/s/ Karen L. Pascale*

April 4, 2008

_____

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen L. Pascale (No. 2903)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone:  302-571-6600
kpascale@ycst.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Richard L. DeLucia
Howard J. Shire
Jerry Canada
**Kenyon & Kenyon LLP**
One Broadway
New York, NY  10004
(212) 425-7200

066372.1001

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

_____
                         :

IOVATE HEALTH SCIENCES U.S.A., INC., et al.,  :

                  Plaintiffs,        :

                    v.          :    C.A. No. 07-286-JJF

WELLNX LIFE SCIENCES INC., et al.,        :

                  Defendants.      :

_____ :

## <u>ORDER</u>

       IT IS HEREBY ORDERED this _____ day of _____, 2008, that the Court's March 25, 2008 Order (D.I. 56) is VACATED.   The parties are to complete jurisdictional discovery, and to submit their answering and reply briefs on the Individual Defendants' motion to dismiss (D.I. 13), on the terms and in accordance with the schedule set forth in the Court's February 28, 2008 Order (D.I. 50).


                               _____
                               UNITED STATES DISTRICT JUDGE