IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IOVATE HEALTH SCIENCES U.S.A., INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 07-286 (JJF) |
| WELLNX LIFE SCIENCES INC. (d.b.a. NV INC.), et al., | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO**
**PLAINTIFFS' MOTION FOR RECONSIDERATION**

                                            MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                            Mary B. Graham (#2256)
                                            Rodger D. Smith II (#3778)
                                            James W. Parrett, Jr. (#4292)
                                            1201 N. Market Street
                                            P.O. Box 1347
                                            Wilmington, DE  19899-1347
                                            mgraham@mnat.com
                                            (302) 658-9200

                                            *Attorneys for WellNx Life Sciences Inc. (d/b/a*
                                            *NV Inc.), NxCare Inc., NxLabs Inc.,*
                                            *Slimquick Laboratories, and Biogenetix*

OF COUNSEL:

Roger Colaizzi
Jeffrey A. Dunn
Lisa M. Kattan
Tamany Vinson Bentz
VENABLE, LLP
575 7th Street, NW
Washington, DC  20004-1601
(202) 344-4000

Dated:  April 21, 2008

## INTRODUCTION

Wellnx Life Sciences Inc.[1] ("Wellnx" or "the Corporate Defendant") and individual Canadian defendants Derek Woodgate and Brad Woodgate oppose the Motion for Reconsideration of the Court's Order of March 25, 2008 filed by Plaintiffs Iovate Health Sciences U.S.A., Inc. and Iovate T&P, Inc.'s ( "Iovate") (D.I. 57).[2]

The individual defendants, Derek and Brad Woodgate (whose sole relationship to the alleged infringement is through their role as officers and owners of the corporate defendants), filed a motion to dismiss for lack of personal jurisdiction in July 2007 because they are Canadian citizens over whom this Court lacks personal jurisdiction. Iovate has refused to respond to the motion to dismiss on the grounds that it needs discovery, while at the same time it has done nothing to advance the discovery it claims it needs. In particular, Iovate has elected not to take jurisdictional discovery and prosecute its claims in this litigation for the past *eight months*. Now, Iovate seeks to further delay resolution of the Woodgates' Motion to Dismiss, without good cause shown and in effect blaming the Court for its failure to take discovery.

The Defendants ask the Court to deny Iovate's Motion for Reconsideration and to grant the Woodgates' Motion to Dismiss. Further delay of this issue is unwarranted and prejudicial to the Woodgates. Iovate had full opportunity to set forth its basis for asserting that personal jurisdiction was proper and to oppose the motion to dismiss. Having failed to comply with the Court's latest Order setting a final deadline of April 18 for Iovate to bring to an end its

---

[1] The First Amended Complaint also includes NxLabs, Inc., Slimquick Laboratories and Biogenetix, which are not separate legal entities from Wellnx, but rather registered trade names under which Wellnx does, or in the past has done, business.

[2] The parties have agreed that, pursuant to the Delaware Local Rules, the Woodgates' opposition is due on April 21, 2008, and that Plaintiffs are not entitled to any reply.

delay of the motion to dismiss, Iovate cannot legitimately complain if its motion for reconsideration is denied and WellNx's motion to dismiss is granted.

## **BACKGROUND**

Iovate has had full opportunity, indeed with prompting from the Court, to prove that this Court has personal jurisdiction over the Woodgates, but it has failed to take diligent action to support its allegation of jurisdiction.

On July 16, 2007, the Woodgates filed their Motion to Dismiss for Lack of Personal Jurisdiction. D.I. 13. On July 30, 2007, rather than supporting its allegation of jurisdiction and instead opposing the Motion, Iovate filed a Motion to Enlarge Briefing Schedule in Order to Permit Jurisdictional Discovery. D.I. 20.

On August 2, 2007, the Court struck Iovate's motion because it failed to comply with the Court's standing order that motions be noticed with sufficient time allocated for all briefing before motions be heard. *See* D.I. 27. Iovate then filed a two-page "response" to the Woodgates' Motion, along with a letter to the Court, requesting to be allowed jurisdictional discovery. Iovate represented that it would "re-file [its] motion for jurisdictional discovery and an extension within the 30 day window unless we are advised otherwise by the Court." *See* D.I. 21 (Iovate's response) and D.I. 22 at 2 (Iovate letter).

