IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IOVATE HEALTH SCIENCES U.S.A., INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 07-286 (JJF) |
| WELLNX LIFE SCIENCES INC. (d.b.a. NV INC.), et al., | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO SUBSTITUTE**

                                                            MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                                            Mary B. Graham (#2256)
                                                            Rodger D. Smith II (#3778)
                                                            James W. Parrett, Jr. (#4292)
                                                            1201 N. Market Street
                                                            P.O. Box 1347
                                                            Wilmington, DE  19899-1347
                                                            jparrett@mnat.com
                                                            (302) 658-9200

                                                            *Attorneys for WellNx Life Sciences Inc.*
                                                            *(d/b/a NV Inc.), NxCare Inc., NxLabs Inc.,*
OF COUNSEL:                                                *Slimquick Laboratories, and Biogenetix*

Roger Colaizzi
Jeffrey A. Dunn
Lisa M. Kattan
Tamany Vinson Bentz
VENABLE, LLP
575 7th Street, NW
Washington, DC  20004-1601
(202) 344-4000

Dated:  April 25, 2008

1.

Defendants Wellnx Life Sciences Inc.[1] ("Defendant" or "Wellnx") oppose Plaintiffs' Iovate Health Sciences U.S.A., Inc. and Iovate T&P, Inc.'s (collectively "Plaintiffs") motion to substitute Iovate Health Sciences, Inc.

I.  PLAINTIFFS' MOTION DOES NOT COMPLY WITH THIS COURT'S RULES OR THE FEDERAL RULES AND SHOULD BE DENIED

   A.  Plaintiffs' Motion Is Untimely

Plaintiffs' Motion to Substitute is untimely. The Court's Scheduling Order requires that "all motions to join other parties shall be filed on or before November 16, 2007." *See* D.I. 32 at ¶ 2.[2] The Court also required that "all motions to amend the pleadings shall be filed on or before January 11, 2008." *Id.* at ¶ 5. As explained below, United States Patent No. 5,973,199 ("the '199 patent") was purportedly assigned to Iovate Health Sciences, Inc. in June 2007.[3] Iovate Health Sciences U.S.A., Inc. was never assigned rights to the '199 patent and never had ownership over the patent. Since corporations with both names appear to exist, the proposed "substitution" involves more than fixing a typographical error and it is not a substitution of parties; it is to add one plaintiff and remove another. Either way, Plaintiffs' motion is untimely.

Federal Rule of Civil Procedure 6(b)(1)(B) requires that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... (B) on motion

---

[1]  The First Amended Complaint also includes NxLabs, Inc., Slimquick Laboratories and Biogenetix, which are not separate legal entities from Wellnx, but rather registered trade names under which Wellnx does, or in the past has done, business.

[2]  Plaintiffs' Motion also fails to comply with Del. L.R. 7.1.1, which requires it to make a "reasonable effort" to reach an agreement on an issue before seeking the Court's intervention. *See* fn. 5, *infra*.

[3]  Original plaintiff Flamma S.p.A. filed its complaint on May 24, 2007. Just one month later on June 27, 2007, Flamma purportedly assigned the '199 patent to Iovate Health Sciences, Inc. Defendants were not required to respond to the Complaint until July 16, 2007. Thus, the Complaint could and should have been amended before the Defendants' initial responses.

2.

made after the time has expired if the party failed to act because of excusable neglect." Here, the time for Plaintiffs' action has expired (November 16, 2007 to join other parties; January 11, 2008 to amend pleadings), but Plaintiffs have not acknowledged that their request is untimely, much less shown that its failure to act was due to excusable neglect. Indeed, Plaintiffs may have known of this issue for at least nine months.[4] For this reason alone, Plaintiffs' Motion should be denied.

### B.    Federal Rule of Civil Procedure 25(c) Is Not Applicable

Plaintiffs' Motion is not proper under Federal Rule of Civil Procedure 25(c) because there was no transfer of interest between Iovate Health Sciences, Inc. and Iovate Health Sciences U.S.A., Inc. Indeed, there is no plaintiff to substitute because none of the current Plaintiffs own the '199 Patent.

