IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IOVATE HEALTH SCIENCES U.S.A., INC., et al., | : | |
| Plaintiffs, | : | C.A. No. 07-286-JJF |
| v. | : | **REDACTED –** |
| | : | **PUBLIC VERSION** |
| WELLNX LIFE SCIENCES INC., et al., | : | |
| Defendants. | : | **PUBLIC VERSION FILED:** |
| | : | **MAY 2, 2008** |

**PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION**
**TO SUBSTITUTE PLAINTIFF PURSUANT TO FED. R. CIV. P. 25(c)**

Plaintiffs, Iovate Health Sciences U.S.A., Inc. and Iovate T&P, Inc. (collectively "Iovate" or "Plaintiffs"), submit this reply memorandum in support of Plaintiffs' Motion to Substitute pursuant to Federal Rule of Civil Procedure 25(c).

Plaintiffs moved, pursuant to Federal Rule of Civil Procedure 25(c), for leave to substitute "Iovate Health Sciences, Inc." – the current owner by assignment of United States Patent No. 5,973,199 ("the '199 patent") – for "Iovate Health Sciences U.S.A., Inc." as plaintiff in this action. In their response papers, Defendants cite no credible grounds as to why Plaintiffs' motion should be denied. Indeed, Defendants cite no prejudice, no delay, and no jurisdictional or procedural reasons to deny Plaintiffs' motion. In fact, Defendants readily admit that ". . . if Plaintiffs would provide adequate proof of its ownership of the patents, WellNx would not oppose Iovate seeking leave to amend its pleadings out of time." Defs' Memo. p. 6. Attached hereto as Exhibit A is undisputed proof of ownership of the '199 patent to Iovate Health Sciences Inc., which moots Defendants responsive paper. As set forth herein, Plaintiffs' motion is proper

under Rule 25(c), there is no question that Iovate Health Sciences, Inc. is the current owner of the '199 patent, and neither delay nor prejudice will occur by granting Plaintiffs' motion.

I.    Substitution under 25(c) is Entirely Appropriate

Rule 25(c) permits the Court to continue to hear a case where the action survives but a party has transferred interest in the litigation to another. Rather than require the assignee to initiate a new action, the rule enables the court to continue the action with the assignee joined or in the place of the original party. The relevant inquiry in a Fed. R. Civ. P. 25(c) motion is: 1) whether the complainant in the original complaint had standing; and 2) whether granting the substitution will cure jurisdictional impediments. In performing this inquiry, the lack of constitutional standing by all current complainants is not a relevant factor. Indeed, many successful 25(c) movants do not have current standing, which is why the 25(c) motion is made. This motion may be made at any time, even post-judgment, if it avoids prejudicial impact.

A.    Plaintiffs' Motion is Timely

Counter to Defendants' assertion that Plaintiffs' motion is untimely, the substitution of a party under Rule 25(c) may be made at any time. Plaintiffs did not delay upon discovering the typographical error in the First Amended Complaint. Rather, Plaintiffs promptly informed Defendants and requested their consent to file a Second Amended Complaint which corrected the name of the entity which now owned the '199 patent. Defendants refused to consent to the proposed amendment, not on grounds of prejudice or delay, but rather as a "bargaining chip" to try to force Plaintiffs to dismiss the Individual Defendants from the case.[1]

---

[1] Defendants are disingenuous when they reference their letter dated April 23 to counsel for Plaintiffs and argue that no effort was made pursuant to Local Rule 7.1.1. In fact, prior to April 23, counsel for both parties spoke several times in an effort to resolve this specific dispute about amending the complaint. After several conversations, Defendants counsel stated unequivocally (continued...)

