IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IOVATE HEALTH SCIENCES U.S.A., INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 07-286 (JJF) ) |
| WELLNX LIFE SCIENCES INC. (d.b.a. NV INC.), et al., | ) ) ) ) |
| Defendants. | ) |

**NOTICE OF SUBPOENA**

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, on June 13, 2008, the attached subpoena was served on Bio-Engineered Supplements & Nutrition, Inc., 5901 Broken Sound Parkway, 6th Floor, Boca Raton, Florida 33487, commanding it to produce the documents identified in Schedule A appended thereto.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*
_____
Mary B. Graham (#2256)
Rodger D. Smith II (#3778)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
mgraham@mnat.com
rsmith@mnat.com
jparrett@mnat.com
(302) 658-9200
 *Attorneys for Defendants*

OF COUNSEL:

Roger Colaizzi
Jeffrey A. Dunn
Lisa M. Kattan
Tamany Vinson Bentz
VENABLE, LLP
575 7th Street, NW
Washington, DC 20004-1601
(202) 344-4000

July 7, 2008
2397719

# EXHIBIT 1

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Southern                        DISTRICT OF                        Florida

Iovate Health Sciences, Inc. et al.

V.

Wellnx Life Sciences, Inc. et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-286-JJF (D. Del.)

TO: Bio-Engineered Supplements & Nutrition, Inc.
5901 Broken Sound Parkway, 6th Floor
Boca Raton, Florida 33487

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| Venable LLP, 575 7th Street NW, Washington DC 20004 | 6/26/2008 7:45 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature] Tamany Bentz* | 6/12/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Tamany Vinson Bentz, 2049 Century Park East, Suite 2100, Los Angeles, California 90061
310-229-9905

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE 6/12/08 | PLACE Los Angeles, California |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) William Hallihan | MANNER OF SERVICE First Class Mail |
|---|---|

| SERVED BY (PRINT NAME) Tamany Vinson Bentz | TITLE Associate |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___6/12/08___   ___Vinson Bentz___
                 DATE                                SIGNATURE OF SERVER

___2049 Century Park East, Ste 2100___
ADDRESS OF SERVER

___Los Angeles CA 90067___

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

Defendants Wellnx Sciences Inc, NxCare Inc., NxLabs Inc., and Biogenetix (collectively "Wellnx"), by its attorneys and pursuant to Rule 45 of the Federal Rules of Civil Procedure, hereby requests production of the documents and tangible things that are described in the numbered requests below at the time and place specified in the subpoena that is served upon you herewith:

## INSTRUCTIONS

A. Pursuant to the Federal Rules of Civil Procedure, You are instructed to produce the documents and tangible things as they are kept in the usual course of business or organized and labeled to correspond with the categories set forth in the Documents Requested section of this Schedule A ("Requests");

B. These Requests are continuing in character to the extent permitted by Federal Rule of Civil Procedure 34, so as to require that supplemental answers be filed seasonably if further or different information is obtained with respect to any Request prior to trial;

C. The Requests call for the production of all responsive documents and tangible things in Your possession, custody or control and in the possession, custody or control of Your partners, members, employees, contract employees, agents, attorneys or any other person or entity acting for, at the direction of, or in concert with any of them;

D. Each Request shall be deemed to include any and all transmittal sheets, cover letters, routing lists, exhibits, enclosures, attachments, labels and other documents (electronic and non-electronic) to which the responsive document or thing is clipped, stapled, electronically appended or otherwise attached, and any file folder in which the document or thing was maintained, in addition to the document or thing itself;

1

E. If, in responding to these Requests, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding;

F. The fact that a document has been produced by a party or a non-party in this litigation does not relieve You of the obligation to produce Your copy of the same document, unless Your copy of the document is identical to the copy that has already been produced. You must provide a log of each document withheld on the grounds that its identical copy has already been produced by another party in this litigation;

G. In accordance with Federal Rule of Civil Procedure 45(d)(2), where a claim or privilege or work product is asserted in objecting to any Request or part thereof, and information is not provided on the basis of such assertion You must:

1. expressly make the claim; and

2. describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

With regard to information produced in a response that is subject to a claim of privilege or protection as work product, You may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. You must preserve the information until the claim is resolved.

