IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IOVATE HEALTH SCIENCES U.S.A., INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 07-286 (JJF) |
| WELLNX LIFE SCIENCES INC. (d.b.a. NV INC.), et al., | ) ) ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, certain information, documents and things containing trade secrets and other confidential business or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure may be disclosed by the parties or nonparties, either voluntarily or in response to discovery demands;

WHEREAS, it would serve the interests of the parties to conduct discovery relating to this proceeding under a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties have agreed to be bound by the terms of this Stipulation and to present the same for entry as an Order of the Court;

IT IS HEREBY STIPULATED AND AGREED THAT:

1.    ***Applicability of This Protective Order.***  All testimony, information, things, and documents filed with the Court or produced by any party or non-party in discovery in this action shall be governed by this Protective Order.

2.    ***Use of Information Produced Pursuant to This Order.***  Testimony, information, things and documents produced or exchanged in discovery in this case and

designated by a party or non-party as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" pursuant to the terms of this Protective Order (hereafter collectively referred to as "Confidential Material") shall not be made available to any person or entity except as authorized under this Protective Order.  Confidential Material shall be used, by the party or parties authorized to receive such under this Protective Order, solely for the purpose of litigating this case, including appeals.  Such information and material shall not be used or disclosed to any other person or entity for any other use or purpose, unless otherwise agreed in writing by the producing party or so ordered by a court.  For purposes of this Protective Order, the party or non-party designating testimony, information, things or documents as Confidential Material is defined as the "Designating Party."  Nothing contained in this Protective Order shall affect the right of a Designating Party to disclose or use its own Confidential Material for any purpose.

3.    ***Confidential*** Information ***Designation.***    A party or non-party may designate as "Confidential" any document, material, item, deposition testimony, or information that is filed with the Court or produced in discovery in this action and which contains information that is subject to protection under Federal Rule of Civil Procedure 26(c)(1)(G) or under applicable state law.

4.    ***Highly Confidential – Outside Counsel's Eyes Only Designation.***  A party or non-party may designate as "Highly Confidential – Outside Counsel's Eyes Only" any document, material, item, deposition testimony, or information that is filed with the Court or produced in discovery in this action and which contains information that is subject to protection under Federal Rule of Civil Procedure 26(c)(1)(G) or under applicable state law as a trade secret, the disclosure of which, to persons other than those described in Section 7 below, the Designating Party in good faith believes would be likely to harm the Designating Party's competitive position.

2

All parties will use reasonable care to limit their designations of "Highly Confidential – Outside Counsel's Eyes Only" only to those documents that they reasonably believe fall into this category.

     5.     ***Designating*** and ***Marking Confidential Material.*** Confidential Material shall be designated and marked as follows:

     a.     A document is to be designated as Confidential Material by stamping or writing on it one of the following legends, or an equivalent thereof: "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only." Whichever legend is used shall be placed on the first page of the document and on each page that the Designating Party claims to contain Confidential Material.

     b.     Information or material produced in a magnetic or optical medium (such as CD, DVD, floppy diskette or tape) is to be designated as Confidential Material by marking or labeling the medium container with one of the legends specified in subsection 5(a) above. If any person or entity who receives such a designated magnetic or optical medium prints or otherwise transfers to another medium any of the information contained on the magnetic or optical medium, any resulting document or other medium shall be marked by that person or entity as Confidential Material in accordance with subsection 5(a) above or this subsection 5(b).

     c.     A physical exhibit is to be designated as Confidential Material by affixing to it a label with one of the legends specified in section 5(a) above.

     d.     A discovery response is to be designated as Confidential Material by placing, on the first page of the set of responses and on each page that contains information that the Designating Party claims to be Confidential Material, one of the legends specified in subsection 5(a) above.

　　　　　e.　　The relevant confidential portions of a deposition transcript (including exhibits) are to be designated as Confidential Material (i) by making a statement to that effect on the record, during the deposition, or (ii) by sending to all other parties, the court reporter for the deposition, and all other persons known to the Designating Party to have received a copy of the deposition transcript, within twenty days after counsel for the Designating Party receives the deposition transcript, a letter or other written notice designating the relevant portions, of the transcript as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only."  The letter or other notice shall identify the appropriate level of confidentiality, and identify the pages and lines, and/or exhibits, to be Confidential Material.  Each copy of the transcript, and portions thereof, so designated shall be marked, by the person receiving the letter or other notice, with the legend specified in subparagraph 5(a) above indicating the level of confidentiality claimed by the Designating Party and shall be governed by the terms of this Protective Order.  A Designating Party may comply with this portion of the Protective Order by designating the entire deposition transcript as either "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" and then, upon written request from any other party, lowering or removing the level of confidentiality for specific portions of the deposition transcript.