On August 16, 2007, citing Iovate's representation that it would re-file its Motion for discovery, the Court granted Iovate an extension to answer the Woodgates' Motion to Dismiss until Iovate's motion for jurisdiction discovery could be resolved. *See* D.I. 27.

But six months passed and Iovate never re-filed its motion for discovery. Nor did Iovate serve any discovery, which it could have, at least after the parties' August 24, 2007 Rule 26(f) conference.

On February 1, 2008, after Plaintiff's extended period of inaction, the Court ordered *sua sponte* that jurisdictional discovery be completed by February 16, 2008, unless the parties informed the Court "why additional time is required." D.I. 44. One week later, on February 7, 2008, Iovate served its <u>first</u> jurisdictional discovery requests (indeed, its first discovery of any kind in the case) on the Woodgates, which included deposition notices for February 13 and 14. Counsel for the Woodgates informed Iovate that one week was not sufficient notice to confirm, much less prepare for, the depositions.

On February 11, 2008, Iovate filed a letter with the Court requesting an extra month for jurisdictional discovery, with a proposed order. D.I. 46. Iovate attempted to justify its delay on the grounds that the parties had been discussing amendments to the pleadings, even though the amendments had no bearing on the jurisdictional issue. On February 13, 2008, the Woodgates opposed Iovate's request for a blanket extension, but agreed to answer the discovery that had been served and to each appear for a single deposition in this case. D.I. 47. The Woodgates included their own proposed order for the extension of jurisdictional discovery. On February 15, 2008, Iovate responded to the Woodgates proposal and asserted that it would only agree to the proposal if it was allowed to take more than one deposition of the Woodgates, or take depositions during general fact discovery. *See* D.I. 48. On February 28, 2008, the Court adopted the Woodgates' proposed Order and handwrote a caveat that a second deposition of the Woodgates could occur for good cause shown. D.I. 50. Two *more* months have now passed, and Iovate still has not attempted to schedule a deposition of either Derek or Brad Woodgate.[3]

---

[3] Iovate's motion implies that the Woodgates' discovery responses are inadequate. However, Iovate waited a month to raise any concerns to the responses. In fact, it did not raise a single concern until after the Court ordered it on March 25 to respond to the Woodgates' Motion to Dismiss. Moreover, the "deficiencies" cited by Iovate all concern
(Continued . . .)

Meanwhile, on March 25, 2008, the Court again ordered *sua sponte* that Iovate file any supplemental briefing opposing the Woodgates' Motion to Dismiss by April 18, 2008. Now, however. Iovate claims it is "severely prejudiced" by the March 25 Order because, purportedly, in the past eight months it has not had a "realistic opportunity" to make its record. Iovate Memo at 2.

Iovate makes various excuses for neglecting jurisdictional discovery. First, Iovate even faults the Court for its failure to take discovery, saying that the Court's order of March 25 (D.I. 56) setting a deadline of April 18 for its answering brief on the motion to dismiss "directly conflicts with the Court's earlier order of February 28, 2008 (D.I. 50)." Iovate's Motion at 1 (D.I. 57). According to Iovate, the February 28 Order "did not set a deadline for taking the allowed depositions" and Iovate "believed it was free to take these 'one-time only' depositions of the Individual Defendants in the normal course of fact discovery." *Id.* In other words, Iovate's position is that the Court established that it was under no obligation to address promptly the motion to dismiss and that it was entitled to delay indefinitely jurisdictional discovery.

The Court is not to blame for Iovate's discovery failure, however, and its orders were not in conflict. The Court's February 1 Order directed the completion of jurisdictional discovery by February 16, unless the parties informed the Court that additional time was required. Iovate thereafter represented to the Court that it needed an additional month to March 21 to complete jurisdictional discovery (D. I. 46 at 3). The Court then issued its February 28 Order directed to the schedule on the jurisdictional issue (adopted from Wellnx's form of order).