Plaintiffs' original complaint named Flamma S.p.A. ("Flamma") as a plaintiff. Flamma was the purported original assignee and owner of the '199 patent. *See* D.I. 1 at 19. Plaintiffs, however, amended their Complaint on January 31, 2008 to remove Flamma. Plaintiffs did not add any new parties at that time. Rather, Plaintiffs' First Amended Complaint claimed that "Iovate Health Sciences U.S.A., Inc. is the owner through assignment of the '199 patent." D.I. 43 at 3.

Now, however, Plaintiffs contend that Iovate Health Sciences U.S.A., Inc. never had an ownership interest in the '199 patent. As a result, Iovate Health Sciences U.S.A., Inc. never had standing to assert a claim. The only Plaintiff that ever had standing was Flamma S.p.A., but when Plaintiffs amended the Complaint in January they removed Flamma and any standing to

---

[4]   The purported assignment is dated June 27, 2007, and the one-page USPTO Recordation Form Cover Sheet, which was prepared by Kenyon & Kenyon, counsel of record for Plaintiffs in this case, was signed on September 18, 2007.

3.

assert the '199 Patent. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("The fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original."); 3 Moore's Federal Practice § 15.17 (2007) (noting that an amended pleading supersedes the original pleading). Plaintiffs cannot cure this defect in jurisdiction by trying to add a new party through substitution or amendment. *Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112, 115 (D.D.C. 1999) ("plaintiff may not amend the complaint to substitute a new plaintiff in order to cure a lack of jurisdiction, because a plaintiff may not create jurisdiction by amendment when none exists").

      Hence, the patent that proposed new party Iovate Health Sciences, Inc. would like to assert does not, and never did, belong to any of the current Plaintiffs. Iovate Health Sciences, Inc. is not the successor in interest to any of the Plaintiffs and, therefore, Rule 25(c) does not apply. *See Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993) ("A 'transfer of interest' in a corporate context occurs when a corporation becomes the successor to another by merger or other acquisitions of the interest the original corporate party had in the lawsuit."). In this regard, Plaintiffs' request under Rule 25(c) is not the same as the request the Court considered in *General Battery Corp. v. Globe-Union, Inc.*, 100 F.R.D. 258, 263 (D. Del. 1982) ("Globe III's claim is Globe I's claim"). Indeed, "rule [25] is intended only to cover specific cases where the proper parties have been joined and, because of death, incompetency, transfer of interest, and death or separation from office of public officers, another may be substituted." *Schwartz v. Metro. Life Ins. Co.*, 2 F.R.D. 167, 167 (D. Mass. 1941).

4.

II.  **IOVATE REFUSES TO ADEQUATELY PROVE IT OWNS THE '199 PATENT, THUS ITS MOTION SHOULD BE DENIED.**

Aside from Plaintiffs' failure to follow this Court's Rules and the inapplicability of Federal Rule 25(c), Wellnx opposes Plaintiffs' Motion for one simple reason: While Iovate T & P claims to own all the patents-in-suit except the '199 patent, and while Plaintiffs claim Iovate Health Sciences, Inc. owns the '199 patent, Plaintiffs have failed to provide adequate proof of any of these ownership claims. Wellnx made the unremarkable request that Plaintiffs provide documentation of ownership of the patents-in-suit before Wellnx would consider consenting to further amendment of the Complaint.[5] So far, they have refused.

On March 14, 2008, Plaintiffs provided Wellnx with page "3 of 3" of what is purported to be an assignment of the '199 patent from Flamma to Iovate Health Sciences, Inc. and a one-page USPTO Recordation Form Cover Sheet dated September 18, 2007. The same documentation is attached to Iovate's Motion as Exhibit A. *See* D.I. 58-2. However, this is not the entire assignment document and Iovate has not provided any ownership information concerning the other patents-in-suit. Wellnx requested this information so it could confirm ownership of all three patents-in-suit and avoid any more requests from Plaintiffs to further amend the pleadings.