However, even avoidable delays of two years from the time of assignment of the patent(s)-in-suit to the time of motion, for which the movant lacked explanation and even misrepresented the relationship of the plaintiff at interest, have not prevented a court from granting the substitution of patent assignee in place of the assignor and finding lack of prejudice. *Insituform Technologies, Inc. v. Cat Contracting, Inc.*, 385 F.3d 1360, 1371-72 (Fed. Cir. 2004). Likewise, pleading amendments can be made even after dismissal or final judgment. *Warner v. Alexander Grant & Co.*, 828 F.2d 1528, 1531 (11th Cir. 1987) (finding that the district court abused discretion in dismissing the complaint); *Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 48-50 (2d Cir. 1991) (it is usual practice to allow leave to replead after dismissal; a district court's unexplained failure to make allowance is an abuse of discretion); *Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123 (2d Cir. 1991) (*quoting Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)); *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) (district court's rejection of plaintiff's offer to cure its complaint, despite the fact that plaintiff had already amended earlier in the proceedings, was an abuse of discretion); 928 F.2d at 1112 (*citing Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) and *Sarter v. Mays*, 491 F.2d 675 (5th Cir. 1974)); *Baker v. John Morrell & Co.*, 382 F.3d 816, 830 (8th Cir. 2004) (court should allow amendments to conform to evidence at any time, even after judgment); *Galindo v. Stoody Co.*, 793 F.2d 1502, 1513 (9th Cir. 1986) (allowing a post-trial amendment).

Therefore, a motion for substitution is timely, as long as the considerations of F.R.C.P. 15 are satisfied—considerations such as prejudicial impact. *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d at 1202-03 (Fed. Cir. 2005).   The Defendants have cited no prejudice that

---

that unless the Individual Defendants were dismissed from the current action, they would not stipulate to amending the pleadings for the typographical error.

would occur as a result of the requested substitution and even admit that they would have agreed to the current motion with certain stipulations. The proposed substitution will not affect the scope of discovery, which has only recently commenced, or the case schedule. Rather, Plaintiffs' proposed substitution prevents needless repetition of effort and expense, which would be entailed if Iovate Health Sciences, Inc. was required to file a new lawsuit.

### B.    Federal Rule of Civil Procedure 25(c) is Applicable

Defendants argue that the proposed substitution is not proper under Rule 25(c) "because there is no transfer of interest between Iovate Health Sciences, Inc. and Iovate Health Sciences U.S.A., Inc.," and because "none of the current Plaintiffs own the '199 Patent." Defs' Memo. p. 2. Defendants' alleged defect in jurisdiction is just the type of change in interest that the substitution provided for in Rule 25(c) was designed to address.

Out of the cases cited by Defendants that deny substitution, jurisdiction was lacking in each at filing of the original complaint. *E.g.*, *Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112 (D.D.C. 1999); *Schwartz v. Metro. Life Ins. Co.*, 2 F.R.D. 167 (D. Mass. 1941). However, in the instant case, Flamma's standing in the initial action is undisputed, as the assignment from Flamma was made after the complaint in this action was filed.

The relevant inquiry for determining initial standing is the original complaint, notwithstanding the presence of an amended complaint. *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, at n. 3 (Fed. Cir. 2005); F.R.C.P. 15(c)(1); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (U.S. 2004) ("It has long been the case that 'the jurisdiction of the Court depends upon the state of things at the time of the action brought.'"). It is undisputed that Flamma SPA was the proper owner of the '199 patent and thus a proper plaintiff when the complaint was filed.

4

The second relevant prong of the inquiry determines whether jurisdiction could be cured

through grant of the substitution. For example, in *Schreiber Foods*, the court acknowledged the

well-settled rule that the moving party, as a non-exclusive licensee, did not have constitutional

standing to sue. 402 F.3d at 1202-03 (*citing Intellectual Prop. Dev., Inc. v. TCI Cablevision of

Cal., Inc.*, 248 F.3d 1333, 1345 (Fed. Cir. 2001)). Thus, when the original patentee transferred

the patent-in-suit and became a mere non-exclusive licensee, "he lost standing to sue for

infringement and the case became moot." *Id*. The court continued:

> However, the mootness in this case was only temporary. Schreiber regained its
> stake in the litigation when it reacquired the '860 patent before the entry of
> judgment. The issue before us is therefore whether a judgment is void when there
> is a temporary transfer of the patent in suit to a non-party, which temporarily
> deprives the court of jurisdiction, even though the plaintiff owned the patent at the
> commencement of the suit and at the time of judgment? We hold that the
> judgment is not void in such circumstances.