H. When documents or tangible things contain both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained therein, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document or tangible thing has been redacted or altered in any fashion, identify the reason for each redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document or tangible thing;

I. Should you deem any document that is requested by any of the following requests to be confidential, the document should be labeled "confidential" and disclosure of this information will be limited to members and employees of the firm of trial counsel for Wellnx pursuant to Delaware Local Rule 26.2, and such persons are under the obligation to keep such documents confidential and to use them only for purposes of litigating *Iovate Health Sciences, Inc. et al. v. Wellnx Life Sciences et al.* (D. Del. 07-286).

J. Your reasonable expenses incurred in connection with the production of the responsive documents will be reimbursed upon request and documentation thereof

K. Where a document is in a language other than English, state whether an English translation of such document exists. If a document is in a language other than English and an English translation exists, identify and provide both documents;

L. Whenever a Request is stated in the conjunctive, it shall also be taken in the disjunctive, and vice-versa;

M. Whenever and wherever appropriate, the singular or plural form of any word contained in a particular Request shall also be interpreted in the plural or singular form so as to

3

require the broadest possible production in response to any given Request. Each Request is to be construed independently and not in reference to any other Request for the purpose of limiting any response.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Request, the following terms are to be interpreted in accordance with these definitions:

A. "BSN," "You," and "Your" refer to Bio-Engineered Supplements & Nutrition, Inc. including without limitation all of its partners, parents, predecessors, successors, subsidiaries, affiliates, divisions or operations thereof, entities under common control with it, representatives, agents, employees, servants, officers, directors, trustees, any other individual or company acting on Your behalf, and, unless privileged, attorneys;

B. "Iovate" or "Plaintiffs" refers to Plaintiffs Iovate Health Sciences, Inc., Iovate Health Sciences International, Inc., and Iovate T & P, Inc., including without limitation all of its parents, predecessors, successors, subsidiaries, affiliates, divisions or operations thereof, entities under common control with it, representatives, agents, employees, servants, officers, directors, trustees, any other individual or company acting on Iovate's behalf, and, unless privileged, attorneys;

C. As used herein, the term "Asserted and Related Patents" shall mean and refer to all patents and patent applications, including pending or abandoned applications or applications that resulted in the issuance of a patent filed in the U.S. or any foreign country that claim priority to, are parent applications thereof, or are otherwise related to, U.S. Patent No. 5,973,199, IT

MI94A001693, PCT/EP95/02897, U.S. Patent No. 6,277,396, U.S. Patent No. 5,968,900, PCT/GB95/02933, and or WP96/18313. The term "Asserted and Related Patents" shall also mean and refer to all patents and patent applications, including pending or abandoned applications, that involve creatine salts and/or creatine citrate, creatine malate, creatine fumarate and creatine maleate that are (or were) owned by, or licensed by one or more of the Plaintiffs.

D.   The phrase "'199 patent" refers to U.S. Patent No. 5,973,199;

E.   As used herein the term "Related Action" shall mean and refer to Iovate Health Sciences, Inc., et al. v. BSN, et al., Civil Action No. 07-46 (E.D. Tex.);

F.   "Prior art" means and includes any document, thing, or act that may constitute prior art under 35 U.S.C. §102 or §103 or any subpart of either section;

G.   The term "person" or "persons" means any natural persons, proprietorships, partnerships, agencies, firms, corporations, boards, associations, authorities, commissions, joint ventures, independent establishments, government agencies or corporations, federal or otherwise, any divisions or subsidiaries thereof, and any group or combination acting as an entity;