　　　　　If a portion of a deposition is designated on the record, during the deposition, as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only," the deposition shall continue, and if any persons not approved for access to Confidential Material under this Protective Order are attending the deposition, they shall leave.  The court reporter, videographer, or both shall separately bind any portion of the transcript of the deposition or hearing that has been designated to contain Confidential Material.  Copies of the separately bound portions of the transcript containing Confidential Material may be provided only to persons permitted by the

4

other provisions of this Protective Order to receive such Confidential Material.  When any such separately bound portion of the transcript is provided by the court reporter, videographer or both, it shall be provided in a separate, sealed envelope.

The Parties shall not be permitted to discuss or disclose the contents of the deposition until such time for designation has occurred.

6.    ***Inadvertent Misdesignation.***  A Designating Party that inadvertently fails to mark an item as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" or marks an item with an incorrect designation of confidentiality at the time of the production shall have ten days after learning of the inadvertent failure or mistake to correct its failure or mistake. The correction shall be made in writing and shall be accompanied by substitute copies of each item, appropriately marked as Confidential Material.  Within five  days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked, or incorrectly marked, items and all copies thereof.

7.    ***Disclosure of "Highly Confidential – Outside Counsel's Eyes Only" Materials.***  Information and material designated as "Highly Confidential – Outside Counsel's Eyes Only" may be disclosed only to the following persons, unless the Designating Party first otherwise agrees in writing or the Court first otherwise orders:

a.    Full-time employees, associates and partners of outside counsel for the parties to this litigation, including necessary secretarial, clerical, and litigation support or copy service personnel assisting such counsel, provided, however, that none have any relationship whatsoever as employees, officers, directors or owners of any party to this litigation;

b.    Consultants or expert witnesses performing services in connection with the prosecution or defense of this litigation, provided that each such person is not an officer,

director, owner or employee of any party, and provided that each such person executes a copy of the Confidentiality Undertaking attached to this Order as Attachment "A." Counsel disclosing Confidential Material to consultants or expert witnesses pursuant to this section shall provide a copy of each executed Confidentiality Undertaking to opposing counsel.

The party wishing to make a disclosure to an outside consultant or expert witness pursuant to subsection 7(b) above shall identify that person in writing to all other parties and shall provide a copy of that person's résumé describing all relevant employment, so that it is received by all other parties at least ten days prior to the disclosure of any Confidential Material to that person. A party (such party is defined as the "Objecting Party" for purposes of this section) has ten days from the date of receipt of identification of a consultant or expert witness to send written notice of its objection to disclosure and the grounds for such objection to the party intending to disclose Confidential Material. If no objection is made within ten days, then the disclosure may be made.

Upon the making of such an objection, the Objecting Party then shall have ten days from sending the notice of its objection in which to challenge, by filing the appropriate motion with the Court, the disclosure of the Confidential Material to the outside consultant or expert witness. If the Objecting Party does not file the appropriate motion with the Court within that time, or within any additional time within which to move as may be granted by the Court or agreed to by stipulation of the parties, the Objecting Party waives its right to challenge the disclosure of Confidential Material to the identified outside consultant or expert, and the Confidential Material may then be disclosed to the identified outside consultant or expert witness. An identified outside consultant or expert witness shall not be provided any

Confidential Material while a timely-filed objection or motion challenging such consultant or expert is pending.

The identification of any non-testifying consultant pursuant to this section 7 shall not waive or detract from any work product protection that would otherwise apply;

   c.  The Court, Court personnel and court reporters;

   d.  Deposition witnesses, where at least one of the following conditions applies:

     i.  the witness is an employee of the Designating Party when the disclosure is made;

     ii.  the attorney taking the deposition and showing the witness the Confidential Material represents the Designating Party;

     iii.  the witness's name appears on the Confidential Material as a person who has previously seen or received the Confidential Material, or it is otherwise established that the witness has previously seen or received the Confidential Material or knows the information contained within it;

     iv.  the Designating Party has consented on the record of the deposition or otherwise in writing to the showing of the Confidential Material to the witness; or

     v.  at least ten days before the deposition, the party wishing to show the witness the Confidential Material notifies the Designating Party in writing of its intent to do so, with a specific listing of the Confidential Material to be shown, and the Designating Party fails to provide, within five days of receipt of the notice, written objection to this use of Confidential Material.  If a timely written objection is provided, the Confidential Information listed in the written objection shall not be shown to the witness unless and until the party wishing

to show that Confidential Material to the witness moves for and obtains appropriate relief from the Court.