---

(. . . continued)
    requests for information from Wellnx and not from the Woodgates. *See* Exhibit 1, Letter from Jerry Canada (April 9, 2008) (repeatedly requesting further information concerning Wellnx's corporate activities); Exhibit 2, Letter from Roger Colaizzi (April 17, 2008).

There was no need for the Court explicitly to set an end date for the depositions because Iovate had already represented that it needed only until March 21 for the depositions (and Wellnx's response letter with its form of order was based on Iovate's representation). Given that the period from February 28 through March 21 was well within, to use Iovate's words, "the normal course of fact discovery," Iovate by its own admission had no excuse for failing to take its depositions by then. But even so, the Court's order of March 25 still left time for Iovate to take depositions by the due date of April 18, if it had truly needed them.

Second, Iovate claims it delayed jurisdictional discovery because "shortly []after" the Court's August 16 Order, the parties began to negotiate filing amended pleadings. Iovate Memo at 3. Actually, the parties' negotiations did not begin until five months later – in January 2008. *See* D.I. 47 (Feb. 13, 2008 letter to Court). And as defendants earlier noted to the Court, there is nothing about the amendments that relates to the scope of jurisdictional discovery; in fact, the jurisdictional allegations in the Complaint and the Amended Complaint are identical. *Compare* D.I. 1 at ¶¶ 12-17, to D.I. 40 at ¶¶ 9-14.[4] In any event, the parties never agreed to stay discovery due to these negotiations, as Iovate suggests. Iovate Memo at 3-4.

Third, Iovate claims that it did not have leave to take jurisdictional discovery. *Id.* at 5. But Iovate did not need leave to seek discovery – all fact discovery tools have been available to Iovate since the parties' August 24, 2007 Rule 26(f) conference. And the Court held a scheduling conference on September 6, 2007 (and formally entered its scheduling order on

---

[4] Plaintiffs withdrew, by amendment of the Complaint, the '459 patent from this case, after the '459 patent was found invalid and unenforceable by the District Court for the Northern District of California. *USE Techno Corp. v. Kenko USA*, Inc., No. 06-2754, D.I. 159 Order Granting Defendants' Motion for Summary Judgment (N. D. Cal. Sept. 4, 2007). The withdrawal of the '459 patent did not affect whether this Court had personal jurisdiction over the Woodgates.

October 3, 2007) so that Iovate has no excuse for not pressing forward on jurisdictional discovery.

## ARGUMENT

### I. LEGAL STANDARD

The Court "may only grant reconsideration if there is: (1) a change in controlling law; (2) newly available evidence; or (3) the need to correct a clear error of law or fact to prevent manifest injustice."  *Corning Inc. v. SRU Biosys.*, CA No. 03-633-JJF at n.1 (D. Del. 2006) (Farnan, J.) citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  The restatement of old arguments does not warrant reconsideration.  *See Corning Inc.*, C.A. No. 03-633-JJF at *3, 4 (rejecting a request for reconsideration and noting that the arguments for reconsideration had been raised during initial briefing).  Iovate's Motion does nothing but rehash the arguments in its February 11, 2008 letter to the Court.  D.I. 46.

Here, there has been no change in the law, no newly available evidence, and no clear error of law or fact.[5]  *Miller Prod. Co., Inc. v. Veltek Assoc., Inc.*, 01-35-KAJ, 2004 U.S. Dist. LEXIS 12797, at *4 (D. Del. June 4, 2004) (refusing motion for reargument because movant did not cite a single misunderstanding on the Court's part).  The only error stems from Iovate's admitted failure to act on the orders of this Court.  *See* Iovate Memo, D.I. 57, at 1, 4, 7 (Iovate's explanation of its erroneous interpretation of the Court's orders and its subsequent failure to seek jurisdictional discovery).  Iovate should not obtain relief from the Court for any "injustice" caused by its neglect of its case despite repeated warnings from the Court.

---

[5]  Iovate conflates the standards for reargument and reconsideration; but both are granted only rarely, and under either standard, Iovate's motion should be denied.  *See Corning Inc. v. SRU Biosys.*, CA No. 03-633-JJF at n.1 (D. Del. 2006) (Farnan, J.).