---

[5] Wellnx also advised Plaintiffs that it would prefer to do a global correction to the named parties in the suit to minimize further amendments to the pleadings. Specifically, Wellnx sought Plaintiffs' agreement to: (1) remove NxCare Inc., NxLabs Inc., and Biogenetix from the lawsuit, as none of them are corporate entities separate from Wellnx, Inc. (they are in fact only registered trade names); (2) remove Derek and Brad Woodgate from the litigation as individually named defendants; and (3) not use the proposed change in parties as a basis to object to discovery requests that Wellnx had already served, but rather respond to them as if they had been served upon Iovate Health Sciences, Inc. Wellnx first learned that Plaintiffs rejected all of these proposals when they filed the instant motion.

5.

If none of the current Plaintiffs own the '199 patent, or the other patents-in-suit, they simply do not have standing to assert them, much less correct their standing problem. *See Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1579 (Fed. Cir. 1991) (holding that a plaintiff must have legal title to a patent in order to have standing to sue for patent infringement*)*; *Lans*, 84 F. Supp. 2d at 115 ("plaintiff may not amend the complaint to substitute a new plaintiff in order to cure a lack of jurisdiction, because a plaintiff may not create jurisdiction by amendment when none exists"). The fact that Plaintiffs refuse to provide Wellnx with adequate documentation of their proof of ownership calls into question the Plaintiffs ownership fo the patents-in-suit. If they do not own the patents-in-suit, the Amended Complaint should be dismissed. *See generally Lans,* 84 F. Supp. 2d 112 (granting summary judgment to defendant because plaintiff concealed ownership information and in fact did not own the asserted patent).

Since April 8, when Plaintiffs filed the instant Motion, Plaintiffs' responses to Wellnx's written discovery have come due on April 18, 2008. This discovery directly sought information about the ownership of the patents-in-suit.[6] Plaintiffs responded that ownership would be proven by the documents produced in this case, but then objected to the production of any non-public documents until a protective order is entered in this case, and in fact has not produced any documents. *See* Ex. A (Iovate responses to Wellnx First Set of Requests for Production). Plaintiffs have maintained this untenable position despite Local Rule 26.2. *See* Ex. B letter from R. Colaizzi (April 23, 2008).

---

[6] For example, Wellnx's Request No. 16 for the Production of Documents to Plaintiffs sought documents "which establish Iovate's right, title, and ownership in the patents-in-suit." *See also, e.g*, Wellnx Request No. 15. Wellnx's Interrogatory No. 13 sought information concerning "assignments, grants, conveyances, agreements not to sue, or licenses of the patents-in-suit."

6.

Wellnx again informed Iovate in an April 23 letter, that if Plaintiffs would provide adequate proof of its ownership of the patents, Wellnx would not oppose Iovate seeking leave to amend its pleadings out of time. But Iovate refused. Hence, if the Court is inclined to allow Plaintiffs to seek leave to amend its Complaint, rather than deny Iovate's Motion outright because of procedural defects, Wellnx respectfully requests that the Court direct Plaintiffs to immediately supplement their responses to Wellnx's discovery concerning ownership of the patents-in-suit and also to allow Wellnx further briefing on the issue, if necessary.