*Id.* at 1203. Likewise, this Court granted a 25(c) motion that cured jurisdictional shortcomings,

under the same logic:

> A court, which temporarily lacks subject matter jurisdiction due to a plaintiff's lack of
> standing, may regain jurisdiction if the original plaintiff had Article III standing and there
> is a way to cure the deficiency. *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d
> 1198, 1203 (Fed. Cir. 2005). In patent cases, joinder or substitution of an assignee of all
> rights, title, and interest in the patents-in-suit is permissible under Federal Rule of Civil
> Procedure 25(c) to cure a lack of standing.

*Affinion Loyalty Group, Inc. v. Maritz, Inc.*, 2006 U.S. Dist. LEXIS 32311, 4-5 (D. Del. May 22,

2006) (granting the substitution in spite of the movant's temporary but curable lack of standing).

In other words, the movant's lack of jurisdiction at the time of the motion is irrelevant—many

judicious substitutions would fail were the courts to require the movant to have jurisdiction at the

time of motioning.

Here, substitution of Iovate Health Sciences, Inc. serves the interest of all parties

involved and the Court. Again, discovery has commenced, and it would be a waste of resources

and time to all parties to have the case re-filed under the proper plaintiff's name and obtain a

different scheduling order, discovery schedule and trial. *General Battery Corp. v. Globe-Union, Inc.*, 100 F.R.D. 258, 263 (D. Del. 1982) ("The present action was commenced in 1976. If Globe III cannot be joined to this action pursuant to Rule 25(c), the efforts of the Court and the parties up until this time will be for naught.").

The present motion is similar to *General Battery*. In *General Battery*, the original claimant, Globe I, had already assigned its patent rights to a different party as early as October 1978. *Id.* at 259. More assignments were made until the ultimate assignee, Globe III, took possession on September of 1980. *Id.* at 259. Not until March of 1982 was the ultimate assignment recorded with the U.S. Patent Office. *Id.* at 259. The motion to substitute the assignee for the assignor pursuant to 25(c) was filed on September of 1982. *Id.* at 259. At the time of motioning, the listed Defendant in the proceedings had no longer retained legal right over the patents-in-suit for approximately two years. In granting the substitution, the court declined to consider that Globe I lacked standing at the time of motioning, as it was moot for purposes of deciding the 25(c) motion. *Id.* at n. 7. Therefore, similarly to *General Battery*, there are no new legal claims were being asserted and the Defendants will not be prejudiced in any way by the substitution of parties to this proceeding.

Defendants also incorrectly rely heavily upon *Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112, 115-116 (D.D.C. 1999). *Lans* interpreted F.R.C.P. 17(a):

> As the Court understands this guidance, it is appropriate to liberally grant leave to substitute a real party in interest when there has been an honest mistake in choosing the nominal plaintiff, meaning that determination of the proper party was somehow difficult at the time of the filing of the suit, or that the mistake is otherwise understandable. . . . Plaintiff must first establish that when he brought [the] action in his own name, he did so as the result of an honest and understandable mistake. *Feist v. Consolidated Freightways Corp.*, 100 F. Supp. 2d 273, 1999 U.S. Dist. LEXIS 3751, *6-7 (E.D. Pa. 1999).

84 F. Supp. 2d at 120. In *Lans*, "Lans's reason for not bringing this action in the name of Uniboard in the first place is that he simply forgot that he had made the assignment to

6

Uniboard." *Id.* In the instant circumstance, not only did the original complaint contain the proper party in interest at the time of filing, satisfying the time-of-filing rule, but the subsequent amendment after assignment was an understandable typographical error. Iovate did not "forget" to report its assignment when initially filing suit; rather, after suit, the assignment was made and the change in party in interest was appropriately submitted, except that the substitution merely contained a typographical error. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (reversing district court's dismissal because the plaintiff should have opportunity to amend when a more carefully drafted complaint might state a claim).