H.   The term "document" or "documents" as used herein shall include all "writings" and "recordings," to the broadest extent permitted by Rule 34 of the Federal Rules of Civil Procedure, including without limitation the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or orally reproduced, letters, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including photographs), diaries, sales literature, advertising literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, computer disks and files, electronic mail, videotapes and sound

reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordings thereof in the possession, custody or control of BSN, other otherwise reasonably available to You, and/or any of its representatives, whether or not prepared by them. "Document" or "documents" also includes all copies which are not identical with the originals, such as those bearing writing, marks, marginal comments, alterations, notes or other notations not present on the documents as originally written, typed or otherwise prepared;

      I.      "Communication" means any transmission, conveyance, or exchange of information, or transcription or notes memorializing the same, whether written, oral, or by any other means, including, but not limited to, electronic communications and electronic mail;

      J.      The terms "refer to", "related to", "refers to", "relates to", "referring to", or "relating to" shall mean, in addition to the customary and usual meaning, discussing, reflecting, assessing, recording, evidencing, constituting, or in any way logically or factually connected with the matter discussed;

      K.      "Concerning" means relating to, referring to, describing, evidencing, or constituting;

      L.      The present tense includes the past and future tenses and vice-versa. The singular includes the plural and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1**

All documents filed in the U.S. District Court for the Eastern District of Texas, or other courts, on behalf of any party or third party in the Related Action, including pleadings and motions, and answers, responses or replies thereto, and all rulings from or regarding the Related Action and/or any of the Asserted and Related Patents.

**REQUEST FOR PRODUCTION NO. 2**

All documents and things which may constitute prior art to the patents asserted in the Related Action and/or any of the Asserted and Related Patents.

**REQUEST FOR PRODUCTION NO. 3**

All settlement agreements or proposed settlement agreements regarding the Related Action and/or any of the Asserted and Related Patents and documents relating to these agreements, including communications between You and Iovate concerning these agreements.

**REQUEST FOR PRODUCTION NO. 4**

All license agreements or proposed licensing agreements regarding the Related Action and/or any of the Asserted and Related Patents and documents relating to these agreements, including communications between You and Iovate concerning these agreements.

**REQUEST FOR PRODUCTION NO. 5**

All discovery requests and responses regarding the Related Action and/or any of the Asserted and Related Patents, including discovery requests and subpoenas to third parties and responses thereto.

**REQUEST FOR PRODUCTION NO. 6**

All deposition transcripts, videotapes, and exhibits thereto regarding the Related Action and/or any of the Asserted and Related Patents.

**REQUEST FOR PRODUCTION NO. 7**

All communications between the parties in the Related Action regarding the Related Action and/or any of the Asserted and Related Patents.

**REQUEST FOR PRODUCTION NO. 8**

All communications between any of the parties in the Related Action and Flamma SpA regarding the Related Action and/or any of the Asserted and Related Patents.

**REQUEST FOR PRODUCTION NO. 9**

All communications with third parties, or documents or things received from third parties, regarding the Related Action and/or any of the Asserted and Related Patents, including any communications with the inventors named on the Asserted and Related Patents and experts retained in the Related Action.

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

>   John W. Shaw, Esq.
>   Karen L. Pascale, Esq.
>   Karen E. Keller, Esq.
>   YOUNG CONAWAY STARGATT & TAYLOR LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on July 7, 2008 upon the following individuals in the manner indicated:

| BY EMAIL AND HAND DELIVERY | BY EMAIL |
|---|---|
| Josy W. Ingersoll, Esq.<br>Karen L. Pascale, Esq.<br>Karen E. Keller, Esq.<br>YOUNG CONAWAY STARGATT & TAYLOR LLP<br>The Brandywine Building<br>100 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br><br>**jingersoll@ycst.com**<br>**kpascale@ycst.com**<br>**kkeller@ycst.com** | Richard L. DeLucia, Esquire<br>KENYON & KENYON LLP<br>**rdelucia@kenyon.com**<br><br>Howard J. Shire, Esquire<br>KENYON & KENYON LLP<br>**hshire@kenyon.com**<br><br>Jerry Canada, Esquire<br>KENYON & KENYON LLP<br>**jcanada@kenyon.com** |

*/s/ Mary B. Graham*

Mary B. Graham (#2256)

969792