Witnesses being shown Confidential Material under subsection (v) above must sign the Confidentiality Undertaking attached to this Order as Attachment "A" before being shown the Confidential Material.  Counsel defending the deponent to which Confidential Information is disclosed during deposition shall provide to counsel for the Designating Party, prior to the start of the deposition, a copy of the executed Confidentiality Undertaking.

8.    ***Disclosure of Confidential Materials.***    Materials designated as "Confidential" may be revealed to any of the categories of persons designated in section 7 above, and up to two (2) representatives who are employees of any named party to the litigation, to be agreed upon by the parties, provided that the party identifies its representatives in writing before disclosing Confidential Material to them, and further provided that each designated representative executes, before receiving the disclosure, a copy of the Confidentiality Undertaking attached to this Order as Attachment "A."

9.    ***Use of Confidential Material by Designating Party.***    Nothing in this Protective Order limits a party's ability to show materials which that party has designated as "Highly Confidential – Outside Counsel's Eyes Only" or "Confidential" to whomever the Designating Party may deem appropriate.  Further, nothing in this Protective Order limits a party's ability to show materials designated by another party as "Highly Confidential – Outside Counsel's Eyes Only" or "Confidential" to the party that designated the materials as "Highly Confidential – Outside Counsel's Eyes Only" or "Confidential," including any present officer, director, employee, or representative thereof.

10.    ***Jurisdiction.***  Each person receiving Confidential Material under the terms of this Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

11.    ***Protecting Confidential Materials.***  Each person who receives any Confidential Material shall exercise due and proper care, in connection with the storage, custody, use, and dissemination of such material, to avoid any intentional or inadvertent disclosure to persons to whom disclosure is not permitted under this Protective Order.

12.    ***Challenging Designation of Materials as Confidential.***  A party may challenge the designation of Confidential Material according to the procedure described below or any other procedure permitted by the Court:

a.    If a party believes that material designated by another party as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" has not been properly so designated or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under the terms of this Protective Order, that party (defined as the "Challenging Party" for purposes of this section) shall provide to the Designating Party written notice of this disagreement.  The parties shall then attempt in good faith to resolve such dispute informally.

b.    If the parties cannot resolve their dispute informally, the Challenging Party may request appropriate relief from the Court.  The Designating Party bears the burden to establish that the contested material is confidential and is entitled to the level of confidentiality selected by the Designating Party.  The material involved shall be treated according to its original designation while the challenge is being resolved.

13.     ***Submitting Confidential Materials to the Court.***  Confidential Material may be submitted to the Court by labeling the filed documents as "FILED UNDER SEAL" and following such other procedures as the Court or its clerks direct for filing such documents so that they are visible only to persons authorized to see them under the terms of this Protective Order.

14.     ***Information Protected by Privilege, Work Product, or Other Doctrine.*** The disclosure of any testimony, information, thing or document governed by this Protective Order shall be without prejudice to any claim by the Designating Party or non-party that the disclosed material is privileged or work product within the meaning of Fed. R. Civ. P. 26, and no party or non-party shall be held to have waived any of its privilege or work-product rights under Fed. R. Civ. P. 26 by such disclosure.  If a disclosing party discovers that privileged or work-product protected materials were inadvertently disclosed, that party must, within ten days of learning of the inadvertent disclosure, inform each party to which the documents were produced in writing that such documents were inadvertently produced and that the disclosing party is not waiving the privilege or work-product protection on those materials.  Each such receiving party shall then take reasonable steps to ensure that all copies of those documents are returned promptly to the producing party or destroyed.  If data or information has been extracted or copied from a document that is thus subsequently returned, that information and/or data shall be expunged and not used.  To the extent, however, that, before being notified of the inadvertent production, the receiving party has in good faith used such information and/or data in documents filed with the Court or at depositions, the receiving party shall have no obligation to expunge such information and/or data from, or otherwise to alter, any such document filed with the Court or the transcript of any such deposition.