## II. DENYING THE MOTION FOR RECONSIDERATION WILL NOT RESULT IN MANIFEST INJUSTICE TO IOVATE

Iovate has had over eight months to take jurisdictional discovery. But even though prompted by the Court several times, Iovate has failed to pursue jurisdictional discovery.

Furthermore, none of the discovery Iovate now seeks will save Iovate from the Woodgates' Motion to Dismiss. For instance, Iovate demands corporate records concerning the Woodgates' ownership and activities at Wellnx. But the Woodgates have already admitted that they are co-CEOs of Wellnx. D.I. 15 and 16. Further, Derek Woodgate has admitted that he is familiar with "many aspects of Wellnx's business, including sales, financial activities, distribution, employment, third-party contracts, and management." D.I. 16. However, none of the Woodgates' activities or knowledge as officers of Wellnx would warrant the exercise of jurisdiction over them in their individual capacities. *See McNeil Nutritionals, LLC v. The Sugar Assoc.*, No. 05-69 (GMS), 2005 U.S. Dist. LEXIS 7628, at *8 (D. Del. April 29, 2005) (citations omitted) ("it is well established that a defendant's mere "status as a stockholder and officer of a Delaware corporation is an insufficient basis for the court to exercise personal jurisdiction over him pursuant to [the long-arm statute]"); *Reach & Assoc., P.C. v. Dencer*, 269 F. Supp. 2d 497, 504 (D. Del. 2003) ("Absent actual conduct in Delaware, [defendant's] position as President and CEO . . . would be insufficient to establish jurisdiction"); *Gebelin v. Perma-Dry Waterproofing Co.*, No. 6210, 1982 Del. Ch. LEXIS 581, at *2-3 (Del. Ch. Jan. 12, 1982) ("conduct by an individual in his individual capacity if personal jurisdiction over him is to be obtained").

### III.   ALLOWING IOVATE TO DELAY FURTHER WILL RESULT IN MANIFEST INJUSTICE TO THE WOODGATES AND NEEDLESSLY COMPLICATE THE CASE

The Woodgates are foreign citizens with no contact with the State of Delaware, and further delay of their Motion to Dismiss will prejudice them.

In *Telecordia Technologies, Inc. v. Alcatel S.A.*, the Court rejected a plaintiff's request for jurisdictional discovery because it amounted to nothing more than a fishing expedition that would prejudice the foreign defendant. 04-874, 2005 U.S. Dist. LEXIS 10194, *28 (D. Del. May 27, 2005). The concern over prejudicing a foreign defendant is even more severe where the defendants are individuals. *See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (finding dismissal of individual defendants appropriate even without discovery because "[w]here defendant is an individual, the presumption in favor of discovery is reduced").

The Federal Rules of Civil Procedure recognize that motions to dismiss are best dealt with at the inception of litigation. *See* Fed. R. Civ. P. 12(b) & (h) (2008) (requiring that a motion to dismiss for lack of personal jurisdiction be brought in or before a responsive pleading). Lack of jurisdiction over the person is a "threshold defense" of "such a character that it should not be delayed." *Id*. at 1966 Adv. Comm. Cmt. Notes. Indeed, until a court determines whether it has personal jurisdiction over all defendants it "cannot proceed at all" regarding the merits of the case. *Sinochem Int'l Co. v. Maylay. Int'l Shipping Corp.*, 127 S. Ct. 1184, 1191 (2007). Iovate's request that the Woodgates remain in this case until Iovate "has received from defendants a reasonable amount of *general* fact discovery" is not reasonable at all – the limited purpose of *jurisdictional* discovery is to minimize the impact of a litigation on defendants who are not properly haled before a court. Iovate Memo at 9 (emphasis added).