### III.  CONCLUSION

Plaintiffs' Motion should be denied because it is untimely and does not comport with this Court's Rules and the Federal Rules. Should the Court be inclined to consider Plaintiffs' motion for leave to amend their Complaint, Wellnx respectfully requests that the Court direct Plaintiffs to establish their ownership over all three patents-in-suit, and permit Wellnx supplemental briefing on the issue once receiving such discovery.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*

Mary B. Graham (#2256)
Rodger D. Smith II (#3778)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
mgraham@mnat.com
rsmith@mnat.com
jparrett@mnat.com
(302) 658-9200

*Attorneys for WellNx Life Sciences Inc. (d/b/a NV Inc.), NxCare Inc., NxLabs Inc., Slimquick Laboratories, and Biogenetix*

OF COUNSEL:

Roger Colaizzi
Jeffrey A. Dunn
Lisa M. Kattan
Tamany Vinson Bentz
VENABLE, LLP
575 7th Street, NW
Washington, DC  20004-1601
(202) 344-4000

Dated:  April 25, 2008

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> John W. Shaw, Esq.
> Karen L. Pascale, Esq.
> Karen E. Keller, Esq.
> YOUNG CONAWAY STARGATT & TAYLOR LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on April 25, 2008 upon the following individuals in the manner indicated:

**BY EMAIL AND HAND DELIVERY**

Josy W. Ingersoll, Esq.
Karen L. Pascale, Esq.
Karen E. Keller, Esq.
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
100 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

**jingersoll@ycst.com**
**kpascale@ycst.com**
**kkeller@ycst.com**

**BY EMAIL**

Richard L. DeLucia, Esquire
KENYON & KENYON LLP
**rdelucia@kenyon.com**

Howard J. Shire, Esquire
KENYON & KENYON LLP
**hshire@kenyon.com**

Jerry Canada, Esquire
KENYON & KENYON LLP
**jcanada@kenyon.com**

*/s/ James W. Parrett, Jr.*
_____
James W. Parrett, Jr. (#4292)

969792

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IOVATE HEALTH SCIENCES U.S.A., INC., et al.<br><br>Plaintiffs,<br>v.<br><br>WELLNX LIFE SCIENCES INC., et al.<br><br>Defendants. | C.A. No. 07-286 JJF |

### PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES (NOS. 1-17)

Plaintiffs, pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby submit their responses and objections to Defendants' First Set of Interrogatories.

### GENERAL OBJECTIONS

1. Plaintiffs generally object to Defendants' interrogatories and "Definitions" and "Instructions" to the extent that they attempt to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and/or by the Local Rules of the United States District Court for the District Delaware.

2. Plaintiffs generally object to Defendants' interrogatories to the extent that they call for information that is protected by the attorney-client privilege and/or the attorney work-product doctrine, or is otherwise immune from discovery. Inadvertent disclosure of such information shall not constitute a waiver of any privilege or other basis for objecting to discovery, nor shall it constitute a waiver of the right of plaintiffs to object to the use of, and/or seek the return of, any such information that may be inadvertently disclosed.

In further response, and subject to and without waiving the foregoing objections, and pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Plaintiffs state that information responsive to this interrogatory may be found in the documents to be produced in discovery in this case, if any exist.

**Interrogatory No. 13:**

State whether any assignments, grants, conveyances, agreements not to sue, or licenses of the patents-in-suit have been granted by you or any other person, whether you or another person are under any obligation under contract or law to assign, grant, convey, or license the patents-in-suit. For each assignment, grant, conveyance or license, identify the assignee, grantee, conveyee or licensee, all documents concerning the assignment, grant, conveyance or license, and the terms of assignment, grant, conveyance or license.

**Response to Interrogatory No. 13:**

Plaintiffs object to this interrogatory as over broad, unduly burdensome and unlikely to lead to the discovery of admissible evidence.

In further response, and subject to and without waiving the foregoing objections, and pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Plaintiffs state that information responsive to this interrogatory may be found in the documents to be produced in discovery in this case, if any exist.

**Interrogatory No. 14:**

Identify each U.S. or foreign litigation, interference, reexamination, reissue, cancellation proceeding, nullity proceeding, opposition proceeding or other ex parte or inter parties proceeding involving the patents-in-suit, foreign counterparts thereof or the subject matter claimed in the patents-in-suit and foreign counterparts thereof, including without limitation the name of the parties, the forum in which the proceeding took place, the case or the matter number, and a description of the outcome of each such proceeding.