II.    <u>Plaintiffs Have Demonstrated Ownership of the '199 Patent</u>

Defendants' assertion that Plaintiffs have failed to demonstrate ownership of the '199 patent is simply incorrect and specious. Plaintiffs furnished Defendants with a copy of the assignment of the '199 patent from Flamma SpA to Iovate Health Sciences, Inc. on March 14, 2008. Indeed, Defendants themselves were clearly aware of the typographical error at the time they were furnished with a copy of the assignment, yet chose to continue to serve and answer document requests and interrogatories and use the typographical error as a tool towards litigation gamesmanship when it was discovered by Plaintiffs. Defendants also admit that they have a copy of the assignment that was filed with the U.S.P.T.O., which establishes ownership (this is the same assignment that was recorded in the United States Patent and Trademark Office, and is publicly available to Defendants). In any case, Exhibit A is a complete copy of the confidential agreement (however, the only section that deals with the assignment is contained within p. 3, which was previously provided to Defendants). Defendants raise no legitimate question as to the actual owner of the '199 patent.

7

III.    Conclusion

For all of the reasons set forth herein, Iovate respectfully requests that the Court enter an

order substituting "Iovate Health Sciences, Inc." for "Iovate Health Sciences U.S.A., Inc." as a

party plaintiff in this action, and amending the case caption accordingly.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen L. Pascale (No. 2903)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West St., 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
kkeller@ycst.com
*Attorneys for Plaintiffs*

OF COUNSEL:
Richard L. DeLucia
Howard J. Shire
Jerry Canada
KENYON & KENYON LLP
One Broadway
New York, NY  10004
(212) 425-7200

DATED: May 2, 2008

DB02:6791765.1                                                                                   066372.1001

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esq., hereby certify that on May 2, 2008, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Rodger D. Smith, II, Esq. *[rsdefiling@mnat.com]*
> James W. Parrett, Jr., Esq. *[jparrett@mnat.com]*
> MORRIS NICHOLS ARSHT & TUNNELL LLP
> 1201 N. Market Street
> Wilmington, DE 19899

Additionally, I hereby certify that the foregoing document was served on counsel of record as indicated below:

> ### *By Hand Delivery and E-Mail*
>
> Mary B. Graham, Esq. *[mgraham@mnat.com]*
> Rodger D. Smith, II, Esq. *[rsmith@mnat.com]*
> James W. Parrett, Jr., Esq. *[jparrett@mnat.com]*
> MORRIS NICHOLS ARSHT & TUNNELL LLP
> 1201 N. Market Street
> Wilmington, DE 19899
>
> ### *By E-Mail*
>
> Roger Colaizzi, Esq. *[racolaizzi@venable.com]*
> Jeffrey A. Dunn, Esq. *[jadunn@venable.com]*
> VENABLE, LLP
> 575 7th Street, NW
> Washington, DC 2004-1601
>
> Tamany Vinson Bentz, Esq. *[tjbentz@venable.com]*
> VENABLE, LLP
> 2049 Century Park East
> Suite 2100
> Los Angeles, CA 90067

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen E. Keller*

May 2, 2008

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen L. Pascale (No. 2903)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West St., 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
kkeller@ycst.com
*Attorneys for Plaintiffs*

2

# EXHIBIT A

# REDACTED IN ITS ENTIRETY

Exhibit A

## PATENT ASSIGNMENT

WHEREAS, Flamma SpA, a corporation organized and existing under the laws of Italy with its principal address at Via Bedeschi, 22 - 24040 CHIGNOLO D'ISOLA - BG, Italy (hereinafter "Assignor") and Iovate Health Sciences, Inc., an Ontario corporation having a principal place of business at 5100 Spectrum Way, Mississauga, Ontario, L4W 5S2 Canada (hereinafter "Assignee");

## WITNESSETH THAT:

WHEREAS, the Assignor is the owner of all right, title and interest in and to United States Patent No. 5,973,199 ( the '199 patent").

WHEREAS, the Assignee wishes to acquire from the Assignor all right, title and interest in and to the '199 patent;

NOW, THEREFORE, to all whom it may concern, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Assignor by these presents does hereby sell, transfer, convey and assign unto the Assignee its entire right, title and interest in and to the '199 patent, and the right to sue for and recover for the past infringements thereof.

FLAMMA SpA

By _____

Name: Dr. G. Paolo NEGRISOLI

Title: President & C.E.O.

Date: 27th June 2007

FLAMMA S.p.A.
Via Bedeschi, 22
24040 CHIGNOLO D'ISOLA (BG)
Tel. 035/49.91.811 - Fax 035/49.91.812

3 of 3