15.     ***Conclusion of Litigation.***     All provisions of this Protective Order restricting the communication or use of Confidential Material shall continue to be binding after the conclusion of this action, unless otherwise agreed by all the parties or ordered by the Court. No later than thirty days following the settlement or conclusion of the litigation, including the running of any time to appeal or to move for relief under Fed. R. Civ. P. 60(b)(1)-(3), a party in possession of Confidential Material shall either (a) return such documents to counsel for the Designating Party or, upon consent of the Designating Party, (b) destroy the documents and certify in writing that the documents have been destroyed.

16.     ***Use of Confidential Material During Court Proceedings.***     If any Confidential Material is used in any Court pretrial proceeding in this litigation (including, but not limited to, conferences, oral arguments, and hearings), the Confidential Material shall not lose its status as Confidential Material through such use so long as the District Court Judge agrees.  The parties shall take all steps reasonably necessary to protect the confidentiality of the Confidential Material during any such use, including, but not limited to, requesting *in camera* proceedings. The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.  The parties agree to meet and confer in good faith prior to trial to establish procedures for the use of Confidential Material at trial.

17.     ***Improper Disclosure of Confidential Materials.***     If any Confidential Material is disclosed to any person to whom such disclosure is not authorized by this Protective Order, or other than in a manner authorized by this Protective Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the Designating Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure (including the name, address, telephone number, and

employer of the person to whom the disclosure was made), shall immediately take all reasonable efforts to prevent further disclosure by each unauthorized person who received such information, and shall immediately require each unauthorized person to return all Confidential Material that was improperly disclosed to that person, all copies made of the improperly disclosed Confidential Material, and all documents containing excerpts from or references to the improperly disclosed Confidential Material.

18.    **No Admissions.**    Compliance with this Protective Order in no way constitutes an admission by any party that any information designated pursuant to this Protective Order is or is not proprietary, confidential, or a trade secret.

19.    **Modification of Protective Order.**    Each party reserves the right to request that the Court modify the terms of this Protective Order in the event that the party believes that a modification is necessary.  If such an application is made, all signatories of copies of the Certification, as well as persons described herein, shall remain bound by this Protective Order unless and until it is modified by the Court.

YOUNG CONAWAY STARGATT & TAYLOR LLP    MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen E. Keller*    */s/ James W. Parrett, Jr.*

_____    _____
Josy W. Ingersoll (#1088)    Mary B. Graham (#2256)
Karen E. Keller (#4489)    Rodger D. Smith (#3778)
100 West Street, 17th Floor    James W. Parrett, Jr. (#4292)
P.O. Box 391    1201 N. Market Street
Wilmington, DE  19899-0391    P.O. Box 1347
(302) 571-6554    Wilmington, DE  19899-1347
jingersoll@ycst.com    (302) 658-9200
   *Attorneys for Plaintiffs*    mgraham@mnat.com
      *Attorneys for Defendants*

August 28, 2008

12

SO ORDERED this _____ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE

**Attachment A: Confidentiality Undertaking**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IOVATE HEALTH SCIENCES U.S.A., INC., | ) | |
| et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-286 (JJF) |
| | ) | |
| WELLNX LIFE SCIENCES INC. | ) | |
| (d.b.a. NV INC.), et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CONFIDENTIALITY UNDERTAKING</u>

I, _____, being duly sworn, state that:

1.   My address is: _____.

2.   I am presently employed at _____, having the address _____.

3.   My          present          occupation          is _____.

4.   I hereby acknowledge that I may in the future receive information designated as "Confidenial" or "Highly Confidential—Outside Attorneys' Eyes Only" from _____.

5.   I have been provided with a copy of the Stipulated Protective Order, have read it and am familiar with its provisions.

6.   I agree to comply with and be bound by the terms of the Stipulated Protective Order, including the prohibition from revealing any information designated as Confidential or Highly Confidential— Outside Attorneys' Eyes Only to anyone not authorized to receive such information pursuant to the terms of the Stipulated Protective Order.

7.    I agree that any copies of information that I retain will be treated in accordance with the provisions of the Stipulated Protective Order.

8.    I will not use the information provided to me under the provisions of the Stipulated Protective Order for any reason other than the above-captioned litigation.

9.    I agree that with thirty (30) days of the conclusion of the above-captioned litigation, I will either return all information provided to me to the party who gave it to me, or I will destroy it and certify its destruction in a sworn writing, upon request.

10.    I agree to be subject to the jurisdiction of the United States District Court for the District of Delaware in any proceeding relating to any enforcement or violation of the Stipulated Protective Order.

Signature: _____          Date:_____