### IV. THERE IS NO BASIS FOR FURTHER JURISDICTIONAL DISCOVERY

To permit further jurisdictional discovery, the Court would have to be "satisfied that there is some indication" that the Woodgates are "amenable to suit in this forum." *McNeil Nutritionals, LLC v. The Sugar Assoc.*, No. 05-69 (GMS), 2005 U.S. Dist. LEXIS 7628, at *5 (D. Del. April 29, 2005); *Telcordia Tech., Inc. v. Alcatel S.A.*, No. 04-874, 2005 U.S. Dist. LEXIS 10194, at *28-29 (D. Del. May 27, 2005) ("'there must be some competent evidence to demonstrate that personal jurisdiction over [a] defendant might exist before allowing discovery to proceed'"). Mere speculation is not enough to grant jurisdictional discovery. *See Brown v. AST Sports Science, Inc.*, No. 02-1682, 2002 WL 32345935, at *10 (E.D. Pa. June 28, 2002). Iovate's "bare allegations" that jurisdiction exists are not sufficient to justify further jurisdictional discovery. *McNeil Nutritionals, LLC*, 2005 U.S. Dist. LEXIS 7628, at *5.

Iovate has inappropriately relied on the alleged actions of the Corporate Defendant as a basis for jurisdictional discovery over the Woodgates. Even if every allegation Iovate made in this regard were true – for example that the Woodgates are owners and decision makers at Wellnx and that their testimony will be crucial to the liability issues – the actions of the corporation cannot be attributed to the Woodgates. *Compare* Iovate Memo at 2 *with McNeil Nutritionals, LLC v. The Sugar Assoc.*, No. 05-69 (GMS), 2005 U.S. Dist. LEXIS 7628, at *5 (D. Del. April 29, 2005) (citations omitted); *Reach & Assoc., P.C. v. Dencer*, 269 F. Supp. 2d 497, 504 (D. Del. 2003); *Delaware v. Preferred Florist Network, Inc.*, 791 A.2d 8, 14 (Del. Ch. 2001) (noting the "unremarkable proposition that a nonresident corporate officer cannot be hailed before a Delaware court for a wrong of the corporation merely because he or she has that status"); *see also Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d

Cir. 1997) (the mere assertion that a defendant transacts business in Delaware is insufficient to warrant jurisdictional discovery).

## CONCLUSION

For the foregoing reasons, the Woodgates ask that this Court deny Plaintiffs' motion for reconsideration. The Woodgates also ask that this action be dismissed as to them without further briefing. Iovate's response to the Woodgates' motion to dismiss was due April 18, 2008. D.I. 56. In view of Plaintiffs' failure to respond to the motion to dismiss the motion to dismiss should be granted.[6] *See* Fed. R. Civ. P. 60(c) (a motion for relief from a court order does not "affect the judgment's finality or suspend its operation"); *see also* Del. L.R. 7.1.5.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

Mary B. Graham (#2256)
Rodger D. Smith II (#3778)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
mgraham@mnat.com
(302) 658-9200

*Attorneys for WellNx Life Sciences Inc. (d/b/a NV Inc.), NxCare Inc., NxLabs Inc., Slimquick Laboratories, and Biogenetix*

OF COUNSEL:

Roger Colaizzi
Jeffrey A. Dunn
Lisa M. Kattan
Tamany Vinson Bentz
VENABLE, LLP
575 7th Street, NW
Washington, DC  20004-1601
(202) 344-4000

Dated:  April 21, 2008
2301044

---

[6] Defendants reserve the right to bring a motion for costs and/or attorneys' fees pursuant to Del. L.R. 1.3; Fed. R. Civ. P. 11; and 28 U.S.C. § 1927.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

>Karen E. Keller, Esquire
>YOUNG CONAWAY STARGATT & TAYLOR LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on April 21, 2008 upon the following individuals in the manner indicated:

| BY EMAIL AND HAND DELIVERY | BY EMAIL |
|---|---|
| Josy W. Ingersoll, Esquire<br>Karen E. Keller, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR LLP<br>The Brandywine Building<br>100 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE  19899-0391<br><br>**jingersoll@ycst.com**<br>**kkeller@ycst.com** | Richard L. DeLucia, Esquire<br>KENYON & KENYON LLP<br>**rdelucia@kenyon.com**<br><br>Howard J. Shire, Esquire<br>KENYON & KENYON LLP<br>**hshire@kenyon.com**<br><br>Jerry Canada, Esquire<br>KENYON & KENYON LLP<br>**jcanada@kenyon.com** |