**Response to Interrogatory No. 14:**

Plaintiffs object to this interrogatory as over broad, unduly burdensome and unlikely to lead to the discovery of admissible evidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IOVATE HEALTH SCIENCES U.S.A., INC., et al.<br><br>     Plaintiffs,<br>v.<br><br>WELLNX LIFE SCIENCES INC., et al.<br><br>     Defendants. | C.A. No. 07-286 JJF |

## PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-40)

Plaintiffs, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby submit their responses and objections to Defendants' First Set of Requests for Documents and Things (Nos. 1-40).

Plaintiffs' discovery and investigation into the matters specified is continuing. Accordingly, plaintiffs reserve the right to rely, at the time of taking testimony or in other proceedings in this action, upon documents or evidence, in addition to the material or information produced in response to the Requests, regardless of whether any such material or information is newly discovered or is presently in existence but not as of yet located and produced despite diligent and good faith efforts. Further, Plaintiffs reserves the right to supplement the responses and objections to the Requests as appropriate.

Plaintiffs' response indicating that documents will or will not be produced does not necessarily indicate that any such documents exist, but merely that such documents will be produced to the extent that they do exist and are within Plaintiffs' possession, custody, and control. Plaintiffs' response indicating that documents will be produced and/or the production of

privilege. Plaintiffs will comply with the Federal Rules of Civil Procedure and the Local Rules in identifying privileged material.

6.   Plaintiffs object to each discovery request to the extent that it seeks the production of materials or information prepared by Plaintiffs or its representatives in anticipation of litigation and/or for trial ("work product"). Such material or information will not be produced. Any inadvertent production of material or information comprising work product shall not constitute a waiver of any applicable work product immunity. Plaintiffs will comply with the Federal Rules of Civil Procedure and the Local Rules in identifying work product immune material.

7.   Plaintiffs object to each discovery request to the extent that it is vexatious and/or unduly burdensome, including without limitation due to such lack of specific and/or reasonable time period for which the request seeks information or documents as to render it impossible or unduly burdensome to respond in any reasonable manner, or to the extent that it is repetitive, duplicative or redundant of other requests.

8.   Plaintiffs object to each discovery request to the extent that it seeks information or documents containing private, confidential, secret, proprietary and/or sensitive business information of Plaintiffs and/or third parties (hereinafter referred to as the "Confidential Information"). Plaintiffs will not produce any such third party documents or information to the extent that Plaintiffs is under any obligation to maintain it in confidence and not disclose it, and Plaintiffs will only produce such other private, confidential, trade secret, proprietary or sensitive business information or documents under an appropriate protective order.

9.   Plaintiffs object to each discovery request to the extent that it seeks information that is already in the possession, custody or control of Defendants or to the extent that it requests

· Subject to and without waiving the foregoing objections, Plaintiffs will produce or make available responsive, non-privileged documents and things, to the extent that they exist and are in Plaintiffs' possession, custody or control.

**REQUEST NO. 14:** All documents and things concerning any of the secondary considerations of nonobviousness you contend are relevant to the issue of the obviousness or nonobviousness of the invention(s) disclosed in the patents-in-suit.

**RESPONSE TO REQUEST NO. 14:**

Plaintiffs object to this request to the extent that it seeks information that is not relevant to a claim or defense of any party or the subject matter of this investigation or is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request as vague, ambiguous, overly broad and unduly burdensome. Plaintiffs also object to this request to the extent that it seeks information that is protected by the attorney client privilege and/or the attorney work product immunity.

Subject to and without waiving the foregoing objections, Plaintiffs will produce or make available responsive, non-privileged documents and things, to the extent that they exist and are in Plaintiffs' possession, custody or control.

**REQUEST NO. 15:** All documents and things concerning any assignment of the patents-in-suit, including evidence of the chain of title for each of the patents-in-suit.