*/s/ Mary B. Graham*

Mary B. Graham (#2256)

969792

# EXHIBIT 1

Case 1:07-cv-00286-JJF   Document 60-2   Filed 04/21/2008   Page 1 of 7



Jerry Canada
Direct 212.908.6292
jcanada@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

April 9, 2008

**Via Facsimile (202) 344-8300**

Roger A. Colaizzi, Esq
Venable LLP
575 7th Street, NW
Washington, DC 20004

Re:  *Iovate Health Sciences U.S.A., Inc., et al. v. WellNx Life Sciences, Inc., et al.*
     07-286JJF (Delaware)

Dear Roger:

    We write concerning the interrogatory responses and document request responses of Derek and Bradley Woodgate (hereinafter the "Woodgates"). We wish to note the following deficiencies in their responses and request that the Woodgates supplement their responses and produce responsive documents straightaway. As you know, discovery relating to personal jurisdiction is ongoing and the failure to properly respond to either the interrogatories and/or document requests is beginning to hamper our ability to litigate this issue. Failure to respond in an immediate fashion will prompt a motion to compel.

    First, we note that the responses to Interrogatories Nos. 1-5, 10 and 11 are improper and incomplete. These interrogatories request information relating to activities performed by either the Woodgates, or persons acting on their behalf, within the State of Delaware. These interrogatories were not limited to solely the "personal" activities of the Woodgates and the Woodgates' attempt to limit the interrogatories to "personal business" of the Woodgates is untenable. Clearly, the Woodgates as President, co-CEO, Vice President and co-owners of Wellnx directed individuals at Wellnx to sell and market the infringing products within Delaware. These interrogatories requested information relating to those activities within the knowledge of the Woodgates, personal, business or otherwise. Therefore, we request that you supplement the answers to interrogatories Nos. 1-5, 10 and 11 immediately.

    Interrogatory Nos. 1-4 were also left unanswered in any detail. Specifically, these interrogatories requested information concerning the transactions of people working on behalf of the Woodgates either within Delaware or with residents of Delaware. The interrogatories also requested an identification of these individuals and a listing of the transactions that took place within Delaware or with any resident of Delaware. Again, the Woodgates failed to identify any transaction or any individual involved in any such transaction. Again, it is clear that infringing

Roger A. Colaizzi, Esq.
April 9, 2008
Page 2



products were sold and marketed within Delaware at the direction, on behalf of, or for the benefit of the Woodgates. The Woodgates' response that they have "never conducted personal business in Delaware" is irrelevant and improperly limits the scope of these interrogatories. Therefore, we request that you supplement the responses to Interrogatories Nos. 1-4 and provide complete details.

The Woodgates' responses to Interrogatories No. 1, 2, and 4 are further incomplete. These interrogatories also requested information relating to any compensation or revenues received by the Woodgates relating to the sale and promotion of infringing products within Delaware. Again, as directors and co-owners of Wellnx, the Woodgates clearly received revenue from sales of the infringing products within the state of Delaware and they simply failed to fully respond to these interrogatories. Therefore, we request that you supplement these responses immediately.

Their answer to Interrogatory No. 5 is also non-responsive. Interrogatory No. 5 seeks an identification of communications of the Woodgates, or persons working on their behalf. Again, the Woodgates' response that they have "never conducted personal business" in Delaware is irrelevant and improperly limits the scope of this interrogatory. The Woodgates must fully respond to this interrogatory irrespective as to whether they have conducted "personal business" within Delaware and answer as to their personal knowledge. Therefore, we request that the Woodgates supplement their response to Interrogatory No. 5.

Further, the responses to Interrogatory Nos. 10 and 11 are incomplete and nonsensical. To the extent that the Woodgates have any knowledge of the distribution of the Products-in-Suit, in or through the state of Delaware, they are required to answer in total. Similarly, the Woodgates are required to answer fully as to their understanding of the labeling of the Products-in-Suit, which they failed to do. The response of the Woodgates' that they "had no personal contact with Delaware" is simply non-responsive and usurps the purpose of the Federal Rules of Civil Procedure. Therefore, we request that you supplement your responses to Interrogatories No. 10 and 11.