**RESPONSE TO REQUEST NO. 15:**

Plaintiffs object to this Request as vague and ambiguous. Plaintiffs also object to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to

lead to the discovery of admissible evidence. Moreover, Plaintiffs object to this request on the ground it calls for information protected by the attorney/client and work-product privileges.

Subject to and without waiving the foregoing objections, Plaintiffs will produce or make available responsive, non-privileged documents and things, to the extent that they exist and are in Plaintiffs' possession, custody or control.

**REQUEST NO. 16:** All documents and things not otherwise produced which establish Iovate's rights, title, and ownership in the patents-in-suit.

**RESPONSE TO REQUEST NO. 16:**

Plaintiffs object to this Request as vague and ambiguous. Plaintiffs also object to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Plaintiffs object to this request on the ground it calls for information protected by the attorney/client and work-product privileges.

Subject to and without waiving the foregoing objections, Plaintiffs will produce or make available responsive, non-privileged documents and things, to the extent that they exist and are in Plaintiffs' possession, custody or control.

**REQUEST NO. 17:** All documents referring or relating to any test(s), analyses, studies, or evaluations of the accused products.

**RESPONSE TO REQUEST NO. 17:**

Plaintiffs object to this Request as vague and ambiguous. Plaintiffs also object to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Plaintiffs object to this request on the

15

# EXHIBIT B

# VENABLE LLP

575 7th Street, NW  
Washington, DC 20004

Telephone 202-344-4000  
Facsimile 202-344-8300

www.venable.com

Roger A. Colaizzi   202-344-8051   racolaizzi@venable.com

April 23, 2008

Jerry Canada, Esquire  
Kenyon & Kenyon  
One Broadway  
New York, New York 10004-1007

Re: *Iovate Health Sciences USA, Inc., et al. v. Wellnx Life Sciences, et al.*, 07-286-JJF (Delaware)

Dear Jerry:

We have recently received Iovate's responses to Wellnx's first set of discovery requests. Iovate's responses, however, raise concerns that Iovate will withhold relevant information or delay the discovery process unnecessarily.

First, Iovate's responses indicate that it is withholding documents until there is an "appropriate protective order" in this case. *See* Responses to RFPs, General Objection No. 8. Given the protections provided by Delaware Local Rule 26.2, however, Iovate's refusal is unnecessary. Without a protective order all "confidential" documents will be restricted to outside attorneys only. Please immediately confirm that Iovate is not withholding documents based on the lack of a protective order and will produce documents before the May 23, 2008 deadline in the Scheduling Order.

Second, Iovate has not provided any information about the ownership of the patents-in-suit. *See* Response to Interrogatory 13. As you know, Iovate has the burden of establishing its ownership, and this issue has recently become critical due to Iovate's motion to substitute plaintiffs. Consequently, Wellnx has repeatedly asked for proof of Iovate's ownership. Rather then provide the information, however, Iovate is demanding that Wellnx and the Court make a decision about ownership over the patents-in-suit without adequate documentation. Please provide documentation evidencing Iovate's ownership of the patents-in-suit immediately, or we will be required to oppose your motion to substitute.

Third, Iovate has refused to provide information relating to the development of the claimed inventions, including the necessary conception or reduction to practice for each invention. *See* Response to Interrogatory No. 3; Response to RFP 5. Oddly, Iovate's response to our interrogatory promises production of responsive documents, but Iovate's response to our request for production refuses production of any documents relating to the issue. Please

# VENABLE LLP

Jerry Canada, Esquire
April 23, 2008
Page 2

immediately confirm that Iovate will produce documents relating to the development of the inventions claimed in the patents-in-suit.

Finally, Iovate refused to provide information concerning Iovate's due diligence relating to the patents-in-suit. *See* Response to RFP 11. If Iovate did not evaluate the patents before arranging for the purported assignments, it should state so explicitly. Please immediately confirm that Iovate will produce documents relating to Iovate's due diligence relating to the patents-in-suit.

Very truly yours,

Roger A. Colaizzi