The Woodgates also failed to properly respond to document requests. Specifically, Document Request Nos. 1-10 are non-responsive and contain improper objections. As set forth above, the Woodgates, as co-owners of Wellnx, do have documents within their possession that are responsive to Document Request Nos. 1-10. Clearly, the document requests seek documents within the custody and control of the Woodgates, including documents of Wellnx. The attempt to narrowly construe these document requests thwarts any reasonable attempt at discovery concerning personal jurisdiction. Therefore, we request that you withdraw your narrow interpretation and produce all responsive documents to Requests Nos. 1-10.

Finally, we have not yet received any documents from the Woodgates responsive to any of the document requests at this time. Specifically, the corporate documents relating to the corporate structure and ownership interest of Wellnx have not yet been produced. Therefore, please forward all responsive documents within one week.

Roger A. Colaizzi, Esq.
April 9, 2008
Page 3



    As you know, the Court wishes that we complete jurisdictional discovery in a timely manner. However, the Woodgates' non-responsiveness is delaying our ability to litigate this issue. Therefore, please supplement the interrogatory responses, withdraw the narrow interpretation to the document requests and produce documents as we have requested within 5 business days, or we will have no choice but to seek relief from the Court in a timely manner.

Very truly yours,

*/s/ Jerry Canada*

Jerry Canada

NY01 1507796 v1

EXHIBIT 2



| | 575 7th Street, NW<br>Washington, DC 20004-1601 | Telephone 202-344-4000<br>Facsimile 202-344-8300 | www.venable.com |

Roger A. Colaizzi     (310) 229-9905     racolaizzi@venable.com

April 17, 2008

Jerry Canada, Esquire
Kenyon & Kenyon
One Broadway
New York, New York  10004-1007

      Re:  *Iovate Health Sciences USA, Inc., et al. v. Wellnx Life Sciences, et al.*, 07-286-JJF
           (Delaware)

Dear Jerry:

      I write in response to your letter concerning Derek and Brad Woodgate's jurisdictional discovery responses.

      The Woodgates' responses to Iovate's requests are not deficient. The Woodgates have provided the information they have in their individual possession, custody and control, including any information relating to persons who acted on their behalf. Your request that the Woodgates provide information concerning their direction of individuals at Wellnx in their capacity as officers at Wellnx, or the actions of persons on behalf of Wellnx, are not reasonably calculated to lead to the discovery of admissible evidence about the Woodgates' contacts with Delaware because Delaware law requires "conduct by an individual in his *individual capacity* if personal jurisdiction over him is to be obtained...." *Gebelin v. Perma-Dry Waterproofing Co.*, No. 6210, 1982 Del. Ch. LEXIS 581, at *2-3 (Del. Ch. Jan. 12, 1982) (emphasis added); *see also* D.I. 50, Feb. 28, 2008 Order (directing the Woodgates to respond to discovery "to the extent the requests relate to jurisdiction over the Individual Defendants").

      Nothing has prevented Iovate from seeking discovery from Wellnx about its corporate affairs, and there is no reason why the Woodgates should respond to discovery that rightfully should have been served on Wellnx. This is especially so given the likelihood that if the Woodgates provide discovery on behalf of another defendant, Wellnx, it would likely lead to the misunderstanding that the Woodgates were representing that the discovery was being provided on their own behalf.

      In order to facilitate resolution of the Woodgates' motion to dismiss, we are producing documents from Wellnx's corporate files concerning the Woodgates' ownership interest in

# VENABLE LLP

April 17, 2008
Page 2

Wellnx. These documents are being produced subject to Delaware Local Rule 26.2, and disclosure of the information shall be limited to members and employees of your law firm, Kenyon and Kenyon, or your local counsel firm, Young Conaway Stargatt & Taylor.

Very truly yours,

*Roger Colaizzi /TVB*

Roger A. Colaizzi

Enclosures

::ODMA\PCDOCS\DC1DOCS1\274837\1